1  **SHANE BROWN**
   2305 West Texas Ave
2  Apt #6
   Phone Number: 727.939.7992
3  Email: sb@vizionprotocol.io

4  **SHANE BROWN,**
   **IN PRO PER**

5

6

7              **IN THE UNITED STATES DISTRICT COURT**
               **FOR THE MIDDLE DISTRICT OF FLORIDA**
8                         **TAMPA DIVISION**

9

10                                        )
     **SHANE BROWN,**                     )
11                                        )
                                          )
12              Plaintiff.                )
                                          )      MAR 14 2025 PM12:48
13                                        )      FILED - USDC - FLMD - TPA
                                          )
14   vs.                                  )
                                          )   Case No.: 8.25 CV 621 MSS- NHA
15                                        )
     **FLORIDA DEPARTMENT OF REVENUE,**   )   **Division:** Civil
16   **TITLE IV-D PROGRAM; OFFICE OF**    )
     **CHILD SUPPORT ENFORCEMENT**        )   **COMPLAINT FOR DECLARATORY AND**
17   **(OCSE); and JUDGE FREDERICK**      )   **EMERGENCY INJUNCTIVE RELIEF,**
     **POLLACK, Judge, Sixth Judicial Circuit of** )   **AND DAMAGES**
18   **Florida, in both official and personal** )
     **capacities, et al.**              )   **JURY TRIAL DEMANDED**
19                                        )
                                          )
20                                        )
     *(Full identification, roles, and capacities of all* )
21   *defendants detailed in Section III.* )
     *DEFENDANTS)*                        )
22                                        )
                                          )
23                                        )
                                          )
24   _____  )

25

26

27

28   _____
                                    1
     **COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND**
                              **DAMAGES**

NM - 71916   # 405

## TABLE OF CONTENTS

1. **CIVIL COVER SHEET**
2. **COMPLAINT – FRONT PAGE**
3. **DECLARATORY STATEMENT AND REQUEST FOR JUDICIAL NOTICE**
4. **SECTION I: INTRODUCTION**
5. **SECTION II: JURISDICTION AND VENUE**
   - **Federal Jurisdiction**
   - **Supplemental Jurisdiction**
   - **Venue**
6. **STATEMENT OF PURPOSE**
7. **SECTION III: PARTIES**
   - **Plaintiff**
   - **Primary Defendants**
   - **Oversight Defendants**
   - **Impacted Parties**
8. **SECTION IV: STATEMENT OF FACTS**
   - **Phase 1: Pre-Enforcement Violations**
   - **Phase 2: Escalation & Procedural Violations**
   - **Phase 3: Judicial Misconduct and Constitutional Violations**
   - **Phase 4: Systemic Fraud and Racketeering**
9. **SECTION V: LEGAL CLAIMS**
   - **Count I: Deprivation of Procedural Due Process and Equal Protection**
   - **Count II: Judicial Misconduct, Bias, and Deprivation of Rights Under Color of Law**
   - **Count III: Racketeering, Extortion, and Financial Coercion**
   - **Count IV: Systemic Title IV-D Fraud, Financial Bias, and Federal Supremacy Clause Violations**
   - **Count V: IIED / Intentional Emotional Distress**
10. **SECTION VI: PREEMPTION OF ANTICIPATED DEFENSES AND MOTIONS FOR DISMISSAL**
    - **Standing and Justiciability**
    - **Judicial Immunity Considerations**
    - **Sufficiency of RICO Allegations**
    - **Federal Preemption of State Defenses**
11. **SECTION VII: PRAYER FOR RELIEF**
    - **Declaratory Judgment**
    - **Emergency Injunctive Relief**
    - **Compensatory Damages**
    - **Punitive Damages**
    - **Federal Investigations and Audits**
    - **Judicial Accountability and Oversight**
12. **SECTION VIII: CONCLUSION**
13. **SWORN STATEMENT**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

**DECLARATORY STATEMENT & REQUEST FOR JUDICIAL CONSIDERATION OF COMPLAINT LENGTH**

COMES NOW, Plaintiff, **SHANE CHRISTOPHER BROWN**, appearing pro se, and after being duly sworn, states under penalty of perjury under the laws of the United States and the State of Florida that the following is true and correct to the best of his knowledge, understanding, and belief:

## I. PURPOSE OF THIS DECLARATION

This Declaration is submitted in support of the Complaint filed in this matter, which—while extensive—is both necessary and appropriate due to the complex, systemic, and constitutional significance of the claims asserted.

This filing includes substantial evidence, detailed legal analysis, and an extensive factual record to ensure a full and fair adjudication of Plaintiff's constitutional, statutory, and financial fraud claims.

Given the scope of Title IV-D enforcement, which governs over $1 trillion in federal and state funds yet allocates **$0** toward enforcing parenting time, Plaintiff must present a comprehensive evidentiary record to ensure the Court has the full context of the claims.

## II. NECESSITY OF A DETAILED FILING

Plaintiff acknowledges that this Complaint is longer than standard civil filings; however, this level of detail is legally required to:

✔ **Ensure Due Process & Equal Protection Compliance** – Demonstrating systemic Title IV-D enforcement violations that disproportionately harm noncustodial parents.
✔ **Satisfy RICO's Heightened Pleading Standards** – Establishing a pattern of racketeering activity under 18 U.S.C. § 1962, requiring a fully developed factual record.
✔ **Document Judicial & Procedural Misconduct** – Providing evidence of fraud, bias, and unconstitutional enforcement practices affecting fundamental rights.
✔ **Establish False Claims Act Violations** – Detailing fraudulent federal reimbursement claims under 31 U.S.C. § 3729.
✔ **Minimize Procedural Delays & Prevent Unnecessary Filings** – Ensuring all relevant facts, exhibits, and legal arguments are presented at the outset to reduce motions for clarification, supplemental filings, or discovery disputes.

This level of specificity is necessary to prevent dismissal for failure to state a claim, particularly given the financial and constitutional dimensions of this case.

## III. REQUEST FOR JUDICIAL CONSIDERATION OF LENGTH

Plaintiff respectfully requests that this Court review this Complaint in its entirety before considering dismissal based on length alone.

Should the Court determine that a shorter, more concise version would facilitate judicial review, Plaintiff requests **leave to amend** rather than facing dismissal solely for procedural formatting concerns.

This request is made not as an admission that the Complaint is excessive, but rather as an assurance that the full factual and legal record is being presented in good faith to allow for a fair and just adjudication of the claims.

The complexity of constitutional violations, Title IV-D financial fraud, judicial misconduct, and systemic bias warrants this level of detail to provide the Court with an accurate and comprehensive record.

## IV. SWORN DECLARATION

I, **SHANE CHRISTOPHER BROWN**, affirm under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

**Executed on this 11TH day of MARCH, 2025.**

_____

**SHANE CHRISTOPHER BROWN**
 **Pro Se Plaintiff**

**SUBSCRIBED AND SWORN TO** before me on this 11TH day of MARCH, 2025,

_____      Shane Brown 3/11/25

by **SHANE CHRISTOPHER BROWN**,

who is personally known to me or has presented **A STATE DRIVER'S LICENSE** as identification.

_____      3/11/25

**Notary Public**
My Commission Expires: ___10/23/26___

STEVEN FURROW
Notary Public · State of Florida
Commission # HH 202858
My Comm. Expires Oct 23, 2026
Bonded through National Notary Assn.

# INTRODUCTION

**SECTION I. INTRODUCTION**

**1. COMES NOW,**    Plaintiff Shane Brown ("Plaintiff"), a devoted father acting pro se, brings this federal civil rights action **under 42 U.S.C. §§ 1983, 1985,** the Fourteenth Amendment (Due Process & Equal Protection), the **False Claims Act (31 U.S.C. § 3729),** the **Racketeer Influenced and Corrupt Organizations Act (RICO, 18 U.S.C. § 1962),** and the Supremacy Clause of the U.S. Constitution to challenge:

A. Systematic constitutional violations by **Florida's Title IV-D child support enforcement system.**

B. Financial coercion and extortion that unlawfully conditions parental rights on continued payments.

C. Judicial misconduct, systemic fraud, and financial bias embedded in **Florida's Title IV-D child support enforcement policies.**

D. Federal oversight failures by the **U.S. Department of Health & Human Services (HHS)** and the **U.S. Department of Justice (DOJ),** which have knowingly permitted these unconstitutional practices to continue.

2. This case is not a **family law dispute.** It is a **federal constitutional challenge** exposing how **Florida's Title IV-D child support enforcement system** operates as a profit-driven scheme in violation of federal law and the U.S. Constitution, including:

A. **The Due Process Clause (Fourteenth Amendment): Florida's Title IV-D** program unlawfully conditions parental rights on financial compliance, depriving non-custodial

2

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

parents of access to their children without due process. **(Santosky v. Kramer, 455 U.S. 745 (1982)).**

**B.** **The Equal Protection Clause (Fourteenth Amendment):** Florida enforces child support orders but systematically refuses to enforce parenting time orders, creating an unconstitutional **"pay-to-parent"** scheme that discriminates against non-custodial parents. **(Stanley v. Illinois, 405 U.S. 645 (1972)).**

**C.** **42 U.S.C. § 654(20):** Federal law mandates equal enforcement of child support and parenting time orders. Florida systematically violates this federal mandate by prioritizing financial collections over parental rights.

**D.** **Federal jurisdiction** is proper because this case raises claims under federal civil rights statutes (42 U.S.C. §§ 1983, 1985), federal funding statutes (42 U.S.C. § 654(20)), and constitutional protections under the Fourteenth Amendment. It does not seek to modify child support obligations or parenting orders, but rather challenges systemic constitutional violations arising from Florida's Title IV-D enforcement policies.

3. Florida's Title IV-D enforcement system is financially motivated, as evidenced by:

**A.** Florida collecting over **$200 million** annually in **federal Title IV-D** incentives while allocating **$0** toward enforcing parenting time orders.

**B.** Judge **Frederick Pollack,** who presided over Plaintiff's case, was publicly recognized and received an award in **May 2024** for maximizing child support collections, creating a direct financial conflict of interest that compromises judicial impartiality.

**C.** **Judge Frederick Pollack's** financial conflict of interest violates judicial ethics and due process. While judicial immunity may prevent damages claims against him personally,

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

Plaintiff seeks injunctive relief requiring his referral to the Florida Judicial Qualifications Commission.

**D.** **Title IV-D enforcement agents**, attorneys, and judges financially benefit from a system designed to maximize child support collections at the expense of parental rights.

**E.** **Title IV-D officials, judges, and attorneys** conspire to maximize federal reimbursements through fraudulent enforcement practices, constituting an enterprise under **RICO (18 U.S.C. § 1962)**, engaging in racketeering activity including financial fraud, extortion, and deprivation of rights under color of law **(18 U.S.C. § 1951, 18 U.S.C. § 872).**

4. Federal agencies responsible for oversight have failed in their duties, including:

**A.** The U.S. Department of **Health & Human Services (HHS),** which funds **Florida's Title IV-D** program yet fails to ensure compliance with constitutional and federal statutory mandates or halt systemic violations of **42 U.S.C. § 654(20).**

**B.** The U.S. **Department of Justice (DOJ),** which has failed to investigate systemic financial fraud, extortion, and constitutional violations within **Florida's Title IV-D** enforcement system.

**C.** The U.S. **Department of Justice (DOJ)** has neglected its oversight duties under **42 U.S.C. § 14141,** warranting an injunctive order requiring a federal investigation into **Title IV-D enforcement fraud and constitutional violations.**

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

6. As a direct result of Florida's unconstitutional Title IV-D enforcement practices, Plaintiff has suffered:

A. **16+ months of complete parental alienation,** with no contact whatsoever with his children, despite full compliance with all financial obligations and court requests.

B. **Financial coercion,** where Plaintiff's fundamental parental rights were conditioned on continued payments and enforced under threat of incarceration.

C. **Severe emotional distress and financial harm,** inflicted by a system designed to maximize collections rather than uphold constitutional rights.

7. Plaintiff seeks:

A. A **declaratory judgment holding that Florida's Title IV-D** child support enforcement scheme violates federal law and constitutional protections.

B. **Injunctive relief** requiring Florida to comply with **42 U.S.C. § 654(20)** and enforce parenting time orders equally to child support obligations.

C. A jury trial to determine the **maximum allowable compensatory and punitive damages** for financial harm, emotional distress, and deprivation of parental rights.

8. Punitive damages are sought only against individual defendants where applicable under **RICO (18 U.S.C. § 1962),** and not against the State of Florida, consistent with **Eleventh Amendment protections.**

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

9. This lawsuit seeks to expose and dismantle Florida's unconstitutional child support enforcement scheme by:

A. **Holding state and federal agencies** accountable for systemic constitutional violations.

B. Challenging the **profit-driven enforcement** structure that incentivizes parental alienation.

C. Ensuring that **Title IV-D is no longer used** as an **extortion** mechanism against non-custodial parents.

(This action is brought under **42 U.S.C. §§ 1983, 1985, the False Claims Act (31 U.S.C. § 3729),** the **Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. § 1962)**, and the **Supremacy Clause of the U.S. Constitution**. The claims include judicial misconduct, due process **violations, extortion, systemic fraud under Title IV-D,** and financial bias in child support enforcement.)

JURY TRIAL DEMANDED

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

# JURISDICTION

**SECTION II. JURISDICTION AND VENUE**

**1. Federal Question Jurisdiction**: This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under the United States Constitution, federal civil rights laws, federal anti-fraud statutes, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and federal funding enforcement requirements.

**2. Civil Rights Violations & Judicial Misconduct**: Jurisdiction is further conferred under the following federal statutes:

   A. **42 U.S.C. § 1983** – State actors deprived Plaintiff of constitutional rights under color of law.

   B. **42 U.S.C. § 1985** – Defendants conspired to violate Plaintiff's civil rights through judicial bias, financial coercion, and procedural fraud.

   C. **42 U.S.C. § 14141** – The U.S. Department of Justice (DOJ) has enforcement authority over systemic due process violations by state courts and agencies.

   D. **28 U.S.C. § 1343(a)(3)-(4)** – Grants jurisdiction over civil rights claims involving state actors.

   E. **28 U.S.C. § 455** – Requires mandatory judicial disqualification due to conflicts of interest and bias.

   F. **18 U.S.C. § 242** – Criminal deprivation of rights under color of law.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND**

**3. Racketeering, Extortion, and Financial Coercion**: Jurisdiction is proper under the RICO Act and related statutes:

A. **18 U.S.C. §§ 1962, 1964(c)** – Jurisdiction over systemic financial coercion, fraudulent child support enforcement, and judicial misconduct tied to Title IV-D federal incentives.

B. **18 U.S.C. § 1961** – Defines racketeering activity, including fraud, extortion, and coercion, which Defendants engaged in as part of a financially motivated scheme.

C. **18 U.S.C. § 1951 (Hobbs Act)** – Prohibits extortion under color of law, including financial coercion via fraudulent child support enforcement orders.

D.  **18 U.S.C. § 872** – Prohibits extortion by government officials abusing their authority to extract payments.

**4. False Claims Act & Fraudulent Federal Reimbursements**: Jurisdiction is further granted under the False Claims Act:

A. **31 U.S.C. § 3729 et seq.** – Grants jurisdiction over False Claims Act violations, as Defendants submitted fraudulent federal reimbursement claims under Title IV-D.

B. **31 U.S.C. § 3730** – Authorizes qui tam whistleblower actions for False Claims Act violations.

C. **31 U.S.C. § 3732(a)** – Provides jurisdiction over fraudulent federal reimbursement claims tied to child support enforcement programs.

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

**5. Title IV-D Federal Funding & Equal Enforcement Mandates**:

    A. **42 U.S.C. § 654(20) & 42 U.S.C. § 671(a)(15)** – Requires states to enforce child support obligations and parental rights equally under federally funded programs. Defendants violated this mandate by prioritizing revenue collection over due process.

**6. Constitutional Protections & Federal Preemption**:

    A. **U.S. Const. amend. XIV (Due Process & Equal Protection Clauses)** – Defendants systematically denied Plaintiff fundamental procedural and substantive due process protections.

    B. **U.S. Const. art. VI, cl. 2 (Supremacy Clause)** – Federal law preempts state enforcement policies that conflict with constitutional mandates, including *Turner v. Rogers*, 564 U.S. 431 (2011), which prohibits automatic incarceration of indigent parents without proper safeguards.

**7.        Supplemental        State-Law        Jurisdiction        &        Venue**:

  A. **28 U.S.C. § 1367** – Provides supplemental jurisdiction over related state-law claims, including fraud on the court, intentional infliction of emotional distress (IIED), and Florida RICO violations.

9

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

B. **28 U.S.C. § 1391** – Venue is proper in this District because a substantial part of the events giving rise to this action occurred within this District, and Defendants reside or conduct substantial business within this District.

| Count | Claim | Jurisdictional Basis | Statutory Authority | Legal Violations |
|---|---|---|---|---|
| Count I | Deprivation of Procedural Due Process and Equal Protection | Federal Question Jurisdiction | 28 U.S.C. § 1331 | Claims arise under the U.S. Constitution and federal law |
| | | | U.S. Const. amend. XIV | State actors systematically denied fundamental due process rights |
| | | | 42 U.S.C. § 1983 | Defendants, under color of state law, deprived Plaintiff of constitutional rights |
| | | | 28 U.S.C. § 1343(a)(3)-(4) | Civil rights and equal protection claims against state actors |
| | | | 28 U.S.C. § 2201 | Court can declare legal rights and obligations |
| | | | U.S. Const. art. VI, cl. 2 | Conflicting state laws must yield to federal due process mandates |
| Count II | Judicial Misconduct, Bias, and Deprivation of Rights Under Color of Law | Federal Question Jurisdiction | 28 U.S.C. § 1331 | Judicial bias and conflicts of interest violate federal rights |
| | | | 42 U.S.C. § 1983 | State court officials acted outside lawful authority |
| | | | 42 U.S.C. § 1985 | Defendants colluded to suppress Plaintiff's legal rights |
| | | | 28 U.S.C. § 455 | Judge Pollack's financial conflicts of interest require mandatory recusal |
| | | | 18 U.S.C. § 242 | Defendants acted under color of law to deprive Plaintiff of rights |
| | | | 18 U.S.C. § 872 | Defendants used official authority to extort payments |
| | | | 18 U.S.C. § 1951 | Financial coercion through fraudulent court orders |
| | | | 42 U.S.C. § 14141 | Systemic violations in judicial proceedings warrant federal |

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

| | | | | intervention |
|---|---|---|---|---|
| Count III | Racketeering, Extortion, and Due Process Violations | Federal Question Jurisdiction | 28 U.S.C. § 1331 | Claims arise under RICO, fraud, and extortion statutes |
| | | | 18 U.S.C. § 1964(c) | Systematic financial extortion and judicial corruption in Title IV-D |
| | | | 18 U.S.C. § 1961 | Defendants engaged in a pattern of fraudulent financial enforcement and extortion |
| | | | 18 U.S.C. § 1951 | Financial coercion through fraudulent court orders |
| | | | 18 U.S.C. § 872 | Defendants used official authority to extort payments |
| | | | 31 U.S.C. § 3729 | Defendants knowingly submitted fraudulent Title IV-D claims |
| | | | 31 U.S.C. § 3730 | Private citizens may sue on behalf of the federal government for False Claims Act violations |
| | | | 42 U.S.C. § 14141 | Defendants' enforcement scheme meets DOJ intervention criteria |
| | | | U.S. Const. art. VI, cl. 2 | State enforcement policies that conflict with federal due process protections are unconstitutional |
| | | | 42 U.S.C. § 654(20) & 42 U.S.C. § 671(a)(15) | Defendants' actions violate federally mandated equal enforcement requirements |
| Count IV | Systemic Title IV-D Fraud, Financial Bias & Federal Supremacy Clause Violations | Federal Question Jurisdiction | 28 U.S.C. § 1331 | Claims arise under federal funding and enforcement mandates |
| | | | 42 U.S.C. § 1983 | Defendants, acting under color of law, deprived Plaintiff of due process and equal protection |
| | | | 42 U.S.C. § 1985 | Defendants engaged in coordinated judicial misconduct and financial bias |
| | | | 31 U.S.C. § 3729 | Defendants knowingly submitted fraudulent Title IV-D claims |
| | | | 31 U.S.C. § 3730 | Private citizens may sue on behalf of the federal government for False Claims Act violations |
| | | | 18 U.S.C. § | Defendants engaged in a pattern |

11

| | | | 1962 & 18 U.S.C. § 1964(c) | of financial misconduct and extortion |
|---|---|---|---|---|
| | | | 42 U.S.C. § 654(20) & 42 U.S.C. § 671(a)(15) | Defendants violated federal requirements by prioritizing financial collection over parental rights enforcement |
| | | | U.S. Const. art. VI, cl. 2 | State enforcement policies that conflict with federal due process protections are unconstitutional |
| | | | 42 U.S.C. § 14141 | Defendants' enforcement scheme meets DOJ intervention criteria |

**CONCLUSION**

Accordingly, this Court has proper subject matter jurisdiction over all claims asserted in Counts I through V pursuant to **28 U.S.C. § 1331 (Federal Question Jurisdiction)** and **28 U.S.C. § 1367 (Supplemental Jurisdiction).** Plaintiff's claims arise under federal law, including constitutional violations, civil rights deprivations, racketeering activity, fraudulent misuse of federal funds, and systemic due process violations. The **Supremacy Clause (U.S. Const. art. VI, cl. 2)** mandates federal intervention where state actions conflict with federal constitutional protections.

Venue is proper under **28 U.S.C. § 1391,** as a substantial part of the events giving rise to this action occurred in this District, and Defendants reside or conduct substantial business here. This Court has the authority and duty to adjudicate these claims, provide declaratory and injunctive relief, and grant all remedies permitted under federal law.

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

# STATEMENT OF PURPOSE

### SECTION III. STATEMENT OF PURPOSE

**1. Uniting Families and Ending Systemic Harm: A Call for Justice and Reform**

This lawsuit is not an attack on any individual, nor is it motivated by revenge, bitterness, or personal gain. It is a stand against a trillion-dollar system that profits from family division while harming children, parents, and families. It is about ensuring that no parent is ever again denied the right to speak to, see, and love their children because of profit-driven policies that exploit vulnerable families under the guise of justice.

For over eight years, the mother and I co-parented peacefully, prioritizing our children's well-being above all else. We worked together, shared responsibilities, and ensured that our children were surrounded by love, stability, and mutual respect. We were a team—not adversaries.

However, everything changed when the system intervened. The Title IV-D child support enforcement program, originally designed to protect children, instead became a tool of division and financial exploitation. It manipulated the mother, incentivized conflict over cooperation, and enforced child support while ignoring federally mandated parenting time under 42 U.S.C. § 654(20). This case is not about blaming the mother—it is about exposing a government-backed system that profits from family separation rather than supporting the best interests of children and both parents.

For the past **471 days**, I have been unjustly denied the most **fundamental right of any parent**—the right to **see, speak to, and love my children**. Yet, I do not blame their mother. She, too, has been caught in a **broken system** that took what was once a **peaceful co-parenting**

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

1    **relationship** and turned it into an **adversarial battle**, using **child support enforcement as a**

2    **financial weapon** while disregarding the rights of **both parents and children**.

3

4        I have missed my children's **4th, 5th, 9th, and 10th birthdays, two Christmas holidays**,

5    and more than **471 days of irreplaceable moments—laughter, hugs, milestones, and their love.**

6    All of this because **Florida's child support enforcement system prioritizes profit over families,**

7    **incentivizing separation rather than fostering parental bonds.**  Our children will always know

8    that their father fought with every ounce of his heart to bring them back into his arms. They are, and

9

10   always will be, my greatest purpose—my *why.* And through this lawsuit of LOVE, I will teach them

11   the most important lesson of all: WE NEVER GIVE UP.

12

13   I seek not revenge, but reform—not punishment, but protection for families. This action does not

14   target individuals, but rather a deeply entrenched enforcement scheme that prioritizes financial

15   collection over constitutional rights. It aims to ensure that no other family is forced to endure the

16   heartbreak, emotional devastation, and financial ruin caused by a system designed to maximize

17

18   government reimbursements at the expense of justice.

19

20   **2.  Goals of This Action: A Systemic Solution, Not a Personal Battle**

21   This case is not just about one family—it is about a national crisis. Across the country, parents are

22   being financially extorted, legally threatened, and emotionally devastated by an **unconstitutional**

23   child support enforcement system that prioritizes financial incentives over family unity.

24

25

26

27

28

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

This action seeks to:

A. **Expose Unconstitutional Practices** – Ending the misuse of Title IV-D funding, which prioritizes child support collection over the federally mandated enforcement of parental rights, in direct violation of 42 U.S.C. § 654(20).

B. **Restore Constitutional Protections** – Ensuring that all parents receive fair hearings, neutral mediation, and equal enforcement of parental time under the 14th Amendment's Due Process and Equal Protection Clauses.

C. **Mandate Federal Oversight & Investigations** – Requiring the U.S. Department of Health and Human Services (HHS) and the Office of Child Support Enforcement (OCSE) to audit and enforce parental rights nationwide, ensuring that states comply with federal law.

D. **Compensate Plaintiff, Mother and Children** – Providing financial and emotional damages to individuals harmed by fraudulent enforcement tactics, improper income imputation, judicial bias, and systemic coercion.

E. **Protect Future Families** – Ending the financially incentivized enforcement of child support at the expense of parenting time, ensuring that no parent or child is ever again victimized by a profit-driven legal system.

### 3. Why This Case Matters: Fighting for All Families

This lawsuit is about far more than my personal experience. It is about challenging a system that profits from division and oppression, ensuring that all families—mothers, fathers, and children—are protected from government overreach.

15

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

**The current Title IV-D enforcement model:**

A. **Profits from Family Division** – Federal funds flow based on child support collected, not on ensuring shared parenting and child well-being.

B. **Ignores Parenting Rights** – Courts prioritize financial collections over co-parenting rights, despite federal mandates requiring equal enforcement.

C. **Perpetuates Alienation** – The system incentivizes sole custody, maximizing child support awards while depriving children of meaningful relationships with both parents.

This lawsuit is a fight to end financial coercion, restore parental rights, and protect the fundamental liberty interests of parents and children alike. It seeks to end the unconstitutional "pay-to-parent" model, expose judicial bias driven by financial incentives, and prevent future injustice.

**4. Systemic Enterprise & RICO Claims**

This case goes beyond individual misconduct—it exposes a federally funded racketeering enterprise operating under the Title IV-D child support system.

A. **Structured Enterprise** – Courts, attorneys, state agencies, and private collection entities work in tandem to prioritize financial enforcement over constitutional rights, making Title IV-D a hierarchical, revenue-driven enterprise (Sedima v. Imrex).

B. **Pattern of Racketeering & Financial Exploitation** – Judicial bias, fraudulent income imputation, suppression of evidence, and coercion form an ongoing pattern of fraud and extortion, designed to maximize federal reimbursements (18 U.S.C. § 1962).

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

C. **Due Process** - The systemic denial of fair hearings, refusal to enforce federally mandated parenting time, and suppression of exculpatory evidence create an enforcement system where financial obligations are enforced without procedural safeguards—constituting a clear violation of due process under the Fourteenth Amendment and 42 U.S.C. § 1983.

D. **Judicial Bias + Financial Conflict** - The financial incentives embedded in the Title IV-D enforcement system—where judges and courts benefit from increased child support collections through federal reimbursements—create an unconstitutional conflict of interest that directly undermines judicial neutrality, violating the standards set forth in Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009).

E. **Common Goal** – The Title IV-D program is not about the best interests of children, but rather about maximizing state revenue through excessive enforcement of financial obligations while systematically denying parental access.

By demonstrating that Title IV-D operates as a structured RICO enterprise, this case exposes an unconstitutional enforcement scheme designed to financially exploit parents at the expense of their rights.

**5. Relief Sought: Compassion, Not Conflict**

The goal of this lawsuit is not retaliation—it is systemic change. This action seeks relief that benefits all families, ensuring justice, fairness, and constitutional accountability.

A. **Federal Injunction** – Halting Title IV-D child support enforcement until courts enforce parenting time equally with financial obligations.

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

**B.** **Declaratory Judgment** – Declaring child support enforcement without equal enforcement of parental rights unconstitutional under the 14th Amendment.

**C.** **Federal Oversight & Investigation** – Mandating HHS, OCSE, and the DOJ Civil Rights Division to conduct an audit of Title IV-D programs nationwide to eliminate fraudulent practices.

**D.** **Compensatory & Punitive Damages** – Holding state and federal agencies accountable for violating parents' constitutional rights through financially driven enforcement policies.

**E.** **Judicial Accountability** – Requiring independent investigations of judicial bias, conflicts of interest, and systemic fraud within family courts nationwide.

Importantly, this case seeks to protect not just my rights, but the rights of my children, their mother, and every family impacted by these unconstitutional practices. It is about restoring families, not dividing them.

**6. Conclusion: A Call for Unity and Reform**

At its core, this case is about restoring families—not tearing them apart. It is about challenging an unconstitutional system—not individuals. It is about ensuring that every parent, regardless of gender or financial status, has the right to love and care for their children without being financially exploited by the government.

I do not seek to win against the mother. I seek to win for our children, for our family, and for every family that has been denied justice. This case is a call for systemic change, for federal oversight, and for the restoration of constitutional protections.

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

If successful, this case will not only reunite me with my children, but also ensure that all families—mothers, fathers, and children—are protected from systemic exploitation.

    A.   It will demonstrate that parents can stand together, across lines of division, to demand justice.

    B.   It will expose a federally backed system that profits from family separation.

    C.   It will send a message that no government program should ever be allowed to financially exploit families under the pretense of child support enforcement.

This is not just my fight—it is a fight for all parents, children, and families across the country. It is a call for justice, fairness, and the recognition that the bond between parent and child is sacred—and no system should ever be allowed to profit from tearing it apart.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND**

# DEFENDANTS/PARTIES

## SECTION IV. PARTIES / DEFENDANTS

This section categorizes Defendants into three distinct groups to clarify roles, liability, and systemic failures within Title IV-D enforcement. This structure enhances judicial comprehension, prevents dismissal, and strengthens claims of constitutional violations, RICO (18 U.S.C. § 1962), and civil rights violations (42 U.S.C. § 1983).

### 1. PRIMARY DEFENDANTS – Directly Responsible for Harm & Maximum Relief Sought
*(These Defendants actively engaged in misconduct, including judicial bias, financial coercion, fraud, and systemic parental alienation.)*

| Defendant | Title/ Agency | Capacity | Role & Allegations | Relief Sought |
|---|---|---|---|---|
| Florida Department of Revenue (DOR) – Title IV-D Program | State Agency | Official Capacity | - Operated a revenue-driven enforcement model, prioritizing financial collections over parental rights.<br>- Violated 42 U.S.C. § 654(20) by failing to enforce parenting time while aggressively enforcing child support.<br>- Submitted fraudulent reimbursement claims under the False Claims Act (31 U.S.C. § 3729).<br>- Created an unconstitutional "pay-to-play" system, conditioning parental rights on financial compliance.<br>- Engaged in systemic miscalculations of income, resulting in excessive obligations. | • Injunctive Relief: Stop unconstitutional Title IV-D enforcement.<br>• Monetary Damages: Compensation for wrongful financial harm and enforcement abuse. |
| Jim Zingale | Executive Director, Florida DOR | Official & Personal Capacity | - Approved and authorized fraudulent reimbursement claims for Title IV-D enforcement.<br>- Allowed systemic parental alienation and due process violations under his leadership.<br>- Engaged in racketeering (RICO, 18 U.S.C. § 1962) by prioritizing child support collections over constitutional protections.<br>- Failed to ensure Florida's compliance with federal law, knowingly violating 42 U.S.C. § 654(20). | • Injunctive Relief: Require DOR to conduct audits & enforce Title IV-D compliance.<br>• Monetary Damages: Compensation for wrongful enforcement & financial harm.<br>No monetary damages sought against Zingale personally. |
| Samuel G. Ashdown, Jr. | Florida Title IV-D Director | Official & Personal Capacity | - Oversaw Title IV-D financial coercion and suppression of parental time-sharing rights.<br>- Engaged in racketeering by leveraging federal incentives to prioritize collections over parental rights. | • Injunctive Relief: Require Title IV-D compliance & federal corrective action. |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| | | | | |
|---|---|---|---|---|
| | | | - Enabled systemic noncompliance with federal mandates, violating 42 U.S.C. § 654(20). | • Monetary Damages: Compensation for financial harm & constitutional violations. No monetary damages sought against Ashdown personally. |
| Ann Coffin | Child Support Program Director, Florida DOR | Official & Personal Capacity | - Enabled fraudulent Title IV-D enforcement and misuse of federal funds.<br>- Allowed false reimbursement claims to continue despite clear evidence of violations.<br>- Failed to uphold federal mandates requiring equal enforcement of child support and parenting time. | • Injunctive Relief: Require audit & enforcement of Title IV-D compliance.<br>• Monetary Damages: Against Florida DOR, not Coffin personally. |
| Pinellas County Family Court | State Court | Official Capacity | - Functioned as an enforcement arm of Title IV-D, rather than a neutral adjudicator.<br>- Engaged in judicial racketeering, prioritizing financial incentives over due process.<br>- Denied enforcement of time-sharing rights, leading to systemic parental alienation. | • Injunctive Relief: Order equal enforcement of parenting time and child support.<br>• Monetary Damages: Compensation for financial harm and emotional distress. |
| Judge Frederick Pollack | Sixth Judicial Circuit, Florida | Official & Personal Capacity | - Conditioned Plaintiff's parental access on financial compliance, violating M.L.B. v. S.L.J., 519 U.S. 102 (1996).<br>- Suppressed exculpatory paternity evidence, violating Brady v. Maryland, 373 U.S. 83 (1963).<br>- Engaged in judicial misconduct, bias and financial racketeering by issuing rulings that prioritized Title IV-D enforcement and financial incentives over constitutional parental rights.<br>- Systematically denied parenting time enforcement while maximizing child support obligations, constituting unlawful extortion under 18 U.S.C. § 872.<br>- Violated federal criminal statutes, including:<br>➤ Mail Fraud (18 U.S.C. § 1341) – Using judicial authority to facilitate financial fraud.<br>➤ Wire Fraud (18 U.S.C. § 1343) – Engaging in fraudulent judicial orders benefiting Title IV-D collections.<br>➤ RICO Violations (18 U.S.C. § 1962) – Engaged in a pattern of financial coercion benefiting Title IV-D and state financial incentives. | • Injunctive Relief: Prohibit further judicial misconduct in Title IV-D enforcement & mandate oversight of judicial financial conflicts of interest.<br>• Monetary Damages: Against Pinellas County Family Court, and against Pollack personally under RICO & extortion statutes. |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**LEGAL & PROFESSIONAL MISCONDUCT DEFENDANTS**

| Defendant | Title/Agency | Capacity | Role & Allegations | Relief Sought |
|---|---|---|---|---|
| **K. Dean Kantaras, P.A.** | Opposing Counsel | Personal & Official | - Engaged in bad-faith litigation, misrepresentation, & collusion.<br>- Suppressed exculpatory evidence, violating Brady v. Maryland, 373 U.S. 83 (1963).<br>- Colluded with Florida Title IV-D officials to maximize child support collections while blocking time-sharing.<br>- Refused communication regarding Plaintiff's good-faith efforts to co-parent.<br>- Coordinated four (4) separate adoption attempts despite Plaintiff's parental rights.<br>- Deliberately scheduled May 27th incarceration hearing & April mediation, ensuring Plaintiff had no opportunity to see his children. | **Bar Complaint**: Seek oversight for professional misconduct.<br>**Monetary Damages**: Compensation for wrongful litigation tactics. |
| **KANTARAS LAW** (kantaraslaw.com) | Opposing Counsel's Law Firm | Personal & Official | - Supported & facilitated bad-faith litigation & financial enforcement bias.<br>- Coordinated adoption attempts to strip Plaintiff of parental rights.<br>- Blocked all communication between Plaintiff and Defendant.<br>- Filed multiple legal motions prioritizing financial enforcement over reunification. | **Bar Complaint**: Seek firm sanction or complaint to ABA.<br>**Monetary Damages**: Compensation for financial & emotional distress. |

**2. FEDERAL & STATE OVERSIGHT DEFENDANTS – Named for Injunctive Relief, Not Liability**

*(These Defendants failed in their oversight duties. They are named solely for injunctive relief, damages, and to enforce compliance and systemic reform.)*

| Defendant | Title/Agency | Capacity | Role & Allegations | Relief Sought |
|---|---|---|---|---|
| Office of Child Support Enforcement | Federal Title IV-D Oversight | Official Capacity | - Allowed fraudulent reimbursement claims and systemic | • Injunctive Relief: Order federal |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| Defendant | Title/Agency | Capacity | Role & Allegations | Relief Sought |
|---|---|---|---|---|
| (OCSE) | | | noncompliance with federal mandates.<br>- Failed to regulate and enforce compliance, enabling unconstitutional parental alienation. | investigation and compliance enforcement.<br>• Monetary Damages: Against OCSE (not individual officials personally). |
| Tanguler Gray | Commissioner, OCSE | Official Capacity Only | - Approved fraudulent Title IV-D reimbursements despite systemic noncompliance.<br>- Allowed unconstitutional Title IV-D financial enforcement practices. | • Injunctive Relief: Require OCSE to enforce federal compliance standards.<br>• Monetary Damages: Against OCSE, not Gray personally. |
| Shalanda Young | Director, OMB | Official Capacity Only | - Allocated federal funds to Florida's fraudulent Title IV-D enforcement program.<br>- Failed to conduct proper oversight, enabling systemic fraud. | • Injunctive Relief: Require federal audits of Title IV-D funding.<br>• Monetary Damages: Against OMB, not Young personally. |

### 3. FEDERAL & STATE OVERSIGHT DEFENDANTS – Named for Injunctive Relief, Not Liability

*(These Defendants are named solely for injunctive relief and systemic reform, NOT for any responsibility or monetary damages.)*

| Defendant | Title/Agency | Capacity | Role & Allegations | Relief Sought |
|---|---|---|---|---|
| Robert F. Kennedy, Jr. | U.S. Secretary of HHS | Official Capacity Only | - Named solely for injunctive relief to conduct a full federal audit of Title IV-D compliance.<br>- Ensure federal funds are not misused and that Title IV-D mandates (42 U.S.C. § 654(20)) are | Injunctive Relief: Require HHS to conduct audits & enforce compliance. No monetary damages sought. |

23

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| | | | | |
|---|---|---|---|---|
| | | | enforced.<br>- Not named for damages or personal liability. | |
| Pam Bondi | U.S. Attorney General | Official Capacity Only | - Named solely for injunctive relief to ensure DOJ oversight & federal investigation into Title IV-D fraud and due process violations.<br>- Ensure federal prosecution of systemic Title IV-D fraud if necessary.<br>- Not named for damages or personal liability. | Injunctive Relief: Require DOJ investigation into Title IV-D practices.<br>No monetary damages sought. |
| Kristen Clarke | Assistant Attorney General, DOJ Civil Rights Division | Official Capacity Only | - Named solely for injunctive relief to mandate federal enforcement of civil rights violations under 42 U.S.C. § 1983.<br>- Investigate discrimination and constitutional violations within Title IV-D enforcement.<br>- Not named for damages or personal liability. | Injunctive Relief: Require DOJ Civil Rights Division to investigate Title IV-D constitutional violations.<br>No monetary damages sought. |
| Ashley Moody | Florida Attorney General | Official Capacity Only | - Named solely for injunctive relief to review judicial misconduct and fraudulent Title IV-D practices within Florida.<br>- Ensure state-level oversight into due process violations.<br>- Not named for damages or personal liability. | Injunctive Relief: Require Florida AG's Office to investigate and take corrective action.<br>No monetary damages sought. |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**4. IMPACTED INDIVIDUALS – Named to Show Title IV-D's Impact, Not Primary Bad Actors**

*(These individuals were influenced, manipulated, or coerced by systemic failures in Title IV-D enforcement. They are named solely for context—no responsibility, liability, or damages sought.)*

| Defendant | Title/Agency | Capacity | Role & Allegations | Clarification |
|---|---|---|---|---|
| Kelly Burja | Custodial Parent / Mother | Personal Capacity | - Blocked Plaintiff's parental access, violating court orders and constitutional rights for 16 months without any contact with the children.<br>- Colluded with court officials to maximize Title IV-D child support collections while preventing parenting time.<br>- Financial incentives under Title IV-D played a role in decision-making. | Not named as a primary bad actor—acknowledged as impacted by Title IV-D financial incentives. No responsibility, personal liability, or monetary damages sought against her. Listed to illustrate how Title IV-D enforcement promotes family division. |
| Igor Radwanski | Stepfather | Personal Capacity | - Interfered with reunification efforts, exacerbating Plaintiff's emotional distress.<br>- Filed and coerced (4) adoption attempts to sever Plaintiff's parental rights.<br>- Requested financial disclosures after denial of fourth adoption request.<br>- Financial incentives under Title IV-D influenced attempts to replace Plaintiff as the legal parent. | Not named as a primary bad actor—acknowledged as impacted by Title IV-D financial incentives. No responsibility, personal liability, or monetary damages sought against him. Listed to demonstrate Title IV-D's negative impact on family dynamic |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

# FACTUAL ALLEGATIONS

**SECTION V: FACTUAL ALLEGATIONS**

**1. Factual Allegations and Timeline of Events**

Plaintiff, an active and engaged parent, experienced systemic constitutional violations under Florida's Title IV-D enforcement system. Defendants' conduct, facilitated through state-administered Title IV-D child support enforcement, resulted in the deprivation of Plaintiff's fundamental parental rights without due process or equal protection under the law. These violations occurred despite Plaintiff's full compliance with all court orders and obligations.

The following timeline, organized into four phases, details how Defendants' actions violated:

A. **14th Amendment – Due Process and Equal Protection Clauses:** Defendants denied Plaintiff fair hearings, imputed income without an evidentiary hearing, and conditioned parental rights on child support payments.

B. **42 U.S.C. § 654(20) – Title IV-D Federal Mandates:** Defendants accepted federal Title IV-D funds while failing to enforce parenting time alongside child support obligations, violating federal funding conditions.

C. **Supremacy Clause – U.S. Constitution, Article VI:** Florida's enforcement practices conflicted with federal Title IV-D mandates, triggering preemption under the Supremacy Clause.

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

D. **Hobbs Act (18 U.S.C. § 1951) – Extortion Under Color of Law:** Defendants unlawfully conditioned Plaintiff's access to his children on financial compliance, constituting extortion under federal law.

E. **Anti-Peonage Act (42 U.S.C. § 1994):** Defendants unlawfully conditioned parental rights on the payment of child support, constituting modern peonage.

**2. Key Supporting Legal Authorities:**

The following controlling case law and federal statutes support Plaintiff's claims:

A. **Troxel v. Granville, 530 U.S. 57 (2000):** Parental rights are a fundamental liberty interest protected by the Due Process Clause.

B. **Turner v. Rogers, 564 U.S. 431 (2011):** Child support enforcement requires procedural due process, including the right to a fair hearing and ability-to-pay consideration.

C. **Blessing v. Freestone, 520 U.S. 329 (1997):** Title IV-D mandates equal enforcement of parenting time alongside child support.

D. **Stanley v. Illinois, 405 U.S. 645 (1972):** Non-custodial parents cannot be treated as second-class citizens without due process.

E. **M.L.B. v. S.L.J., 519 U.S. 102 (1996):** Access to parenting rights cannot be conditioned on financial obligations.

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

# FACTUAL ALLEGATIONS
# PHASE 1

**Phase 1: Pre-Enforcement and Initial Violations (Nov. – Dec. 2023)**

This phase demonstrates that Plaintiff was an active, responsible parent prior to Title IV-D intervention, directly contradicting Defendants' subsequent claims of parental instability. The events outlined below show how Defendants exploited the Title IV-D system to prioritize child support enforcement while unlawfully obstructing Plaintiff's parental rights.

1. **November 22, 2023 – Established Co-Parenting Relationship Prior to Title IV-D Intervention**

On or about November 22, 2023, Plaintiff, Defendant (Mother), Stepfather, and both minor children (BMB and BRB) peacefully celebrated Thanksgiving together at Plaintiff's parents' home. Defendant sent a text message stating, "The boys will be happy to see you." The family engaged in a harmonious co-parenting environment, consistent with the parties' eight-year history of successful shared parenting prior to Title IV-D enforcement.

A family photograph was taken during the gathering, reflecting a healthy, cooperative co-parenting relationship.

This peaceful arrangement underscores the absence of conflict or instability prior to Title IV-D intervention.

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

**Legal Violations:**

A. **42 U.S.C. § 654(20):** Federal law mandates equal enforcement of parenting time alongside child support enforcement for states receiving Title IV-D funds.

B. **14th Amendment – Equal Protection Clause:** The subsequent denial of parental access while enforcing child support without corresponding parenting time enforcement constitutes discriminatory treatment.

C. **42 U.S.C. § 1983:** Defendants acted under color of state law to deprive Plaintiff of constitutionally protected parental rights.

**Exhibit:**

- See **Exhibit P1-A**, which includes a text message from the Mother on November 23, 2023, stating 'The boys will be happy to see you,' on Thanksgiving day, confirming the peaceful co-parenting arrangement before Title IV-D intervention.

**2. November 29, 2023 – Initiation of False Allegations**

On or about November 29, 2023, Defendant, through text messages, introduced false allegations against Plaintiff, using legal terminology indicative of attorney involvement.

Plaintiff immediately refuted the claims, responding, "We both know that is not true," and respectfully requested visitation with their son, BRB, for his upcoming birthday on December 4, 2023.

Plaintiff delivered birthday gifts to Defendant's residence but received no further communication or access to the child, demonstrating the first instance of parental alienation under Title IV-D enforcement strategies.

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

1

**Legal Violations:**

2

3   A. **14th Amendment – Procedural Due Process:** The denial of visitation without a hearing or

4      factual findings violated Plaintiff's fundamental liberty interest in maintaining a relationship

5      with his children (*Troxel v. Granville*, 530 U.S. 57 (2000)).

6   B. **42 U.S.C. § 1983:** False allegations made under color of law deprived Plaintiff of parental

7      rights without due process.

8   C. **Federal RICO Act (18 U.S.C. § 1962):** The introduction of false claims as a predicate act

9      to secure child support enforcement constitutes racketeering activity.

10

11  **Exhibit:**

12

13  • **Exhibit P1-B1,** on November 29, 2023, Defendant falsely claimed that Plaintiff did not

14     deserve visitation with their child, despite no prior history of disputes

15

16  • **Exhibit P1-B2** documents text messages exchanged on November 30, 2023, in which the

17     Defendant introduced false allegations, setting the stage for Title IV-D enforcement.

18  • **Exhibit P1-B3** confirms that on December 2, 2023, Plaintiff attempted to schedule visitation

19     for BRB birthday and dropped off presents, yet was denied access.

20

21  • **Exhibit P1-B4** - Plaintiff dropped off birthday presents but was denied any contact with

22     BRB on his 5th birthday. From December 4, 2023, through December 25th, 2023, Plaintiff

23     received no communication from Defendant, including on Christmas Day, further

24     supporting the claim of Title IV-D abuse.

25

26

27

28

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND**

### 3. December 15, 2023 – Filing of Legal Paperwork with False Allegations

On or about December 15, 2023, Defendant, through counsel, filed legal pleadings, including an Answer to Paternity, which incorporated the false allegations first introduced on November 29, 2023.

These filings marked the official commencement of Title IV-D enforcement, prioritizing child support obligations while deliberately ignoring Plaintiff's parental rights.

Defendant's legal counsel misrepresented material facts in official court filings, leveraging falsehoods to strengthen the state's position for child support enforcement.

**Legal Violations:**

A. **18 U.S.C. § 1962 (RICO Act):** Filing false claims under color of law to secure child support obligations while denying parenting time constitutes racketeering and extortion under the Hobbs Act (18 U.S.C. § 1951).

B. **42 U.S.C. § 1983:** Defendants, acting under color of state law, deprived Plaintiff of parental rights and subjected him to unconstitutional financial enforcement.

C. **14th Amendment – Due Process and Equal Protection Clauses:** The state's failure to provide reciprocal enforcement of parenting rights violates constitutional protections.

**Exhibit:**

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

- **Exhibit P1 - C** contains court filings in which Defendant and counsel included false allegations to justify Title IV-D enforcement.

**Phase 1 Legal Impact: Systemic Violations and Federal Law Conflicts**

The events in Phase 1 illustrate how Title IV-D enforcement was weaponized to prioritize financial compliance while intentionally obstructing parental rights. Florida's acceptance of over $650 million in federal Title IV-D funds, while failing to enforce parenting time alongside child support, triggered Supremacy Clause preemption under federal law.

**Key Legal Violations:**

*Title IV-D Noncompliance:*

A. **42 U.S.C. § 654(20):** Florida violated federal funding conditions by enforcing child support obligations while failing to equally enforce parenting time (*Blessing v. Freestone*, 520 U.S. 329 (1997)).

B. **Supremacy Clause – U.S. Const. Art. VI:** Federal law preempts state practices that conflict with Title IV-D mandates.

*Due Process and Equal Protection Violations:*

A. **14th Amendment:** Defendants deprived Plaintiff of parental access without fair hearings, contradicting the Supreme Court's holdings in *Troxel v. Granville* and *Turner v. Rogers*.

B. **42 U.S.C. § 1983:** Defendants, acting under color of state law, violated Plaintiff's civil rights by prioritizing financial enforcement over parental rights.

*RICO and Hobbs Act Violations:*

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

A. **18 U.S.C. § 1951 (Hobbs Act):** Conditioning parental access on financial compliance constitutes extortion under color of law.

B. **18 U.S.C. § 1962 (RICO Act):** The false filings, fraudulent claims, and financial coercion demonstrate a pattern of racketeering activity, supporting federal intervention.

*Anti-Peonage Act:*

A. **42 U.S.C. § 1994:** Conditioning parental rights on debt payment constitutes modern peonage, violating the principles established in *Bailey v. Alabama*, 219 U.S. 219 (1911).

**Conclusion: Pattern of Title IV-D Abuse and Prejudicial Conduct**

Phase 1 clearly demonstrates that Plaintiff was a fit, active parent prior to Title IV-D intervention. The subsequent false allegations, legal filings, and systemic bias reflect a pattern of Title IV-D abuse, prioritizing child support enforcement while depriving Plaintiff of his constitutional parental rights.

**Exhibit:**

**Exhibit P1 - D** demonstrates that policymakers, such as Senator Tim Scott, acknowledge the systemic failures in Title IV-D enforcement and the need for federal oversight

This conduct constitutes federal law violations, including:

A. **42 U.S.C. § 654(20):** Failure to equally enforce parenting time alongside child support.

B. **14th Amendment:** Denial of due process and equal protection under law.

C. **42 U.S.C. § 1983:** Civil rights violations under color of state law.

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND

D. **18 U.S.C. § 1951:** Extortion under the Hobbs Act.

E. **18 U.S.C. § 1962:** Racketeering under the RICO Act.

F. **42 U.S.C. § 1994:** Violation of the Anti-Peonage Act.

**Exhibits Supporting Phase 1**

**Exhibit P1-A:**
See Exhibit P1-A, which includes a text message from the Mother on **November 23, 2023**, stating *"The boys will be happy to see you,"* on **Thanksgiving Day**, confirming the peaceful co-parenting arrangement before **Title IV-D** intervention.

**Exhibit P1-B1:**
On **November 29, 2023**, Defendant falsely claimed that Plaintiff did not deserve visitation with their child, despite no prior history of disputes.

**Exhibit P1-B2:**
Exhibit P1-B2 documents text messages exchanged on **November 30, 2023**, in which Defendant introduced false allegations, setting the stage for **Title IV-D** enforcement.

**Exhibit P1-B3:**
Exhibit P1-B3 confirms that on **December 2, 2023**, Plaintiff attempted to schedule visitation for **BRB's birthday** and dropped off presents, yet was denied access.

**Exhibit P1-B4:**
Exhibit P1-B4 shows that Plaintiff dropped off birthday presents but was denied any contact with **BRB on his 5th birthday**. From **December 4, 2023, through December 25, 2023**, Plaintiff received no communication from Defendant, including on **Christmas Day**, further supporting the claim of **Title IV-D abuse**.

**Exhibit P1-C:**
Exhibit P1-C contains **court filings** in which Defendant and counsel included false allegations to justify **Title IV-D** enforcement.

**Exhibit P1-D:**
Exhibit P1-D demonstrates that policymakers, such as **Senator Tim Scott**, acknowledge the systemic failures in **Title IV-D enforcement** and the need for **federal oversight**.

34

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND**

# FACTUAL ALLEGATIONS
# PHASE 2

**Phase 2: Escalation and Procedural Violations (Feb. – Oct. 2024)**

This phase reflects the escalation of Title IV-D enforcement while Plaintiff's constitutional rights were disregarded, despite full compliance with all court orders and child support obligations. Defendants continued to prioritize financial enforcement while deliberately obstructing parenting rights, violating Plaintiff's 14th Amendment protections and 42 U.S.C. § 654(20) Title IV-D mandates.

### 1. February 13–14, 2024 – Scheduled Meeting for Visitation & Financial Leverage

After numerous unsuccessful attempts by Plaintiff to communicate with Defendant regarding parenting time, Defendant responded, "I didn't realize all your lengthy texts were to help with child support."

Defendant then proposed a meeting for February 23, 2024, at a location, date, and time of Defendant's choosing, purportedly to facilitate visitation between Plaintiff and the minor children, BMB and BRB.

This demonstrates how child support enforcement was being improperly leveraged to condition parental access, a clear violation of federal Title IV-D mandates and constitutional protections.

**Legal Violations:**

A. **42 U.S.C. § 654(20):** Title IV-D requires equal enforcement of parenting time alongside child support obligations. Tying visitation to child support payments violates federal law.

B. **14th Amendment – Equal Protection Clause:** The disparate treatment of non-custodial fathers by conditioning parental access on financial compliance violates constitutional rights (*Troxel v. Granville*, 530 U.S. 57 (2000)).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

C. **42 U.S.C. § 1983:** Depriving Plaintiff of parenting time under color of state law constitutes a civil rights violation.

**Exhibit:**

- **Exhibit P2-A:** See Exhibit P2-A, which documents text messages from February 13–14, 2024, where Defendant acknowledges Plaintiff's messages but conditions visitation on child support compliance, violating federal Title IV-D mandates.

**2. February 23, 2024 – Process Server Ambush During Scheduled Visitation**

On February 23, 2024, Plaintiff arrived at the designated location, per Defendant's arrangement, to visit the minor children. Defendant failed to appear.

Instead, Plaintiff was ambushed by a process server, served with Title IV-D enforcement documents at 4:10 PM.

Simultaneously, Defendant sent a text message stating, "We are here, where are you?" despite her physical absence, further evidencing deceptive conduct and the weaponization of Title IV-D enforcement to obstruct Plaintiff's parenting time.

**Legal Violations:**

A. **14th Amendment – Due Process Clause:** Depriving Plaintiff of parenting time while initiating enforcement without a hearing violated procedural due process rights (*Turner v. Rogers*, 564 U.S. 431 (2011)).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

B. **Hobbs Act – 18 U.S.C. § 1951:** Using child support enforcement to condition parenting access constitutes extortion under color of law, as clarified in *Bailey v. Alabama*, 219 U.S. 219 (1911).

C. **42 U.S.C. § 654(20):** Federal law mandates equal enforcement of parenting time alongside child support obligations.

**Exhibit:**

- **Exhibit P2-B:** Exhibit P2-B contains process server documentation and February 23, 2024, text messages proving that Defendant set up a visitation meeting as a pretext for serving Plaintiff with Title IV-D enforcement papers, constituting procedural deception and due process violations.

3. **August 9, 2024 – Motion for Default Judgment Set Aside & Title IV-D Enforcement Without Parenting Time**

On August 9, 2024, the Court held a hearing on Defendant's Motion for Default Judgment against Plaintiff. Plaintiff appeared pro se, fully compliant, and demonstrated good faith by:

A. Verbally acknowledging paternity in open court.

B. Complying with all court and opposing counsel requests, including financial disclosures.

C. Agreeing to backpay, future child support, and wage garnishment.

Additionally, Plaintiff filed an Answer to Paternity, which:

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

A. Included documentation of alleged physical abuse by Stepfather, supported by police records, which were disregarded by the Court.

B. Denied adoption requests by Defendant and Stepfather, citing emotional harm, yet Defendants continued to pursue adoption on three more occasions after this date.

Despite Plaintiff's full compliance, the Court failed to discuss or order parenting time, demonstrating systemic bias under Title IV-D enforcement practices.

**Legal Violations:**

A. **42 U.S.C. § 654(20):** Enforcing child support while ignoring federally mandated parenting rights violates Title IV-D and the Supremacy Clause (*Blessing v. Freestone*, 520 U.S. 329 (1997)).

B. **14th Amendment – Equal Protection Clause:** Discriminatory treatment of non-custodial fathers while favoring custodial parents violates constitutional protections (*Stanley v. Illinois*, 405 U.S. 645 (1972)).

C. **42 U.S.C. § 1983:** Civil rights violations under color of state law, as Plaintiff's parental rights were subordinated to financial enforcement.

**Exhibit:**

- **Exhibit P2-C:** As shown in Exhibit P2-C, the August 9, 2024, court hearing transcript confirms that Plaintiff complied with all court orders, yet parenting time was never enforced, demonstrating systemic bias under Title IV-D practices.

**4. September 9, 2024 – Completion of Court-Ordered Parenting Course**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

On September 9, 2024, Plaintiff completed the court-ordered parenting course, providing the certificate of completion to opposing counsel.

Despite full compliance, the Court and opposing counsel ignored Plaintiff's fulfillment of court-mandated conditions while continuing to enforce child support obligations without corresponding parenting time enforcement.

**Legal Violations:**

A. **42 U.S.C. § 654(20):** Failing to enforce parenting rights alongside child support violates Title IV-D mandates.

B. *Turner v. Rogers*, 564 U.S. 431 (2011): Due process requires that child support enforcement accounts for ability to pay and ensures reciprocal enforcement of parenting rights.

**Exhibit:**

- **Exhibit P2-D:** Exhibit P2-D includes the September 9, 2024, parenting course completion certificate, which Plaintiff submitted in full compliance with court orders. Despite this, Plaintiff was still denied parenting time, further evidencing discrimination against non-custodial fathers.

**5. October 1, 2024 – Good-Faith Offer and Hostile Response from Opposing Counsel**

On or about October 1, 2024, Plaintiff sent a good-faith letter to Defendant, offering:

A. Child support payments,

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

B. Financial assistance,

C. Other support during ongoing legal proceedings.

However, opposing counsel—not Defendant—replied with hostility, further escalating the conflict by:

A. Reiterating adoption demands, despite Plaintiff's previous refusals.

B. Requesting a Guardian ad Litem (GAL) and psychological evaluation for Plaintiff.

C. Ignoring emotional videos sent by Plaintiff, expressing distress after 313 consecutive days without contact with his children.

Plaintiff immediately:

A. Denied the GAL and psychological evaluation request,

B. Submitted the parenting course certificate,

C. Provided emotional video evidence documenting the severe emotional harm caused by parental alienation.

**Legal Violations:**

A. **42 U.S.C. § 654(20):** Using child support enforcement while obstructing parenting time violates federal mandates.

B. **42 U.S.C. § 1994 (Anti-Peonage Act):** Conditioning parental rights on financial compliance constitutes modern peonage, as clarified in *Bailey v. Alabama*, 219 U.S. 219 (1911).

40

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

C. **Hobbs Act (18 U.S.C. § 1951):** Threatening adoption while leveraging child support obligations constitutes extortion under color of law.

**Exhibit:**

- **Exhibit P2-E1:** Exhibit P2-E1 shows that on October 1, 2024, Plaintiff sent a text message to Mother offering financial support and requesting to see the children. Plaintiff expressed hope that this was just a legal strategy and that Mother and Stepfather did not personally hate him. Mother responded: 'Do not contact me about the case,' further obstructing parental access.

- **Exhibit P2-E2:** Exhibit P2-E2 contains the response from Attorney K. Dean Kantaras, confirming that Mother forwarded Plaintiff's text to the legal team. The attorney's response outlined financial disclosures, a Guardian ad Litem (GAL) request, psychological evaluations, and a renewed adoption demand—all while ignoring Plaintiff's request to see his children.

- **Exhibit P2-E3:** Exhibit P2-E3 contains Plaintiff's email reply to opposing counsel, documenting that Plaintiff had complied with all court orders, had been without contact for 313 days, and formally denied the GAL and psychological evaluation requests. Plaintiff further detailed concerns about the ongoing obstruction of his parental rights.

**Phase 2 Legal Impact: Federal and Constitutional Violations**

The events in Phase 2 demonstrate how Title IV-D enforcement escalated while Plaintiff's parenting rights were systematically obstructed, despite Plaintiff's full compliance with all court-

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

ordered conditions. Defendants weaponized child support enforcement to financially coerce Plaintiff while denying reciprocal enforcement of parenting time.

**Exhibit P2-F:** Exhibit P2-F provides official documentation of the Trump administration's Title IV-D funding freeze, recognizing the systemic issues in child support enforcement. Included in this exhibit are an OMB memo, a federal court ruling, and media coverage, all of which confirm the federal government's acknowledgment of Title IV-D enforcement abuses. This evidence reinforces Plaintiff's claim that Title IV-D prioritizes revenue over parental rights and child welfare.

**Key Legal Violations:**

*Title IV-D Noncompliance:*

A. **42 U.S.C. § 654(20):** Florida's failure to enforce parenting rights alongside child support violated federal law and triggered Supremacy Clause preemption (*Blessing v. Freestone*, 520 U.S. 329 (1997)).

*Due Process Violations:*

A. **14th Amendment:** Plaintiff was denied fair hearings, evidentiary considerations, and the ability to contest enforcement, violating procedural due process (*Turner v. Rogers*, 564 U.S. 431 (2011)).

*Equal Protection Violations:*

A. **14th Amendment:** The disparate treatment of non-custodial fathers, prioritizing financial compliance over parental rights, violated the Equal Protection Clause (*Stanley v. Illinois*, 405 U.S. 645 (1972); *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996)).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

*RICO and Hobbs Act Violations:*

    A. **18 U.S.C. § 1951 (Hobbs Act):** Using child support enforcement to coerce parental rights constitutes extortion under color of law.

    B. **18 U.S.C. § 1962 (RICO Act):** The pattern of coercive conduct, including fraudulent filings, adoption threats, and financial leverage, establishes racketeering activity.

*Anti-Peonage Act Violations:*

    A. **42 U.S.C. § 1994:** Conditioning parenting rights on financial obligations violates the Anti-Peonage Act, as clarified in *Bailey v. Alabama*, 219 U.S. 219 (1911).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Exhibits Supporting Phase 2:**

**Key Dates & Events with Exhibits**

| Date | Event | Exhibit No. | Description |
|---|---|---|---|
| Feb. 13–14, 2024 | Visitation discussions & financial leverage | Exhibit P2-A | Text exchange where Defendant ties visitation to child support, violating Title IV-D mandates. |
| Feb. 23, 2024 | Process Server Ambush During Scheduled Visitation | Exhibit P2-B | Process server documentation and text messages proving visitation was a setup for Title IV-D enforcement. |
| Aug. 9, 2024 | Motion to Set Aside Default Judgment & Title IV-D Enforcement Without Parenting Time | Exhibit P2-C | Court transcript and Answer to Paternity showing Plaintiff's compliance while parenting rights were ignored. |
| Sept. 9, 2024 | Completion of Court-Ordered Parenting Course | Exhibit P2-D | Parenting course certificate proving compliance, which was ignored by the court and opposing counsel. |
| Oct. 1, 2024 | Good-Faith Offer & Hostile Response from Opposing Counsel | Exhibit P2-E1 | Plaintiff's text to Mother offering financial support and requesting to see the children, showing Plaintiff's belief that opposition is a legal strategy rather than genuine animosity. Mother replies: *"Do not contact me about the case."* |
| Oct. 1, 2024 | Attorney Response & Confirmation of Mother's Legal Strategy | Exhibit P2-E2 | Attorney K. Dean Kantaras and legal team confirm that Mother forwarded Plaintiff's text to them. Response includes discussion of **financial disclosures, Guardian ad Litem (GAL), psychological evaluation requests, and adoption proposal.** |
| Oct. 1, 2024 | Plaintiff's Response to Legal Team | Exhibit P2-E3 | Email from Plaintiff to opposing counsel addressing: **313 days without contact, full compliance with court orders, concerns about process, and rejection of GAL and psychological evaluation requests.** |
| Jan. 29, 2025 | Federal Funding Freeze on Title IV-D Enforcement & Bias Confirmation | Exhibit P2-F | Official documentation of the Trump administration's freeze on Title IV-D funding due to systemic bias and misuse, reinforcing the allegations of enforcement prioritization over parental rights. Includes **OMB memo, federal court ruling, and media coverage.** |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Conclusion: Pattern of Title IV-D Abuse and Systemic Violations**

Phase 2 reflects a clear pattern of Title IV-D abuse, as child support enforcement was prioritized over parenting rights, despite Plaintiff's full compliance. The denial of due process, unequal treatment, and extortion-like tactics constitute violations of federal law and constitutional protections, necessitating federal intervention and oversight.

This phase further demonstrates violations of:

    A. **42 U.S.C. § 654(20):** Title IV-D Noncompliance.

    B. **14th Amendment:** Due Process and Equal Protection Clauses.

    C. **42 U.S.C. § 1983:** Civil Rights Violations.

    D. **18 U.S.C. § 1951:** Hobbs Act – Extortion under Color of Law.

    E. **18 U.S.C. § 1962:** RICO Act – Racketeering Activity.

    F. **42 U.S.C. § 1994:** Anti-Peonage Act – Conditioning Rights on Debt.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

# FACTUAL ALLEGATIONS
# PHASE 3

**Phase 3: Systemic Denials and Parental Rights Violations (Nov. 2024 – Jan. 2025)**

This phase demonstrates systemic bias as the Court and opposing counsel prioritized child support enforcement while intentionally obstructing Plaintiff's parental rights, in direct violation of 42 U.S.C. § 654(20) and the 14th Amendment's Due Process and Equal Protection Clauses. Plaintiff, despite full compliance with all court-ordered obligations, continued to face denial of parenting time, false claims, and extortion tactics tied to Title IV-D enforcement.

1. **November 22, 2024 – Court Hearing for GAL and Psychological Evaluation**

On November 22, 2024, the Court held a hearing regarding Defendant's motion to appoint a Guardian ad Litem (GAL) and compel a psychological evaluation of Plaintiff. Plaintiff appeared pro se.

The Court denied the GAL and psychological evaluation request, confirming Plaintiff's fitness as a parent.

Plaintiff raised the issue of not seeing his children for 364 consecutive days, emphasizing the emotional harm caused by continued alienation.

In response, the presiding judge dismissively stated, "It doesn't even matter; you're not even the father."

The judge falsely claimed that Plaintiff had not completed the court-ordered parenting course, despite Plaintiff previously submitting the parenting course certificate to opposing counsel.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

Opposing counsel further perpetuated fraud by falsely asserting they were unaware of the submission, despite being actively involved in the case for over three months.

This conduct reflects judicial misconduct, fraud upon the court, and a systemic effort to obstruct parenting rights while maintaining Title IV-D financial enforcement.

**Legal Violations:**

A. **42 U.S.C. § 654(20):** Failing to enforce parenting time alongside child support obligations violates federal Title IV-D mandates (*Blessing v. Freestone*, 520 U.S. 329 (1997)).

B. **14th Amendment – Due Process Clause:** Denying parenting time without evidence-based justification violates procedural due process (*Turner v. Rogers*, 564 U.S. 431 (2011); *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

C. **14th Amendment – Equal Protection Clause:** Treating Plaintiff unequally by prioritizing child support while denying parenting rights violates the Equal Protection Clause (*Stanley v. Illinois*, 405 U.S. 645 (1972); *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996)).

D. **42 U.S.C. § 1983:** Violations of constitutional rights under color of state law.

E. **Fraud Upon the Court:** Opposing counsel's false statements regarding the parenting course certificate constitute fraud, undermining the integrity of judicial proceedings.

**Exhibit:**

- **Exhibit P3-A:** See Exhibit P3-A, which contains the November 22, 2024, court transcript confirming that the Court denied a Guardian ad Litem (GAL) and psychological evaluation request but falsely claimed Plaintiff had not completed the parenting course. Opposing counsel further perpetuated fraud by denying knowledge of submission.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**2.  November 29, 2024 – Fourth Adoption Request and Financial Disclosure Threat**

On or about November 29, 2024, during Thanksgiving, Stepfather sent Plaintiff a fourth adoption request via text message. Upon Plaintiff's refusal, Stepfather threatened financial disclosure, stating:

"Looking forward to seeing your financial disclosures."

This exchange underscores coercion, financial extortion, and racketeering activity aimed at pressuring Plaintiff into surrendering parental rights, leveraging Title IV-D enforcement as a tool for control and retaliation.

**Legal Violations:**

A. **Hobbs Act – 18 U.S.C. § 1951:** Threatening financial disclosure to pressure adoption constitutes extortion under color of law, prohibited by the Hobbs Act (*Bailey v. Alabama*, 219 U.S. 219 (1911)).

B. **RICO Act – 18 U.S.C. § 1962:** Using coercive tactics, including fraudulent filings and adoption demands tied to financial enforcement, constitutes racketeering activity under the RICO Act (*Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985)).

C. **14th Amendment – Due Process & Equal Protection Clauses:** Conditioning parental rights on financial disclosures violates constitutional protections.

D. **42 U.S.C. § 654(20):** Federal law mandates that Title IV-D enforcement must not prioritize child support over parenting rights.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Exhibit:**

- **Exhibit P3-B:** Exhibit P3-B contains a November 29, 2024, text exchange between Plaintiff and Stepfather in which Stepfather pressured Plaintiff to consent to adoption and threatened financial disclosure retaliation when Plaintiff refused.


**3. December 2023 to December 2024 – Missed Holidays and Special Occasions**

Throughout 2023 and 2024, Plaintiff was unlawfully denied access to his children for significant holidays and special occasions, including:

A. **BRB:** December 4, 2023, and December 4, 2024.

B. **BMB:** March 4, 2024 and March 4, 2025.

C. **Christmas Holidays:** December 2023 and December 2024.

As of December 2024, Plaintiff had been denied all parenting time and communication with the minor children for over 16 consecutive months, despite full compliance with court-ordered financial obligations.

**Legal Violations:**

A. **42 U.S.C. § 654(20):** Florida's Title IV-D enforcement prioritized financial compliance while obstructing federally mandated parenting rights.

B. **14th Amendment – Due Process & Equal Protection:** Denying parenting time while enforcing financial obligations violates constitutional protections (*Troxel v. Granville*, 530 U.S. 57 (2000); *Turner v. Rogers*, 564 U.S. 431 (2011)).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

C. **Child Welfare Act – 42 U.S.C. § 671(a)(15):** Parental alienation undermines the child's best interests, violating federal child welfare standards.

D. **42 U.S.C. § 1983:** Civil rights violations under color of state law.

**Exhibit:**

- **Exhibit P3-C:** Exhibit P3-C documents Plaintiff's ongoing parental alienation from December 2023 to December 2024, including missed birthdays, holidays, and special events, further evidencing Title IV-D enforcement's bias against non-custodial parents.

**4. January 13, 2025 – Motion to Acknowledge Compliance Ignored**

On January 13, 2025, Plaintiff filed a Motion to Acknowledge Compliance, affirming:

A. Full compliance with all court-ordered financial disclosures.

B. Good-faith efforts to establish parenting time.

C. Evidence of parental alienation, including text messages, missed holidays, and emotional videos documenting the emotional harm inflicted on both Plaintiff and the children.

Plaintiff respectfully requested the Court to:

A. Acknowledge Plaintiff's compliance with all court orders.

B. Facilitate parenting time and communication with the children.

C. Address parental alienation resulting from Title IV-D enforcement practices.

The Court, however, ignored the motion entirely, refusing to hold a hearing, further perpetuating parenting rights violations.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Legal Violations:**

A. **42 U.S.C. § 654(20):** Federal law requires enforcement of parenting rights alongside child support.

B. **14th Amendment – Due Process:** Failing to address Plaintiff's motion violated procedural due process rights (*Goldberg v. Kelly*, 397 U.S. 254 (1970); *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

C. **14th Amendment – Equal Protection:** The Court's refusal to enforce Plaintiff's parental rights while prioritizing child support obligations constitutes discriminatory treatment.

**Exhibit:**

- **Exhibit P3-D:** Exhibit P3-D is Plaintiff's January 13, 2025, Motion to Acknowledge Compliance, confirming full compliance with all financial obligations and child support orders. The Court refused to acknowledge this motion or schedule a hearing, further perpetuating parental alienation.

**5. January 28, 2025 – Emergency Motion for Time-Sharing Denied**

On January 28, 2025, Plaintiff filed an Emergency Motion for Time-Sharing, citing:

A. Acknowledgment of paternity, both verbally in open court and in Plaintiff's Answer to Petition filed on August 9, 2024.

B. Full compliance with all financial obligations and court orders.

C. Ongoing parental alienation and emotional harm resulting from 15+ months of separation.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

1   The Court denied the motion without a hearing, instead ordering mediation, requiring each parent to

2   pay $120, and stating that no further hearings would be scheduled until mediation was completed

3   and financial affidavits were provided.

**Legal Violations:**

A. **42 U.S.C. § 654(20):** Conditioning parenting time on mediation and financial disclosure
   violates federal mandates.

B. **14th Amendment – Due Process:** Denying an emergency motion without a hearing violates
   due process rights (*Turner v. Rogers*, 564 U.S. 431 (2011)).

C. **14th Amendment – Equal Protection:** Treating Plaintiff differently based on financial
   status constitutes discriminatory enforcement (*M.L.B. v. S.L.J.*, 519 U.S. 102 (1996)).

**Exhibit:**

- **Exhibit P3-E1:** Exhibit P3-E1 contains Plaintiff's January 28, 2025, Emergency Motion for
  Time-Sharing, citing full compliance, ongoing parental alienation, and emotional harm. The
  Court denied the motion without a hearing, violating procedural due process.

- **Exhibit P3-E2:** Exhibit P3-E2 includes the court order from January 28, 2025, which denied
  Plaintiff's emergency request for time-sharing and instead required Plaintiff to pay for
  mediation and provide additional financial disclosures before any parenting rights would be
  considered.

**Phase 3 Legal Impact: Systemic Title IV-D Noncompliance and Civil Rights Violations**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND
DAMAGES**

The events in Phase 3 illustrate a systemic pattern of Title IV-D abuse, in which child support obligations were strictly enforced, while Plaintiff's parenting rights were intentionally obstructed, despite full compliance with all court orders.

**Exhibit P3-F:** Exhibit P3-F contains federal documentation from January 29, 2025, confirming the Trump administration's freeze on Title IV-D funding due to systemic abuse and bias against non-custodial parents. This federal acknowledgment further supports Plaintiff's claim that Title IV-D prioritizes revenue over parental rights and child welfare.

**Key Legal Violations:**

*Title IV-D Noncompliance:*

A. **42 U.S.C. § 654(20):** Florida failed to enforce parenting time alongside child support obligations, violating federal law (*Blessing v. Freestone*, 520 U.S. 329 (1997)).

*Due Process Violations:*

A. **14th Amendment:** Plaintiff was denied fair hearings, time-sharing, and the ability to contest enforcement, violating procedural due process (*Turner v. Rogers*, 564 U.S. 431 (2011); *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

*Equal Protection Violations:*

A. **14th Amendment:** Plaintiff faced unequal treatment, with child support obligations strictly enforced while parenting rights were ignored (*Stanley v. Illinois*, 405 U.S. 645 (1972); *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996)).

*Hobbs Act and RICO Violations:*

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

A. **18 U.S.C. § 1951 (Hobbs Act):** Threatening financial disclosure to coerce adoption constitutes extortion under color of law.

B. **18 U.S.C. § 1962 (RICO Act):** Adoption demands tied to financial coercion reflect racketeering activity (*Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985)).

*Anti-Peonage Act Violations:*

A. **42 U.S.C. § 1994:** Conditioning parental rights on financial obligations violates the Anti-Peonage Act (*Bailey v. Alabama*, 219 U.S. 219 (1911)).

**Exhibits Supporting Phase 3:**

**Phase 3 Exhibit List**

| Exhibit No. | Date(s) | Description | Relevance |
|---|---|---|---|
| **Exhibit P3-A** | Nov. 22, 2024 | Court transcript, parenting course certificate, and correspondence. | Confirms **judicial bias**, fraud upon the court, and **false claims by opposing counsel** regarding compliance. |
| **Exhibit P3-B** | Nov. 29, 2024 | Text exchange with Stepfather requesting adoption and threatening financial exposure. | Demonstrates **coercion, financial extortion, and racketeering tactics** in violation of the Hobbs Act. |
| **Exhibit P3-C** | Dec. 2023 – Dec. 2024 | Timeline and documentation of missed holidays, birthdays, and parental alienation. | Establishes **prolonged denial of parenting time** despite Plaintiff's compliance, proving Title IV-D abuse. |
| **Exhibit P3-D** | Jan. 13, 2025 | Motion to Acknowledge Compliance, ignored by the Court. | Proves **procedural due process violations** and judicial refusal to enforce parental rights. |
| **Exhibit P3-E1** | Jan. 28, 2025 | Emergency Motion for Time-Sharing. | Demonstrates Plaintiff's **attempt to establish time-sharing**, which was **denied without a hearing**. |
| **Exhibit P3-E2** | Jan. 28, 2025 | Court order requiring Plaintiff to pay for mediation while continuing Title IV-D enforcement. | Shows **court-ordered financial burden** placed on Plaintiff while **failing to enforce parenting rights**. |
| **Exhibit P3-F** | Jan. 29, 2025 | Federal documents confirming Trump Administration's **Title IV-D funding freeze** due to systemic bias. | Establishes **federal recognition of Title IV-D enforcement abuses**, reinforcing Plaintiff's claims. |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Conclusion: Continued Systemic Bias and Title IV-D Abuse**

Phase 3 highlights the systemic obstruction of Plaintiff's parental rights, even after full compliance with all court-ordered conditions. The disparate enforcement, false claims, and extortion tactics demonstrate a pattern of Title IV-D abuse, necessitating federal intervention, injunctive relief, and compensatory damages under:

A. **42 U.S.C. § 654(20):** Title IV-D Federal Mandates.

B. **14th Amendment:** Due Process and Equal Protection Clauses.

C. **42 U.S.C. § 1983:** Civil Rights Violations.

D. **18 U.S.C. § 1951:** Hobbs Act – Extortion Under Color of Law.

E. **18 U.S.C. § 1962:** RICO Act – Racketeering Activity.

F. **42 U.S.C. § 1994:** Anti-Peonage Act – Conditioning Rights on Debt.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

# FACTUAL ALLEGATIONS
# PHASE 4

**Phase 4: Federal Violations and Final Enforcement Actions (Feb. 2025 – Ongoing)**

This phase highlights continued enforcement of child support obligations while denying Plaintiff's parenting rights, in direct violation of 42 U.S.C. § 654(20) and the 14th Amendment's Due Process and Equal Protection Clauses. Defendants prioritized financial compliance under Title IV-D while refusing to enforce time-sharing, ignoring judicial orders, and threatening incarceration without due process. These actions trigger federal preemption under the Supremacy Clause and demonstrate systemic Title IV-D noncompliance.

1. **January 13, 2025 – Motion to Acknowledge Compliance Ignored**

On January 13, 2025, Plaintiff filed a Motion to Acknowledge Compliance, affirming:

 A. Full compliance with all court-ordered financial disclosures.

 B. Good-faith efforts to establish parenting time.

 C. Evidence of parental alienation, including:

   ○ Text messages,

   ○ Missed holidays and birthdays,

   ○ Emotional videos documenting harm to Plaintiff and the children.

Plaintiff respectfully requested the Court to:

 A. Acknowledge Plaintiff's compliance with all court orders.

 B. Facilitate parenting time and communication with the children.

 C. Address parental alienation resulting from Title IV-D enforcement practices.

The Court ignored the motion entirely, refusing to review or schedule a hearing, despite Plaintiff's complete compliance and documented harm.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Legal Violations:**

A. **42 U.S.C. § 654(20):** Federal law mandates equal enforcement of parenting time and child support. Ignoring Plaintiff's compliance while enforcing financial obligations violates Title IV-D mandates (*Blessing v. Freestone*, 520 U.S. 329 (1997)).

B. **14th Amendment – Due Process Clause:** Denying a hearing and failing to address Plaintiff's motion violates procedural due process (*Turner v. Rogers*, 564 U.S. 431 (2011); *Goldberg v. Kelly*, 397 U.S. 254 (1970)).

C. **14th Amendment – Equal Protection Clause:** Enforcing child support while denying time-sharing constitutes discriminatory enforcement (*Stanley v. Illinois*, 405 U.S. 645 (1972); *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996)).

D. **42 U.S.C. § 1983:** The Court's failure to address Plaintiff's rights under color of state law constitutes a civil rights violation.

**Exhibit:**

- **Exhibit P4-A**: contains Plaintiff's January 13, 2025, Motion to Acknowledge Compliance. This motion confirms that Plaintiff was in full compliance with all court orders, including financial obligations and parenting course completion. Despite this, the Court refused to acknowledge the motion, further evidencing judicial misconduct and due process violations.

**2. January 28, 2025 – Emergency Motion for Time-Sharing Denied**

On January 28, 2025, Plaintiff filed an Emergency Motion for Time-Sharing, citing:

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

A. Acknowledgment of paternity, both verbally in court and in Plaintiff's Answer to Petition (August 9, 2024).

B. Full compliance with all financial obligations and court orders.

C. Parental alienation and emotional harm caused by 16+ months of separation.

The Court denied the motion without a hearing, instead ordering mediation and requiring each parent to pay $120. The judge further ruled that no hearing would be scheduled until:

A. Mediation was completed, and

B. Financial affidavits were submitted by Plaintiff.

**Legal Violations:**

A. **42 U.S.C. § 654(20):** Parenting time enforcement must accompany child support enforcement. Conditioning parental rights on mediation and financial disclosures violates Title IV-D mandates (*Blessing v. Freestone*, 520 U.S. 329 (1997)).

B. **14th Amendment – Due Process Clause:** Denying an emergency motion without a hearing violates procedural due process (*Turner v. Rogers*, 564 U.S. 431 (2011)).

C. **14th Amendment – Equal Protection Clause:** Conditioning parenting rights on financial disclosures while enforcing child support constitutes discriminatory treatment (*M.L.B. v. S.L.J.*, 519 U.S. 102 (1996)).

D. **Anti-Peonage Act – 42 U.S.C. § 1994:** Conditioning parental access on financial compliance constitutes modern peonage, prohibited under the Anti-Peonage Act (*Bailey v. Alabama*, 219 U.S. 219 (1911)).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Exhibit:**

- **Exhibit P4-B**, which includes Plaintiff's January 28, 2025, Emergency Motion for Time-Sharing, citing full compliance and ongoing parental alienation. The Court denied this motion without a hearing, demonstrating that financial enforcement was prioritized over parenting rights in direct violation of federal law.

**3. February 3, 2025 – Motion to Compel Financial Disclosure and Attorney's Fees**

On February 3, 2025, opposing counsel filed a Motion to Compel Plaintiff's financial disclosures and sought attorney's fees from Plaintiff.

The Court granted the motion, compelling Plaintiff's compliance with financial affidavits while ignoring parenting time enforcement.

The judge ordered Plaintiff to pay Defendant's attorney's fees, further prioritizing financial enforcement over parenting rights.

The Court refused to address Plaintiff's previous filings, including:

A. Emergency Motion for Time-Sharing (January 28, 2025).

B. Motion to Acknowledge Compliance (January 13, 2025).

**Legal Violations:**

A. **42 U.S.C. § 654(20):** Prioritizing financial disclosures while refusing to enforce parenting rights violates federal law (*Blessing v. Freestone*, 520 U.S. 329 (1997)).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

B. **14th Amendment – Due Process Clause:** Compelling financial disclosures without addressing parenting rights violates procedural due process (*Turner v. Rogers*, 564 U.S. 431 (2011)).

C. **14th Amendment – Equal Protection Clause:** Selective enforcement of financial obligations over parenting rights constitutes discriminatory treatment (*Stanley v. Illinois*, 405 U.S. 645 (1972)).

D. **RICO Act – 18 U.S.C. § 1962:** Using financial enforcement to obstruct parenting rights constitutes racketeering activity (*Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985)).

**Exhibit:**

- See **Exhibit P4-C**, which contains the February 3, 2025, Court Order compelling Plaintiff to provide additional financial disclosures and pay attorney's fees. This order exemplifies how financial enforcement was strictly upheld while parenting time was entirely ignored, violating due process and equal protection under the law.

**4. February 13, 2025 – Hearing Set for May 27, 2025, with Incarceration Threat**

On February 13, 2025, opposing counsel filed a motion requesting a hearing scheduled for May 27, 2025, with a direct threat of incarceration if Plaintiff failed to provide financial disclosures.

Opposing counsel stated there would be no court reporter present, denying Plaintiff the ability to create an appellate record.

The presiding judge approved the request, further reflecting judicial bias and Title IV-D corruption.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

No parenting time or child access was addressed, despite Plaintiff's 16+ months of separation and full financial compliance.

**Legal Violations:**

A. **42 U.S.C. § 654(20):** Threatening incarceration for nonpayment without enforcing parenting rights violates Title IV-D mandates (*Blessing v. Freestone*, 520 U.S. 329 (1997)).

B. **14th Amendment – Due Process Clause:** Threatening incarceration without evaluating ability to pay violates due process (*Turner v. Rogers*, 564 U.S. 431 (2011)).

C. **Hobbs Act – 18 U.S.C. § 1951:** Extorting financial compliance under threat of imprisonment constitutes extortion under color of law (*Bailey v. Alabama*, 219 U.S. 219 (1911)).

D. **Anti-Peonage Act – 42 U.S.C. § 1994:** Threatening incarceration based solely on financial obligations constitutes modern peonage, violating the Anti-Peonage Act (*Bailey v. Alabama*, 219 U.S. 219 (1911)).

**Exhibit:**

- **Exhibit P4-D**, which includes the February 13, 2025, Hearing Notice, Motion, Incarceration, and Court Hearing for May 27th, 2025. This exhibit provides clear evidence that the court prioritized child support enforcement while systematically refusing to address Plaintiff's parental rights, further proving judicial bias and systemic Title IV-D noncompliance.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Phase 4 Legal Impact: Federal Violations and Judicial Misconduct**

The events in Phase 4 demonstrate systemic Title IV-D noncompliance and constitutional violations, including:

*Parental Alienation:* Plaintiff was denied access to his children for 16+ consecutive months, including:

    A. **BRB:** December 4, 2023, and December 4, 2024.

    B. **BMB:** March 4, 2024 and March 4, 2025.

    C. **Christmas Holidays:** December 2023 and December 2024.

*Judicial Misconduct:* The Court prioritized financial enforcement while refusing to enforce parenting rights.

*Federal Law Violations:* Defendants violated 42 U.S.C. § 654(20), the 14th Amendment, the Hobbs Act, and the Anti-Peonage Act.

**Key Legal Violations in Phase 4:**

*Title IV-D Noncompliance:*

    A. **42 U.S.C. § 654(20):** Child support enforcement must be paired with parenting time enforcement (*Blessing v. Freestone*, 520 U.S. 329 (1997)).

*Due Process Violations:*

    A. **14th Amendment – Due Process Clause:** Denying hearings, threatening incarceration, and ignoring parenting rights violate procedural due process (*Turner v. Rogers*, 564 U.S. 431 (2011)).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

*Equal Protection Violations:*

A. **14th Amendment – Equal Protection Clause:** Enforcing child support while denying parenting rights constitutes discriminatory treatment (*Stanley v. Illinois*, 405 U.S. 645 (1972); *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996)).

*Hobbs Act Violations:*

A. **18 U.S.C. § 1951:** Threatening incarceration to compel financial compliance constitutes extortion under color of law (*Bailey v. Alabama*, 219 U.S. 219 (1911)).

*Anti-Peonage Act Violations:*

A. **42 U.S.C. § 1994:** Conditioning parental access on financial obligations constitutes modern peonage, violating the Anti-Peonage Act (*Bailey v. Alabama*, 219 U.S. 219 (1911)).

*RICO Act Violations:*

A. **18 U.S.C. § 1962:** Extortion tied to financial enforcement constitutes racketeering activity under the RICO Act (*Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985)).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

1

**Exhibits Supporting Phase 4:**

2

**Phase 4 Master Exhibit List**

3

4

| Exhibit No. | Date | Description | Relevance |
|---|---|---|---|
| **Exhibit P4-A** | Jan. 13, 2025 | **Motion to Acknowledge Compliance** | Demonstrates **full compliance with all court orders and financial obligations**. Court ignored the motion, proving due process violations. |
| **Exhibit P4-B** | Jan. 28, 2025 | **Emergency Motion for Time-Sharing & Court Denial** | Establishes that Plaintiff **sought immediate parenting time due to 15+ months of alienation**, but the Court denied the motion without a hearing. |
| **Exhibit P4-C** | Feb. 3, 2025 | **Court Order Compelling Financial Disclosure & Attorney's Fees** | Confirms that **financial disclosure and attorney fees were enforced while parenting rights continued to be ignored**, violating due process and equal protection. |
| **Exhibit P4-D** | Feb. 13, 2025 | **Hearing Notice, Motion, and Court Order** | Provides direct evidence of **judicial bias**, confirming that **child support enforcement was prioritized while parenting rights were ignored**. |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Systemic Pattern of Title IV-D Abuse and Federal Violations**

The timeline of events across Phases 1 through 4 demonstrates a systemic, multifaceted pattern of misconduct under Florida's Title IV-D enforcement practices, violating Plaintiff's constitutional rights, federal mandates, and due process protections. Defendants prioritized financial enforcement while denying parenting rights, creating emotional, financial, and constitutional harm to both Plaintiff and the minor children.

These violations are not isolated but form a consistent, systemic pattern of Title IV-D abuse, characterized by:

**1. Title IV-D Noncompliance and Federal Preemption**

**Violation:** Florida prioritized child support enforcement while refusing to enforce parenting rights, in direct violation of 42 U.S.C. § 654(20).

**Federal Preemption:** Federal law preempts state law under the Supremacy Clause, requiring equal enforcement of child support and parenting time (*Blessing v. Freestone*, 520 U.S. 329 (1997)).

**Pattern:**

A. **Phase 1:** Title IV-D enforcement began without any enforcement of parenting time (Nov.–Dec. 2023).

B. **Phase 2:** Child support was enforced while parenting rights were systematically ignored, despite Plaintiff's compliance (Feb.–Oct. 2024).

C. **Phase 3:** Court denied parenting time despite Plaintiff's full compliance and paternity acknowledgment (Nov. 2024–Jan. 2025).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

D. **Phase 4:** Court threatened incarceration without addressing parenting rights, showing Title IV-D's financial bias (Feb. 2025 – Ongoing).

**Legal Authority:**

A. **42 U.S.C. § 654(20):** Requires equal enforcement of child support and parenting time.

B. *Blessing v. Freestone*, 520 U.S. 329 (1997): Title IV-D programs must enforce parenting time alongside child support.

C. **Supremacy Clause (U.S. Const. art. VI):** Federal law supersedes conflicting state practices.

2. **Due Process Violations: Unlawful Enforcement Without Fair Hearings**

**Violation:** Florida imposed child support obligations without:

A. Ability-to-pay evaluations,

B. Fair hearings, and

C. Enforcement of parenting time.

**Pattern:**

A. **Phase 1:** Plaintiff was served during a visitation meeting (Feb. 23, 2024).

B. **Phase 2:** Parenting time was denied despite Plaintiff's compliance (Aug. 9, 2024).

C. **Phase 3:** Judge denied time-sharing while acknowledging paternity (Nov. 22, 2024).

D. **Phase 4:** The court prioritized financial enforcement while ignoring parenting time (Jan.–Feb. 2025).

**Legal Authority:**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

A. **14th Amendment – Due Process Clause:** Requires fair hearings and the opportunity to contest obligations (*Turner v. Rogers*, 564 U.S. 431 (2011); *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

B. *Goldberg v. Kelly*, 397 U.S. 254 (1970): Due process applies to child support enforcement, including notice and opportunity to be heard.

C. *Blessing v. Freestone*, 520 U.S. 329 (1997): Title IV-D enforcement must comply with due process protections.

3. **Equal Protection Violations: Gender-Based Discrimination Against Non-Custodial Parent**

**Violation:** Defendants treated Plaintiff as a financial provider while denying parental rights, violating the Equal Protection Clause of the 14th Amendment.

**Pattern:**

A. **Phase 1:** False allegations triggered Title IV-D enforcement without parenting time (Nov. 29, 2023).

B. **Phase 2:** Plaintiff's parenting course was ignored while child support was enforced (Sept. 9, 2024).

C. **Phase 3:** Court denied Plaintiff's parenting rights despite paternity acknowledgment (Nov. 22, 2024).

D. **Phase 4:** Incarceration was threatened solely for nonpayment, without considering Plaintiff's parenting rights (Feb. 13, 2025).

**Legal Authority:**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

A. **14th Amendment – Equal Protection Clause:** Protects against discriminatory enforcement (*Stanley v. Illinois*, 405 U.S. 645 (1972); *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996)).

B. *Troxel v. Granville*, 530 U.S. 57 (2000): Parental rights are fundamental and cannot be conditioned on financial compliance.

C. **42 U.S.C. § 1983:** Civil rights violation occurs when rights are violated under color of state law.

4. **Financial Coercion: Extortion Under the Hobbs Act and Modern Peonage**

**Violation:** Parental rights were conditioned on child support payments, constituting extortion under color of law under the Hobbs Act (18 U.S.C. § 1951) and modern peonage under the Anti-Peonage Act (42 U.S.C. § 1994).

**Pattern:**

A. **Phase 1:** Plaintiff was ambushed by a process server during visitation (Feb. 23, 2024).

B. **Phase 2:** Plaintiff was ordered to pay while parenting rights were ignored (Aug. 9, 2024).

C. **Phase 3:** Stepfather tied adoption requests to financial disclosures (Nov. 29, 2024).

D. **Phase 4:** Incarceration was threatened without ability-to-pay evaluations (Feb. 13, 2025).

**Legal Authority:**

A. **Hobbs Act – 18 U.S.C. § 1951:** Extortion under color of law includes conditioning rights on financial compliance (*Bailey v. Alabama*, 219 U.S. 219 (1911)).

B. **Anti-Peonage Act – 42 U.S.C. § 1994:** Modern peonage prohibits conditioning rights on debt obligations (*Pollock v. Williams*, 322 U.S. 4 (1944)).

C. *Turner v. Rogers*, 564 U.S. 431 (2011): Incarceration for nonpayment without an ability-to-pay evaluation violates due process.

68

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**5. Parental Alienation and Child Harm**

**Violation:** Defendants' misconduct resulted in parental alienation and emotional harm to the children, violating the 14th Amendment and the Child Welfare Act (42 U.S.C. § 671(a)(15)).

**Pattern:** Plaintiff was unlawfully deprived of parenting time for 15+ consecutive months, including:

A. **Missed Birthdays:** BRB (Dec. 4, 2023 & 2024) and BMB (March 4, 2024 & 2025).

B. **Missed Holidays:** Christmas 2023 and 2024.

C. **Emotional Distress:** Both Plaintiff and the children experienced significant emotional harm, documented in exhibits and video evidence.

**Legal Authority:**

A. *Troxel v. Granville*, 530 U.S. 57 (2000): Parental rights are fundamental and cannot be denied arbitrarily.

B. **Child Welfare Act – 42 U.S.C. § 671(a)(15):** States must prioritize the best interests of children, including preserving parental bonds.

C. *Schutz v. Schutz*, 581 So. 2d 1290 (Fla. 1991): Parental alienation harms the child's well-being and violates parental rights.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Conclusion: Transition to Legal Claims**

**Pattern of Title IV-D Abuse and Federal Violations**

The systemic pattern of misconduct detailed in Phases 1 through 4 demonstrates a consistent, unlawful practice of Title IV-D abuse by the State of Florida and its agents. Defendants prioritized financial enforcement while denying Plaintiff's parenting rights, in direct violation of federal law, constitutional protections, and Title IV-D mandates.

These violations include:

1. **Title IV-D Noncompliance:**

A. **42 U.S.C. § 654(20):** Florida failed to enforce parenting time while aggressively enforcing child support, triggering Supremacy Clause preemption (*Blessing v. Freestone*, 520 U.S. 329 (1997)).

2. **Due Process Violations:**

A. **14th Amendment – Due Process Clause:** Defendants imposed child support obligations without fair hearings, ability-to-pay evaluations, or parenting time enforcement, violating federal due process protections (*Turner v. Rogers*, 564 U.S. 431 (2011); *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

3. **Equal Protection Violations:**

A. **14th Amendment – Equal Protection Clause:** Defendants treated Plaintiff as a financial provider, while denying parenting rights, constituting gender-based discrimination (*Stanley v. Illinois*, 405 U.S. 645 (1972); *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996)).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**4. Financial Coercion and Extortion:**

A. **Hobbs Act – 18 U.S.C. § 1951:** Conditioning parental access on child support payments constitutes extortion under color of law (*Bailey v. Alabama*, 219 U.S. 219 (1911)).

B. **Anti-Peonage Act – 42 U.S.C. § 1994:** Modern peonage occurs when financial obligations are used to deny parental rights (*Pollock v. Williams*, 322 U.S. 4 (1944)).

**5. Parental Alienation and Child Harm:**

A. *Troxel v. Granville*, 530 U.S. 57 (2000): Parental rights are fundamental and cannot be denied arbitrarily.

B. **Child Welfare Act – 42 U.S.C. § 671(a)(15):** States must prioritize the best interests of children, including preserving parental bonds

**Final Transition to Legal Claims**

Based on the foregoing factual allegations, systemic misconduct, and federal law violations, Plaintiff asserts the following seven legal counts, each demonstrating how Defendants' conduct:

1. Violated federal law under 42 U.S.C. § 654(20) and the Supremacy Clause.

2. Violated Plaintiff's constitutional rights under the 14th Amendment (Due Process and Equal Protection Clauses).

3. Constituted financial coercion under the Hobbs Act (18 U.S.C. § 1951) and Anti-Peonage Act (42 U.S.C. § 1994).

4. Caused parental alienation, harming both Plaintiff and the minor children.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Accordingly, Plaintiff seeks the following relief:**

1. **Injunctive Relief:** Halt Title IV-D enforcement until parenting rights are fully enforced.

2. **Declaratory Judgment:** Declare Title IV-D practices unconstitutional under 14th Amendment protections.

3. **Compensatory Damages:** For emotional harm, financial burdens, and lost parenting time.

4. **Punitive Damages:** Against state actors for willful constitutional violations.

5. **Federal Oversight:** Appoint a federal monitor to investigate Title IV-D noncompliance.

6. **Restitution:** Full restitution for Mother, Children and Plaintiff (see "Prayer for Relief")

7. **Attorney's Fees and Costs:** Pursuant to 42 U.S.C. § 1988.

Plaintiff now respectfully advances the following five legal counts, each supported by federal statutes, constitutional law, and documented evidence of systemic misconduct under Florida's Title IV-D enforcement system.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

# LEGAL CLAIMS
# COUNTS 1 - 5

**SECTION VI. LEGAL CLAIMS**

**COUNT I: DEPRIVATION OF PROCEDURAL DUE PROCESS AND EQUAL PROTECTION**

*(42 U.S.C. § 1983; 42 U.S.C. § 654(20); 42 U.S.C. § 1985; U.S. Const. amend. V & XIV – Due Process, Equal Protection, and Fundamental Rights Violations)*

_____

**I.    LEGAL CLAIM & STATUTORY BASIS**

Plaintiff asserts that Defendants willfully and systematically violated his constitutional rights by engaging in a state-sanctioned scheme involving:

    A.  Procedural due process deprivations,

    B.  Systemic equal protection violations,

    C.  Financial coercion, and

    D.  Selective enforcement.

These violations include, but are not limited to, the following unconstitutional actions:

**1. Unequal Enforcement of Child Support and Parental Rights**

Defendants enforced financial obligations while refusing to enforce parental rights, violating 42 U.S.C. § 654(20), which mandates equal enforcement of child support and time-sharing orders. This created a two-tiered enforcement system prioritizing financial collections over fundamental parental rights, thereby discriminating against non-custodial parents.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**2. Denial of Fair Hearings and Procedural Safeguards**

Defendants deprived Plaintiff of fair hearings and procedural safeguards, denying him a meaningful opportunity to be heard, in violation of:

    A. *Mathews v. Eldridge*, 424 U.S. 319 (1976) – Due process requires notice and an opportunity to be heard before financial penalties are imposed.

    B. *Goldberg v. Kelly*, 397 U.S. 254 (1970) – Government-imposed financial penalties require a meaningful hearing and an opportunity to present evidence.

*(See Exhibit C1-A – Demonstrates the financial priorities of child support enforcement, proving systemic bias against shared parenting.)*

**3. Conditioning Parental Rights on Financial Compliance**

Defendants created an unconstitutional "pay-to-play" system, conditioning Plaintiff's fundamental parental rights on financial compliance, violating:

    A. *Perry v. Sindermann*, 408 U.S. 593 (1972) – The government cannot condition fundamental rights on financial obligations imposed without due process.

    B. *Troxel v. Granville*, 530 U.S. 57 (2000) – Parental rights are fundamental liberties protected by the Constitution.

**4. Use of Contempt Hearings as Financial Extortion**

Defendants weaponized contempt hearings to enforce financial obligations, threatening incarceration without due process protections, violating:

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

A. *Turner v. Rogers*, 564 U.S. 431 (2011) – Incarceration for non-payment of child support without procedural safeguards violates the Fourteenth Amendment.

**5. Fraudulent Income Imputations Without Evidentiary Review**

Defendants fabricated fraudulent income imputations, depriving Plaintiff of his right to a fair adjudication, violating:

A. *Goldberg v. Kelly*, 397 U.S. 254 (1970) – Due process requires that government actions affecting financial obligations be based on factual review.

B. *Bearden v. Georgia*, 461 U.S. 660 (1983) – The government cannot impose financial penalties without determining an individual's actual ability to pay.

**6. Judicial Bias and Financial Conflicts of Interest**

Defendants engaged in judicial bias and financial conflicts of interest, violating fundamental fairness protections under:

A. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) – Judicial bias due to financial interests requires recusal.

B. *Tumey v. Ohio*, 273 U.S. 510 (1927) – A judge must recuse themselves where financial or institutional bias creates a risk of unfair proceedings.

*(See Exhibit C1-B – Provides data on misallocation of child support funds, exposing financial conflicts.)*

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**7. Suppression of Exculpatory Evidence**

Defendants suppressed exculpatory evidence, constituting prosecutorial and judicial misconduct, violating:

    A. *Brady v. Maryland*, 373 U.S. 83 (1963) – Withholding exculpatory evidence violates due process.

    B. *United States v. Agurs*, 427 U.S. 97 (1976) – Courts must consider exculpatory evidence to ensure a fair trial.

**8. Selective Enforcement in Violation of Equal Protection**

Defendants engaged in selective enforcement, disproportionately targeting Plaintiff, in violation of the Equal Protection Clause of the Fourteenth Amendment, as established in:

    A. *Yick Wo v. Hopkins*, 118 U.S. 356 (1886) – Selective enforcement violates equal protection.

    B. *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) – Equal protection is violated when government enforcement disproportionately impacts one group while neglecting others.

*(**See Exhibit C1-C** – Documents the systemic bias in enforcement, disproportionately targeting non-custodial parents.)*

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

## II. DEFENDANTS & SYSTEMIC VIOLATIONS

**Defendants Responsible:** *All defendants listed in Section II: Defendants.*

Plaintiff incorporates by reference Section II: Defendants in its entirety and asserts that each named Defendant is directly responsible for the violations of procedural due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution. Each Defendant's role, capacity, and alleged misconduct are detailed within Section II: Defendants and are fully applicable to this claim.

---

## III. JURISDICTION

Jurisdiction over this claim is properly established under 28 U.S.C. § 1331 (Federal Question Jurisdiction) and the federal civil rights statutes cited in Section III. Plaintiff incorporates by reference the jurisdictional analysis set forth in Section III, which demonstrates that this Court has proper authority to adjudicate this claim.

## IV. FACTUAL BASIS & SUPPORTING AUTHORITY

### 1. Denial of Procedural Due Process & Unlawful Title IV-D Enforcement

- **Child Support Imposed Without Procedural Safeguards**
  Defendants violated Plaintiff's procedural due process rights by imposing financial obligations without affording him the required legal protections, including:

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES

**A. February 3, 2025** – Judge Pollack imposed a fraudulent **$61,440** income presumption against Plaintiff without an evidentiary hearing, financial review, or opportunity for defense. **(See Exhibit P4-C)**.

**B. February 13, 2025** – Judge Pollack threatened incarceration for non-payment of child support without considering Plaintiff's financial ability to pay. **(See Exhibit P4-D** ).

**C. November 22, 2024** – Judge Pollack ruled Plaintiff was "not the father" in one legal proceeding while simultaneously enforcing child support obligations in another, directly contradicting his own orders. **(See Exhibit P3-A)**.

**D. May 27, 2025** – Judge Pollack issued an unconstitutional bodily attachment order against Plaintiff, denying him a meaningful opportunity to challenge the ruling. **(See Exhibit P4-C)**.

**2. Legal Authority Supporting Plaintiff's Claim**

Defendants' actions violate the following federal statutes and constitutional precedents:

**A.** *Turner v. Rogers*, 564 U.S. 431 (2011) – Due process is required before incarceration for child support non-payment.

**B.** *Mathews v. Eldridge*, 424 U.S. 319 (1976) – Procedural due process requires notice and an opportunity to be heard before financial penalties are imposed.

**C. 42 U.S.C. § 654(20)** – Mandates equal enforcement of child support and parenting time orders to prevent systemic bias against non-custodial parents.

*(See Exhibit C1-D* – *Establishes the Supreme Court precedents and federal laws governing child support enforcement.)*

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

### 3. Judicial Bias, Conflicts of Interest & Systemic Corruption

- **Judicial Bias & Financial Conflicts of Interest**

Judge Pollack's conduct demonstrates judicial bias and financial conflicts of interest, violating Plaintiff's right to a fair and impartial tribunal:

A. **February 3, 2025** – Judge Pollack forced financial disclosure before addressing parenting time, unlawfully conditioning Plaintiff's parental rights on financial compliance.

B. **November 22, 2024** – Judge Pollack issued contradictory rulings on paternity and child support, demonstrating judicial misconduct and bias.

C. **January 13, 2025** – The court ignored Plaintiff's motion proving compliance, violating due process and reinforcing systemic bias in Title IV-D enforcement.

### 4. Legal Authority Supporting Plaintiff's Claim

Defendants' actions violate established federal law:

A. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) – Judicial bias based on financial interests requires recusal.

B. **28 U.S.C. § 455** – Judicial disqualification is required where impartiality is questioned due to financial conflicts.

### 5. Suppression of Exculpatory Evidence & Procedural Intimidation

- **Fraudulent      Conduct      &      Evidence      Suppression**
  Defendants engaged in evidence suppression and procedural intimidation to obstruct Plaintiff's ability to challenge false claims:

79

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

A. **February 23, 2024** – Plaintiff was ambushed by a process server while attempting to exercise court-ordered visitation, constituting procedural intimidation. (**See Exhibit P2-B**).

**6. Legal Authority Supporting Plaintiff's Claim**

Defendants' actions violate:

A. *Brady v. Maryland*, 373 U.S. 83 (1963) – Withholding exculpatory evidence violates due process.

B. **42 U.S.C. § 1985** – Prohibits civil rights conspiracy through selective enforcement and suppression of evidence.

7. **Systematic Parental Alienation & Financial Coercion**

- **Unconstitutional Interference with Parent-Child Relationship** Defendants deliberately obstructed Plaintiff's relationship with his child, enforcing financial obligations while simultaneously denying Plaintiff's right to court-ordered visitation, including:

A. **November 29, 2023** – False allegations led to unlawful visitation denial, depriving Plaintiff of parental rights without due process. (**See Exhibit P1-B1** ).

B. **February 14, 2024** – The custodial parent admitted that visitation was conditioned on financial compliance, establishing an unconstitutional "pay-to-parent" scheme. (**See Exhibit P2-A** ).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

C. Plaintiff was denied multiple court-ordered holidays and major life events, causing severe emotional distress and psychological harm to both Plaintiff and his child.

**8. Legal Authority Supporting Plaintiff's Claim**

Defendants' actions violate the following federal law and Supreme Court precedents:

A. *Troxel v. Granville*, 530 U.S. 57 (2000) – Parental rights are fundamental and cannot be arbitrarily denied.

B. *Santosky v. Kramer*, 455 U.S. 745 (1982) – Government interference with parental rights must meet strict scrutiny.

C. *Turner v. Rogers*, 564 U.S. 431 (2011) – Prohibits wealth-based discrimination in child support enforcement.

**9. Irreparable Harm & Federal Intervention Necessity**

Without immediate federal intervention, these constitutional violations will persist indefinitely, causing further irreparable harm to Plaintiff and his child.

The Title IV-D enforcement system has evolved into a tool of financial coercion, selective enforcement, and unconstitutional discrimination, violating Plaintiff's fundamental rights.

**10. Legal Authority Supporting Plaintiff's Claim**

Defendants' actions constitute civil rights violations under federal law:

A. **42 U.S.C. § 1983** – Civil rights violations by state actors depriving Plaintiff of due process and equal protection.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

B. **28 U.S.C. § 2201** – Declaratory Judgment Act – Plaintiff seeks declaratory relief to end systemic Title IV-D violations.

C. *Elrod v. Burns*, 427 U.S. 347 (1976) – Loss of constitutional rights constitutes irreparable harm requiring an injunction.

**HARM & DAMAGES**

**1. LEGAL ISSUE**

Defendants' actions and policies have resulted in severe, systemic, and ongoing constitutional violations, causing irreparable harm to Plaintiff and his child. The deliberate obstruction of Plaintiff's parental rights, selective enforcement of financial obligations, and manipulation of Title IV-D policies for profit-driven enforcement have led to:

A. Systematic violations of the Fourteenth Amendment, depriving Plaintiff of due process and equal protection.

B. Unconstitutional financial coercion and wealth-based discrimination, prioritizing financial collection over parental rights.

C. Severe economic harm, wrongful income imputations, and government-sanctioned extortion through the Title IV-D system.

D. Extreme psychological distress and parental alienation, causing long-term emotional and developmental harm to Plaintiff's child.

E. A system that exploits both parents for financial gain, reinforcing Title IV-D's bias against non-custodial parents.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

Due to the systemic nature of these constitutional violations, monetary damages alone cannot remedy the harm inflicted. Immediate federal injunctive relief and declaratory judgment are necessary to prevent further irreparable harm.

## 2. SEVERE CONSTITUTIONAL VIOLATIONS & SYSTEMIC DISCRIMINATION

### A. Fourteenth Amendment Violations & Title IV-D Bias

Defendants have systematically denied Plaintiff's procedural due process and equal protection rights by creating a discriminatory Title IV-D enforcement system that prioritizes financial collection over fundamental parental rights, in violation of:

- **Fourteenth Amendment** – Equal protection and due process.
- **42 U.S.C. § 654(20)** – Mandating equal enforcement of child support and parenting time orders.

Florida's Title IV-D program creates an unconstitutional two-tiered system where:

- Child support orders are aggressively enforced, but
- Court-ordered parenting time is ignored, violating 42 U.S.C. § 654(20) and creating state-sponsored discrimination against non-custodial parents.

The refusal to enforce parenting rights while aggressively enforcing child support obligations has resulted in a "pay-to-parent" scheme, violating:

- *Turner v. Rogers*, 564 U.S. 431 (2011) – Prohibits wealth-based discrimination in child support enforcement.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- *Blessing v. Freestone*, 520 U.S. 329 (1997) – Requiring Title IV-D enforcement to comply with constitutional protections.

### 3. EXTREME FINANCIAL HARM & TITLE IV-D CORRUPTION

**A. Fraudulent Income Imputation & Government-Sanctioned Extortion**

Defendants have caused severe financial harm to Plaintiff by imposing fraudulent and unconstitutional financial obligations, including:

A. **Fraudulent Income Imputation** – Imposing a **$61,440** income presumption against Plaintiff without an evidentiary hearing, financial review, or due process safeguards, violating:

   o *Mathews v. Eldridge*, 424 U.S. 319 (1976) – Due process requires financial review before obligations are imposed.

   o **(Exhibit – Income Presumption Order)**.

B. **Misuse of Title IV-D Funds** – Florida has received over **$650 million** in federal Title IV-D funding but has allocated **0%** toward enforcing parenting time, demonstrating a fraudulent system of financial exploitation disproportionately harming non-custodial parents.

*(See Exhibit C1-E – Proves that child support is aggressively enforced while parenting time is ignored, violating federal law.)*

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

C. **Financial Coercion & Government-Sanctioned Extortion** – Defendants knowingly imposed false financial obligations against Plaintiff, resulting in:

- ○ Wrongful garnishments.

- ○ Excessive legal fees and financial penalties.

- ○ Government-sanctioned financial coercion, violating:

  - ■ *McCormick v. U.S.*, 500 U.S. 257 (1991) – Prohibits government-induced financial extortion.

*(See Exhibit C1-F – Highlights Supreme Court rulings confirming that financial coercion disproportionately harms non-custodial parents.)*

## 4. PSYCHOLOGICAL HARM, PARENTAL ALIENATION & CHILD WELFARE VIOLATIONS

**A. Systematic Obstruction of Parental Rights & Emotional Distress**

Defendants have deliberately obstructed Plaintiff's fundamental parental rights, violating:

- *Troxel v. Granville*, 530 U.S. 57 (2000) – Recognizing that parental rights are fundamental under the Due Process Clause.

Defendants' interference has caused extreme psychological harm to both Plaintiff and his child, violating federal child welfare protections, including:

*(See Exhibit C1-G – Demonstrates Florida's enforcement trends that target non-custodial parents unfairly.)*

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

Title IV-D enforcement has facilitated coercion and financial extortion, permitting the custodial parent to condition visitation on financial payments, constituting financial abuse of the parent-child relationship.

Defendants' denial of court-ordered holiday and special occasion visitation has caused permanent emotional and psychological harm, violating:

A. *Santosky v. Kramer*, 455 U.S. 745 (1982) – Government interference with parental rights must meet strict scrutiny.

*(See Exhibit C1-H – Highlights legal contradictions in Title IV-D enforcement policies and constitutional law.)*

**MASTER EXHIBIT LIST – COUNT 1**

- **Exhibit C1-A – Financial Breakdown – Trillions Collected, $0 for Shared Parenting**

- **Exhibit C1-B – Where does Title IV-D Money Actually Go?**

- **Exhibit C1 – C – Title IV-D Bias**

- **Exhibit C1-D – Federal Laws & Supreme Court Precedents Governing Child Support Enforcement**

- **Exhibit C1-E – Violation of Federal Law – Unequal Enforcement Under 42 U.S.C. § 654(20)**

- **Exhibit C1-F – U.S. Supreme Court Rulings Confirming Bias in Child Support Enforcement**

- **Exhibit C1-G – Florida-Specific Child Support Enforcement Data**

- **Exhibit C1-H – Legal Conflicts & Violations Stemming from Child Support Enforcement**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**5. RELIEF SOUGHT**

Plaintiff incorporates by reference all facts, evidence, and exhibits cited in this Count as factual and supported by governing law. The violations set forth in this Count have caused irreparable harm, financial damages, and constitutional deprivations requiring immediate federal intervention.

**Plaintiff respectfully requests that this Court grant all relief sought for this claim as outlined in Section VIII – Prayer for Relief, including but not limited to:**

1. **Declaratory Relief:** A declaration that the actions of Defendants, as described in this Count, constitute violations of Plaintiff's constitutional rights, including due process and equal protection under the Fifth and Fourteenth Amendments.

2. **Injunctive Relief:** Immediate suspension and correction of all unconstitutional enforcement actions against Plaintiff, including the cessation of any enforcement that violates 42 U.S.C. § 654(20) and Supreme Court precedent.

3. **Compensatory & Punitive Damages:** Full compensation for economic loss, wrongful garnishments, attorney's fees, and financial penalties imposed in violation of federal law, as further detailed in Section VIII.

4. **Systemic Reform & Federal Oversight:** Mandated federal review of Florida's Title IV-D enforcement policies to ensure compliance with constitutional protections and equal enforcement mandates.

5. **Other Relief:** Any additional relief deemed just and proper by this Court to remedy the unconstitutional deprivations suffered by Plaintiff.

**For all specific relief sought, Plaintiff refers to Section VIII – Prayer for Relief, which fully consolidates all remedies requested across all Counts.**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

## 8. CONCLUSION

### A. SUMMARY OF CONSTITUTIONAL VIOLATIONS

Defendants, including state and federal agencies operating under the Title IV-D program, have engaged in a systemic, deliberate, and unconstitutional scheme that prioritizes financial enforcement over fundamental parental rights, in violation of:

- **42 U.S.C. § 1983** – State actors depriving Plaintiff of constitutional rights under color of law.
- **42 U.S.C. § 654(20)** – Mandating equal enforcement of child support and parenting time.
- **Fourteenth Amendment** – Due Process and Equal Protection violations

Through selective enforcement, financial coercion, fraudulent income imputations, judicial bias, and suppression of exculpatory evidence, Defendants have weaponized Title IV-D enforcement mechanisms to:

- Impose unlawful financial obligations on Plaintiff without due process safeguards.
- Refuse to enforce Plaintiff's court-ordered parental rights, creating a state-sponsored system of discrimination.

This unconstitutional "pay-to-parent" scheme conditions Plaintiff's fundamental parental rights on financial compliance, creating a two-tiered system in which:

- Child support orders are aggressively enforced, but
- Parenting time orders are ignored, violating procedural due process and equal protection rights.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

These unlawful policies have caused severe and irreparable harm by:

- Depriving Plaintiff of due process and judicial fairness.

- Denying Plaintiff access to his child without legal justification.

- Imposing financial penalties without meaningful judicial review, in direct violation of:

  o *Mathews v. Eldridge*, 424 U.S. 319 (1976) – Due process requires notice and a meaningful opportunity to be heard before financial obligations are imposed.

  o *Turner v. Rogers*, 564 U.S. 431 (2011) – Prohibiting wealth-based incarceration for child support non-payment without procedural safeguards.

  o *Troxel v. Granville*, 530 U.S. 57 (2000) – Recognizing parental rights as fundamental and protected under the Due Process Clause.

**B. GOVERNMENT LIABILITY UNDER MONELL V. DEPARTMENT OF SOCIAL SERVICES**

These violations are not isolated errors, but rather part of a federally funded, systemic enforcement model that:

- Prioritizes financial collection over constitutional protections.

- Uses enforcement incentives to drive aggressive child support collection while neglecting parenting time enforcement.

The pattern and practice of Title IV-D enforcement discrimination meet the legal standard for government liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), which holds that:

- A government entity may be held liable for constitutional violations when unlawful policies or practices are deeply embedded within the system.

89

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- Government agencies cannot impose financial obligations or punitive measures without due process safeguards.

Despite clear constitutional protections, Title IV-D agencies, state courts, and federal oversight bodies have willfully ignored these safeguards, creating a nationwide system of parental rights discrimination.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

# LEGAL CLAIMS
# COUNT 2

## COUNT 2: JUDICIAL MISCONDUCT, BIAS, AND DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

*(42 U.S.C. §§ 1983, 1985; 18 U.S.C. § 242 – Deprivation of Rights; 28 U.S.C. § 455 – Judicial Disqualification; U.S. Const. amend. XIV – Due Process & Equal Protection; Canon 3(D)(2) – Florida Judicial Code; Caperton v. Massey, 556 U.S. 868 (2009); Turner v. Rogers, 564 U.S. 431 (2011); Brady v. Maryland, 373 U.S. 83 (1963); 18 U.S.C. § 1951 – Hobbs Act; Rule 60(b), Federal Rules of Civil Procedure)*

## 1. LEGAL CLAIM AND STATUTORY BASIS

### A. Overview of Claims

Plaintiff asserts that Judge Pollack, the Florida Family Courts, the Florida Department of Revenue (FL DOR), Human Health Services (HHS), the Office of Child Support Enforcement (OCSE), and opposing counsel engaged in systemic judicial misconduct, financial coercion, and procedural fraud, in violation of Plaintiff's constitutional and federal rights.

Defendants colluded to create a Title IV-D financial enforcement scheme that:

- Suppressed exculpatory evidence, in violation of due process.

- Prioritized child support enforcement while ignoring parental rights, thereby violating equal protection.

- Benefited financially from enforcement decisions, in direct violation of judicial ethics and due process.

- Conspired to deprive Plaintiff of his fundamental parental rights.

91

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

These institutionalized violations resulted in:

- Due Process violations under the Fourteenth Amendment of the United States Constitution.

- Equal Protection violations under 42 U.S.C. § 1983.

- Parental Rights violations under 42 U.S.C. § 654(20).

- Financial Extortion under Color of Law, in violation of 18 U.S.C. § 1951 (Hobbs Act).

**B. Federal and Constitutional Violations**

**1. Civil Rights and Constitutional Violations**

   o 42 U.S.C. § 1983: Prohibits the deprivation of constitutional rights under color of law.

   o 42 U.S.C. § 1985: Prohibits conspiracies to interfere with civil rights.

   o U.S. Const. amend. XIV: Due Process and Equal Protection Clause violations.

   o 42 U.S.C. § 654(20): Requires equal enforcement of child support and parental rights.

**2. Judicial Misconduct and Disqualification**

   o 28 U.S.C. § 455: Requires judicial disqualification for financial conflicts of interest.

   o Canon 3(D)(2), Florida Judicial Code: Mandates discipline for judicial misconduct.

   o Caperton v. Massey, 556 U.S. 868 (2009): Conflicts of interest in judicial rulings violate due process.

**3. Suppression of Evidence and Procedural Fraud**

   o Brady v. Maryland, 373 U.S. 83 (1963): Suppression of exculpatory evidence violates due process.

   o Turner v. Rogers, 564 U.S. 431 (2011): Due process is required before enforcing financial obligations.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

○ Blessing v. Freestone, 520 U.S. 329 (1997): Title IV-D enforcement must comply with constitutional protections.

○ Pierson v. Ray, 386 U.S. 547 (1967): Judicial immunity does not protect unconstitutional conduct.

### 4. Financial Coercion and Fraudulent Enforcement

○ 18 U.S.C. § 242: Criminal liability for deprivation of rights under judicial authority.

○ 18 U.S.C. § 1951 (Hobbs Act): Prohibits financial extortion under color of law.

○ Rule 60(b), Federal Rules of Civil Procedure: Relief from fraudulent court rulings.

○ Rule 1.540(b), Florida Rules of Civil Procedure: Relief from fraudulently obtained judgments.

## 2. JUDICIAL AND INSTITUTIONAL MISCONDUCT

### A. Financial Conflicts of Interest

- Judge Pollack previously served as a child support enforcement attorney for the Florida Department of Revenue, demonstrating a direct financial bias toward child support enforcement.

- Judge Pollack was awarded by the Clearwater Bar Association (May 17, 2024) for maximizing child support collections, evidencing institutional bias.

- Judge Pollack is a member of the Florida Bar Family Law Rules Committee, influencing Title IV-D policies to favor financial enforcement over constitutional parental rights.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**B. Procedural Fraud and Due Process Violations**

- Opposing counsel knowingly suppressed paternity evidence, constituting a Brady violation.

- Judge Pollack and the court refused to enforce parental rights while aggressively enforcing child support penalties, thereby creating an unconstitutional "pay-to-play" system.

- Judicial decisions prioritized financial collection incentives over the equal enforcement of court orders, in direct violation of 42 U.S.C. § 654(20).

**C. Title IV-D Misconduct and Systemic Bias**

- Reports from the U.S. Department of Health and Human Services (HHS) and the Government Accountability Office (GAO) confirm that Florida's judicial system prioritizes federal Title IV-D reimbursements over parental rights.

- Federal funds were fraudulently used to maximize child support collections while neglecting enforcement of parenting time obligations.

**D. Legal and Criminal Violations Under Federal Law**

- Judicial rulings directly violated federal mandates under 42 U.S.C. § 654(20), confirming systemic bias.

- Judge Pollack engaged in financial coercion, violating the Hobbs Act (18 U.S.C. § 1951).

- Judicial immunity does not protect unconstitutional acts, as established in Pierson v. Ray, 386 U.S. 547 (1967).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

### 3. DEFENDANTS

**Defendants Responsible:** *All defendants listed in Section II: Defendants.*

Plaintiff fully incorporates by reference **Section II: Defendants** and reaffirms that the acts and omissions of all named Defendants constitute **judicial misconduct, systemic bias, and deprivation of rights under color of law (42 U.S.C. § 1983).** The specific **roles, actions, and legal responsibilities** of each Defendant are explicitly stated in **Section II: Defendants** and are incorporated into this claim as if fully stated herein.

---

### *4. JURISDICTION*

This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331, as well as 42 U.S.C. §§ 1983 and 1985, as detailed in Section III. To avoid redundancy, Plaintiff incorporates by reference the full jurisdictional basis outlined in Section III, which confirms this Court's authority over the judicial misconduct and civil rights violations asserted in this count.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

1
2
3
4  **FACTUAL BASIS & SUPPORTING AUTHORITY**
5
6  **A. SYSTEMIC BIAS, FINANCIAL CONFLICTS OF INTEREST & JUDICIAL**
7  **MISCONDUCT**
8
9  **1. Judge Pollack's Background & Financial Conflicts of Interest**
10  **Conflict of Interest & Title IV-D Bias**
11
12  - **Former Child Support Enforcement Attorney for the Florida Department of Revenue**
13  **(DOR)** – Created a clear financial conflict of interest by previously working for the very
14  agency that benefits from maximized Title IV-D enforcement rulings (**See Exhibit P1-D –**
15  ***Confirms federal acknowledgment of systemic failures in Title IV-D enforcement, proving***
16  ***courts prioritize financial enforcement over parental rights.*** ).
17
18  - **Awarded for Aggressive Child Support Enforcement** – Publicly recognized by the
19  Clearwater Bar Association for maximizing child support collections, demonstrating
20  systemic bias and financial incentives in his rulings.
21  - **Member of the Florida Bar Family Law Rules Committee** – Influenced policies
22  prioritizing Title IV-D financial enforcement while failing to enforce federally mandated
23  parental rights (**See Exhibit C2-A –** ***Confirms how Title IV-D enforcement is structured to***
24  ***maximize financial gain, prioritizing revenue over parental rights enforcement.*** ).
25
26
27
28

96

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Florida's Judiciary Incentivized Financial Enforcement Over Parental Rights**

- Government reports confirm that Florida disproportionately enforces child support at the expense of parenting rights, violating **42 U.S.C. § 654(20)**

  (See **Exhibit P2-F** – *Documents federal recognition of Title IV-D's misuse, proving systemic bias in Florida's enforcement policies.* ).

**2. Judicial Rulings Benefited Title IV-D Financial Incentives**

**Rulings Favoring Financial Enforcement Over Parental Rights**

- **Title IV-D Enforcement Violated Equal Protection** – Judge Pollack ruled to enforce child support obligations without addressing parenting rights, demonstrating unconstitutional bias in Title IV-D proceedings (See **Exhibit P3-A** – *Confirms judicial bias, fraud upon the court, and false claims by opposing counsel regarding Plaintiff's compliance.* ).

- **"Pay-to-Play" Judicial Scheme** – Judge Pollack denied Plaintiff's parenting time unless he complied with financial obligations, creating an unconstitutional quid pro quo where child support payments dictate access to parental rights, violating **due process and equal protection**

  (See **Exhibit P4-C** – *Confirms wrongful financial imputation without an evidentiary hearing, demonstrating procedural fraud and due process violations.* ).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**B. FRAUD, EVIDENCE SUPPRESSION & DUE PROCESS VIOLATIONS**

**1. Suppression of Exculpatory Evidence (Brady v. Maryland Violation)**

**Judicial & Attorney Collusion to Suppress Critical Evidence**

- **Brady Violation – Opposing Counsel & Court Suppressed Key Paternity Evidence** – Judge Pollack and Opposing Counsel conspired to withhold critical exculpatory evidence disproving paternity while continuing to enforce wrongful child support obligations, violating **Brady v. Maryland, 373 U.S. 83 (1963)**

  (See Exhibit P2-C – *Confirms Plaintiff's full compliance with paternity rulings, yet court ignored evidence to justify continued financial enforcement.* ).

- **False Statements About Parenting Compliance** – Plaintiff's **Parenting Course Completion Certificate** was willfully ignored to justify the continued denial of time-sharing rights

  (See Exhibit P2-D – *Demonstrates that Plaintiff successfully completed parenting course requirements, contradicting claims used to deny parenting rights.* ).

- **Denial of a Court Reporter to Suppress Appellate Rights** – Judge Pollack denied Plaintiff's request for a court reporter, obstructing appellate review and violating **due process under the 14th Amendment**

98

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

(See Exhibit P3-D – *Proves the court deliberately ignored Plaintiff's Motion to Acknowledge Compliance, further obstructing due process and appellate review.* ).

## 2. Contradictory & Fraudulent Rulings

**Deliberate Judicial Misconduct & False Rulings**

- **False Paternity Ruling While Enforcing Child Support** – Judge Pollack falsely ruled, **"You're not even the father,"** while simultaneously upholding Plaintiff's financial obligations, violating **Turner v. Rogers, 564 U.S. 431 (2011)** and the **Equal Protection Clause** (See Exhibit C2-B – *Demonstrates that Title IV-D disproportionately targets non-custodial parents, violating equal protection and due process.* ).

- **Selective Enforcement Favoring Title IV-D Collections Over Parental Rights** – Judge Pollack compelled Plaintiff to provide **financial disclosures** while refusing to enforce **parenting time**, reinforcing systemic bias and financial coercion

  ((See Exhibit C2-C – *Judge Pollacks Award Confirms that states and courts financially benefit from aggressive child support enforcement, incentivizing biased rulings.)*

- **Imputed Income Without a Financial Hearing** – Judge Pollack arbitrarily imposed an **imputed income** on Plaintiff without holding a financial hearing, violating **due process and 42 U.S.C. § 1983**

  (See Exhibit C2-D – *Provides Supreme Court rulings proving Title IV-D enforcement violates due process, equal protection, and parental rights.* ).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

## C. THREATS, FINANCIAL COERCION & UNLAWFUL CONTEMPT PROCEEDINGS

**1. Retaliatory & Unconstitutional Contempt Actions**

**Weaponizing Contempt Proceedings to Enforce Financial Compliance**

- **Notice of Contempt Hearing** – Judge Pollack scheduled a contempt hearing threatening Plaintiff with **incarceration for non-payment**, despite the Florida courts' failure to enforce Plaintiff's parental rights, constituting **unlawful retaliation and selective enforcement** (See Exhibit P4-D – *Confirms judicial bias, prioritizing financial penalties while refusing to enforce Plaintiff's parental rights, violating equal protection.* )

- **Threats of Incarceration for Non-Compliance with Unlawful Orders** – Judge Pollack repeatedly used the **threat of imprisonment** to financially coerce Plaintiff while refusing to enforce time-sharing orders, violating **18 U.S.C. § 242 (Deprivation of Rights Under Color of Law)**.

**2. Financial Extortion Under Color of Law (Hobbs Act Violation, 18 U.S.C. § 1951)**

**Unlawful Financial Coercion & Extortion**

- **Extortion via Financial Coercion** – Plaintiff received a **text message** from **Stepfather and Opposing Counsel** demanding financial payments in exchange for access to Plaintiff's child, constituting **extortion under 18 U.S.C. § 1951 (Hobbs Act)**

  (See Exhibit P3-B – *Stepfather's text message demanding financial payments in exchange for child access confirms coercion and racketeering under the Hobbs Act.* ).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- **Systemic Child Support Collections Racket (RICO Predicate Act)** – The actions of **Florida Family Courts, Florida DOR, and OCSE** establish a **pattern of racketeering under 18 U.S.C. § 1962 (RICO)** by using judicial coercion to maximize **Title IV-D reimbursements** at the expense of Plaintiff's parental rights.

*TIMELINE OF KEY EVENTS*

The following timeline documents systemic judicial bias, procedural fraud, suppression of evidence, financial coercion, and due process violations committed by Defendants. Each event is supported by exhibits demonstrating irrefutable proof of constitutional violations, warranting federal intervention, compensatory and punitive damages, and immediate injunctive relief.

**1. SYSTEMIC JUDICIAL BIAS & FINANCIAL CONFLICTS OF INTEREST**

A. **May 17, 2024** – Judge Pollack receives a Clearwater Bar Association Award for aggressive child support enforcement, evidencing financial bias and conflict of interest. *(see C2 - C)*

B. **June 2024 – Present** – Reports from the Department of Health & Human Services (HHS) and the Government Accountability Office (GAO) confirm systemic bias in Florida's Title IV-D enforcement, demonstrating financial incentives that prioritize child support over parental rights.

C. **August 9, 2024** – Judge enforces financial orders while disregarding Plaintiff's compliance with court mandates. **Evidence of selective enforcement bias and judicial misconduct.**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

## 2. FRAUDULENT & CONTRADICTORY RULINGS

*A.* **November 22, 2024** – Judge Pollack falsely rules that Plaintiff is "not the father" while continuing to enforce child support obligations.

   *(See Exhibit C2-E – Demonstrates hidden revenue streams that states use to increase child support collections while neglecting parenting rights enforcement.*

- o **Significant evidence of judicial fraud, due process violations, and misconduct.**

*B.* **January 14, 2025** – The court imposes an imputed income of $61,440 without a financial hearing. *(See Exhibit C2-F – Provides Florida-specific financial breakdown proving child support enforcement is prioritized for profit rather than fairness. )*

- o **Strong evidence of due process and equal protection violations.**

## 3. SUPPRESSION OF EVIDENCE & PROCEDURAL VIOLATIONS

*A.* **October 1, 2024** – Opposing Counsel falsely denies Plaintiff's completion of the required parenting course, misleading the court to justify continued parental alienation.

- o **Demonstrates intentional suppression of exculpatory evidence.**

*B.* **November 25, 2024** – Stepfather and Opposing Counsel demand financial payments in exchange for Plaintiff's access to his child.

- o **Evidence of financial coercion and judicial extortion under the Hobbs Act (18 U.S.C. § 1951).**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

## 4. FINANCIAL COERCION & UNLAWFUL CONTEMPT PROCEEDINGS

- **September 9, 2024** – Court conditions visitation on financial compliance, creating an unlawful enforcement bias favoring financial obligations over parental rights. *(See Exhibit P1-D – Confirms systemic financial exploitation under Title IV-D, reinforcing the claim of unconstitutional judicial profiteering at Plaintiff's expense.)*

## *EXHIBITS LIST*

## SYSTEMIC JUDICIAL BIAS & FINANCIAL CONFLICTS OF INTEREST

- **Exhibit** -- Judicial Biography *(Judge Pollack's Background as a Former Child Support Enforcement Attorney)*

- **Exhibit** – May 17, 2024 Clearwater Bar Association Award *(Judge Pollack's Recognition for Aggressive Child Support Enforcement)*

- **Exhibit** – Title IV-D Federal Funding Reports *(Confirming Financial Bias in Florida Courts)*

- **Exhibit** – GAO and HHS Reports on Systemic Bias *(Title IV-D Enforcement Bias)*

- **Exhibit** – Florida Bar & Judicial Membership Records *(Judge Pollack's Involvement in Family Law Policy Favoring Title IV-D)*

## FRAUDULENT & CONTRADICTORY RULINGS

- **Exhibit** – November 22, 2024 Court Transcript *(Judge Pollack's False Paternity Ruling While Enforcing Child Support)*

- **Exhibit** – January 14, 2025 Financial Order *(Unconstitutional Imputed Income of $61,440 Without a Hearing)*

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**SUPPRESSION OF EVIDENCE & PROCEDURAL VIOLATIONS**

- **Exhibit** – Parenting Course Completion Certificate *(October 1, 2024 – Suppressed to Justify Parental Alienation)*

- **Exhibit** – Suppressed Paternity Evidence *(Brady v. Maryland Violation – Opposing Counsel's Misconduct)*

- **Exhibit** – November 25, 2024 Text Messages *(Stepfather & Opposing Counsel Demand Money for Plaintiff's Access to His Child)*

**FINANCIAL COERCION & UNLAWFUL CONTEMPT PROCEEDINGS**

- **Exhibit** – Court Order *(September 9, 2024 – Visitation Unlawfully Conditioned on Financial Compliance -*

  *(**See Exhibit C2-G** – Documents Congressional hearings recognizing Title IV-D enforcement as financially motivated rather than child-focused. )*

*HARM AND DAMAGES*

**1. VIOLATION OF FUNDAMENTAL CONSTITUTIONAL RIGHTS**

**Deprivation of Due Process (14th Amendment Violation)**

- Defendants engaged in systemic judicial bias, procedural fraud, and suppression of evidence, creating a fraudulent and unconstitutional trial process.

- Plaintiff was denied an impartial judge, as Judge Pollack had a direct financial conflict of interest through Title IV-D enforcement incentives.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- Court rulings prioritized financial collections over Plaintiff's parental rights, violating due process and equal protection.

**Denial of Equal Protection (14th Amendment Violation & 42 U.S.C. § 654(20))**

- Title IV-D financial incentives drove judicial misconduct, causing selective enforcement of child support obligations while refusing to enforce parenting time.
- Plaintiff was subjected to an unconstitutional "pay-to-play" system, where his parental rights were contingent upon financial compliance, violating equal protection.

**Suppression of Evidence & Obstruction of Justice (Brady v. Maryland Violation)**

- Exculpatory evidence regarding Plaintiff's paternity and parenting compliance was deliberately suppressed by Opposing Counsel and Judge Pollack to justify continued Title IV-D enforcement.
- The court denied a court reporter, obstructing Plaintiff's ability to appeal and violating due process rights.

**Violation of 42 U.S.C. § 1983 – Civil Rights Deprivation Under Color of Law**

- Judge Pollack knowingly issued fraudulent orders, wrongfully enforcing child support while denying parental rights enforcement.
- Florida DOR and OCSE engaged in systemic enforcement bias, depriving Plaintiff of constitutional protections.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

## 2. SEVERE EMOTIONAL & PSYCHOLOGICAL DISTRESS

**Extreme & Prolonged Parental Alienation**

- Plaintiff was deprived of parental rights for over 14 months due to Defendants' refusal to enforce court-ordered time-sharing.

- Unlawful judicial rulings severed the father-child bond, causing irreparable damage to the child's emotional and psychological development.

- Missed birthdays, holidays, and key milestones permanently damaged Plaintiff's relationship with his child.

- **See Exhibit P3-C** – *Establishes a documented timeline of missed holidays, birthdays, and prolonged parental alienation, proving intentional harm to the father-child relationship.*

**Intentional Infliction of Emotional Distress (IIED) – Extreme & Outrageous Conduct**

- Defendants' misconduct was egregious and outrageous, beyond what any reasonable person could tolerate.

- Plaintiff was threatened with incarceration, despite the state's refusal to enforce his parental rights, creating severe anxiety, humiliation, and mental anguish.

- Emotional distress from fraudulent rulings and financial coercion resulted in PTSD-like symptoms, including sleep deprivation, depression, and anxiety.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Psychological Trauma to the Child**

- Defendants' actions harmed Plaintiff's child by facilitating wrongful separation of a father and child, violating 42 U.S.C. § 654(20).
- The child experienced emotional distress due to the court's refusal to enforce time-sharing orders, creating long-term psychological harm.

### 3. SIGNIFICANT & UNJUST FINANCIAL HARM

**Wrongful Title IV-D Enforcement & Unlawful Child Support Orders**

- The court enforced a fraudulent child support obligation against Plaintiff, despite a ruling falsely declaring that Plaintiff was "not the father."
- Plaintiff was forced to pay substantial wrongful child support payments under threat of contempt and incarceration, while simultaneously being denied parenting rights.
- The court refused to acknowledge Plaintiff's financial compliance, leading to unjust wage garnishments and credit damage.

**Imputed Income Without a Hearing – Arbitrary & Unconstitutional Financial Burden**

- The court imposed an imputed income of $61,440 per year on Plaintiff without holding a financial hearing, violating due process and federal child support guidelines.
- Wrongful income imputation resulted in excessive child support obligations, collections actions, and legal costs exceeding $75,000 - $120,000.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Fraudulent Title IV-D Federal Reimbursement Scheme (RICO Predicate Act)**

- Florida DOR, OCSE, HHS, and Judge Pollack engaged in a financial scheme to maximize federal reimbursements through fraudulent child support enforcement orders.

- Plaintiff's unlawfully collected child support payments were used to inflate Florida's Title IV-D reimbursement claims, constituting federal fraud (18 U.S.C. § 1341).

**Unjust Enrichment & Economic Devastation**

- Defendants wrongfully profited from Plaintiff's financial loss, leaving him unable to afford legal representation, housing stability, or further litigation costs.

- Plaintiff would incur over $75,000 - $120,000 in legal fees, travel expenses, and lost wages while fighting fraudulent Title IV-D enforcement.

## 4.  RETALIATION, FINANCIAL COERCION & UNLAWFUL THREATS OF INCARCERATION

**Unlawful Contempt Hearing & Retaliation**

- Judge Pollack scheduled a contempt hearing to threaten Plaintiff with incarceration despite failing to enforce Plaintiff's parental rights.

- Defendants used threats of jail time to extort payments from Plaintiff, while refusing to ensure his access to his child, constituting a Hobbs Act violation (18 U.S.C. § 1951).

**Extortion via Financial Coercion**

- Plaintiff received a text message from Stepfather and Opposing Counsel demanding financial payments in exchange for access to Plaintiff's child.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- This action constitutes financial extortion and coercion under the Hobbs Act (18 U.S.C. § 1951).

## 5. LOSS OF FAIR HEARINGS, JUDICIAL INTEGRITY & LEGAL RIGHTS

**Obstruction of Justice – Denial of a Court Reporter & Appeal Rights**

- Judge Pollack refused to allow a court reporter, obstructing appellate review and due process.

- The denial of appellate review was a deliberate effort to suppress evidence of judicial misconduct.

  **(See Exhibit C2-H** – *Confirms how Title IV-D systematically disenfranchises non-custodial parents, violating their due process and equal protection rights.)*

**Systemic Due Process Violations & Suppression of Evidence**

- Plaintiff's case was plagued with suppressed evidence, fraudulent rulings, and judicial bias, leading to an unjust and unconstitutional trial process.

- Denial of fair hearings resulted in extreme financial and emotional harm that cannot be remedied through monetary damages alone.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

### 6. FINAL CONCLUSION: SYSTEMIC, OUTRAGEOUS, AND UNCONSTITUTIONAL MISCONDUCT REQUIRING FEDERAL INTERVENTION

This case is not about a single judge, a single ruling, or a routine family law dispute. It exposes a state-run, federally-funded scheme that prioritizes financial enforcement over constitutional parental rights, resulting in widespread due process violations, financial coercion, and procedural fraud.

The Florida Family Court system, Judge Pollack, the Florida Department of Revenue (DOR), the Office of Child Support Enforcement (OCSE), and opposing counsel engaged in an orchestrated deprivation of Plaintiff's fundamental rights under color of law—a direct violation of federal law and constitutional protections. Immediate federal intervention, injunctive relief, compensatory and punitive damages, and judicial accountability are required.

### 7. UNDISPUTABLE FINDINGS: SYSTEMIC VIOLATIONS & IRREFUTABLE EVIDENCE

**Judicial Bias & Financial Conflict of Interest**

- Judge Pollack had a direct financial incentive to prioritize child support enforcement over Plaintiff's parental rights, as demonstrated by:
    - His prior employment with Florida's Child Support Enforcement Division

        *(See Exhibit C2-I – Proves that Title IV-D enforcement disproportionately punishes non-custodial parents financially while ignoring court-mandated parenting time. ).*

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

1
2
3

    ○  His award from the Clearwater Bar Association for maximizing child support enforcement, proving bias.

4
5
6

    ○  His role in shaping Title IV-D enforcement policies through the Florida Bar Family Law Rules Committee

7
8

    *(See Exhibit C2-J – Confirms judicial profiteering from child support enforcement, creating a systemic bias against non-custodial parents. ).*

9
10
11

**Deliberate Violations of Due Process & Equal Protection (14th Amendment Violations)**

12
13
14
15

- Florida courts unconstitutionally enforced child support obligations while refusing to enforce Plaintiff's parental rights, violating equal protection and due process

16
17

    *(See Exhibit C2-K – Demonstrates how courts profit from increasing parental conflict, discouraging cooperative parenting in favor of financial gain. ).*

18
19
20
21
22

- Judge Pollack knowingly issued contradictory rulings, falsely declaring Plaintiff was "not the father" while still enforcing child support obligations, violating *Turner v. Rogers* (2011)

23
24
25

    *(See Exhibit C2-L – Reveals the psychological and legal manipulation tactics used to coerce compliance in Title IV-D enforcement. ).*

26
27
28

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- Plaintiff was subjected to an unconstitutional "pay-to-play" system, where access to his child was conditioned on compliance with financial obligations, violating 42 U.S.C. § 654(20) .

**Suppression of Exculpatory Evidence (*Brady v. Maryland* Violation)**

- Opposing Counsel and Judge Pollack engaged in a conspiracy to suppress critical exculpatory evidence, including:
  - Paternity test results disproving Plaintiff's financial obligations *(Discovery – Suppressed Paternity Evidence).*
  - Proof of Plaintiff's parenting compliance, ignored to justify continued alienation.
  - Denial of a court reporter to obstruct appellate review, constituting procedural fraud

**Financial Extortion & Coercion Under Color of Law (*Hobbs Act* Violation, 18 U.S.C. § 1951)**

- Opposing Counsel and Plaintiff's child's stepfather engaged in extortion, demanding financial payments in exchange for access to Plaintiff's child *(Exhibit – Text Message).*
- Judge Pollack scheduled contempt hearings as a weapon of financial coercion, threatening jail time while refusing to enforce Plaintiff's parental rights *(Exhibit – Contempt Hearing Notice).*
- Florida's judiciary and enforcement agencies operated a child support collection racket, using judicial coercion to maximize federal Title IV-D reimbursements, constituting RICO predicate acts under 18 U.S.C. § 1962 *(Exhibit – Title IV-D Financial Breakdown).*

Severe & Irreparable Harm to Plaintiff & Child

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- Plaintiff was deprived of parental rights for over 14 months due to the court's refusal to enforce time-sharing orders, causing:
    - Extreme parental alienation

        *(See Exhibit C2-M – Documents how Title IV-D policies escalate custody conflicts, increasing hostility and legal battles for financial benefit. ).*
    - Severe emotional distress, anxiety, and PTSD-like symptoms due to fraudulent judicial enforcement

        *(See Exhibit C2-N – Court transcript confirms judicial bias—Judge Pollack dismisses Plaintiff's parental rights while denying a GAL/psych eval motion that could exonerate him. ).*

- Plaintiff suffered catastrophic financial harm, including:
    - Unconstitutional imputation of $61,440 annual income without a financial hearing
    - Legal fees, costs, and lost wages exceeding $75,000 - $120,000 while fighting fraudulent enforcement actions.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**8. RELIEF SOUGHT**

Plaintiff incorporates by reference all facts, evidence, and exhibits cited in this Count as factual and supported by governing law. The violations set forth in this Count have caused irreparable harm, financial damages, and constitutional deprivations requiring immediate federal intervention.

**Plaintiff respectfully requests that this Court grant all relief sought for this claim as outlined in Section VIII – Prayer for Relief, including but not limited to:**

**Declaratory Relief:** A declaration that the actions of Defendants, as described in this Count, constitute violations of Plaintiff's constitutional rights, including due process and equal protection under the Fifth and Fourteenth Amendments.

**Injunctive Relief:** Immediate suspension and correction of all unconstitutional enforcement actions against Plaintiff, including the cessation of any enforcement that violates 42 U.S.C. § 654(20) and Supreme Court precedent.

**Compensatory & Punitive Damages:** Full compensation for economic loss, wrongful garnishments, attorney's fees, and financial penalties imposed in violation of federal law, as further detailed in Section VIII.

**Systemic Reform & Federal Oversight:** Mandated federal review of Florida's Title IV-D enforcement policies to ensure compliance with constitutional protections and equal enforcement mandates.

**Other Relief:** Any additional relief deemed just and proper by this Court to remedy the unconstitutional deprivations suffered by Plaintiff.

**For all specific relief sought, Plaintiff refers to Section VIII – Prayer for Relief, which fully consolidates all remedies requested across all Counts.**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

1
2
3

### 9. FINAL CONCLUSION: WARRANTING MAXIMUM LEGAL REMEDIES

4
5
6
7

This is not a simple family court dispute—this is a constitutional crisis. Judicial misconduct, financial corruption, and systemic enforcement bias have defrauded Plaintiff, violated his fundamental rights, and caused irreparable harm to his child.

8
9
10
11
12

- There is **no legal basis** for dismissal.
- There is **no defense** that can justify these egregious constitutional violations and withholding children from plaintiff for 474 days.
- **Federal oversight is the only solution** to halt this unconstitutional abuse of power.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

# LEGAL CLAIMS

# COUNT 3

**COUNT 3: RACKETEERING, EXTORTION, AND DUE PROCESS VIOLATIONS**

(18 U.S.C. §§ 1962, 1951 – RICO & Hobbs Act; 42 U.S.C. §§ 1983, 654(20); False Claims Act – 31 U.S.C. § 3729; U.S. Const. amend. XIV – Due Process Clause)

**1. LEGAL CLAIM & THEORY**

Plaintiff asserts that Defendants engaged in a racketeering enterprise under the **RICO Act (18 U.S.C. § 1962)** by prioritizing financial enforcement over parental rights to maximize federal Title IV-D reimbursements in violation of federal law and constitutional protections.

Defendants misused government authority to extort financial compliance, suppress due process protections, and condition parental access on financial obligations—a direct violation **of 42 U.S.C. § 654(20).**

This action does not challenge individual custody determinations but instead exposes systemic corruption within **Florida's Title IV-D enforcement,** where financial incentives supersede constitutional protections.

The false certification of federal compliance under **Title IV-D constitutes fraudulent misrepresentation under the False Claims Act (31 U.S.C. § 3729),** warranting federal intervention.

Defendants' actions constitute an unconstitutional enforcement scheme that:

- Defrauds the federal government through fraudulent **Title IV-D** reimbursement claims.
- Violates due process by suppressing Plaintiff's **parental rights** without legal justification.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- Engages in financial coercion by conditioning fundamental parental rights on child support compliance.

- Operates as a **de facto RICO** enterprise, where courts, agencies, and attorneys systematically profit from enforcement practices while ignoring federal mandates requiring equal enforcement of parenting rights.

**A. See (Exhibit C3-A) –** *Follow the Money: The Trillion-Dollar Scheme Behind Title IV-D*
This exhibit provides financial data proving that Title IV-D enforcement is designed primarily as a **revenue-generating scheme**, rather than a child welfare program. It establishes the financial incentives states have to prioritize child support collections over parental rights.

**B. See (Exhibit C3-B) –** *Financial Incentives & Their Impact on Child Support Enforcement* Demonstrates that **Title IV-D's financial structure** pressures states to maximize collections, even at the cost of due process and equal protection. This directly supports the claim that states enforce child support in ways that **disregard parental rights and constitutional protections**.

## 2. STATUTORY VIOLATIONS & LEGAL PRECEDENTS

### A. FEDERAL LAW VIOLATIONS

#### i. Racketeer Influenced and Corrupt Organizations Act (RICO) – 18 U.S.C. § 1962(c)

Prohibits participation in an enterprise that engages in a pattern of racketeering activity, including fraud, coercion, and extortion.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

Defendants colluded to manipulate legal proceedings, falsify income calculations, and extort payments through coercive judicial practices.

**ii.    Predicate Acts:**

   I.    **Mail & Wire Fraud** – 18 U.S.C. §§ 1341, 1343 (False filings to obtain Title IV-D funds)

   II.   **Extortion** – 18 U.S.C. § 1951 (Coercing financial compliance through judicial rulings)

   III.  **Fraudulent Claims for Federal Funds** – 31 U.S.C. § 3729 (False claims for Title IV-D reimbursements)

**2. Hobbs Act – 18 U.S.C. § 1951**

Prohibits extortion under color of law, including coercion through judicial bias and fraudulent enforcement practices.

Plaintiff's parental rights were conditioned upon financial compliance, amounting to unlawful extortion.

**3. False Claims Act – 31 U.S.C. §§ 3729-3733**

Prohibits fraudulent claims for federal reimbursement under **Title IV-D**.

Florida's Title **IV-D program** falsely certified compliance with federal law while failing to enforce equal parental rights.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**4. Civil Rights Violations – 42 U.S.C. § 1983**

Protects against violations of federal constitutional rights by state actors under color of law.

Defendants violated Plaintiff's due process and equal protection rights by:

    A.  Enforcing financial obligations while denying time-sharing rights.

    B.  Suppressing exculpatory evidence in child support proceedings.

**5. Title IV-D Compliance Mandate – 42 U.S.C. § 654(20)**

Mandates equal enforcement of child support and parenting time as a federal funding requirement.

Defendants selectively enforced child support **while refusing to enforce parenting time—** violating federal law.

    **A. See (Exhibit C3-C)** – *Government & Federal Reports Confirming Title IV-D Bias* **Provides official findings** from **federal agencies** demonstrating that **Title IV-D** systematically **discriminates against non-custodial parents**, enforcing financial obligations while failing to uphold parenting time enforcement equally.

**6. Fourteenth Amendment – Due Process & Equal Protection Clauses**

Protects against government deprivation of fundamental rights without fair legal process.

Defendants engaged in systemic due process violations by:

- Suppressing Plaintiff's parenting rights.
- Using fraudulent income calculations to inflate support obligations.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- Engaging in judicial bias due to financial incentives from Title IV-D funding.

A. See (Exhibit C3-D) – *Government Accountability Office (GAO) Reports on Title IV-D Funding & Enforcement*

*B.* GAO findings **confirm that Title IV-D agencies mismanage funds**, fraudulently inflate enforcement numbers, and **fail to enforce parental rights**—establishing direct financial bias in enforcement.

C. See (Exhibit C3-E) – *Proving Extortion & Systemic Fraud* Documents **financial coercion tactics** used by **Title IV-D enforcement agencies**, proving that child support compliance is often **enforced through extortion-like tactics** that violate federal law.

**B. KEY LEGAL PRECEDENTS SUPPORTING PLAINTIFF'S CLAIMS**

i. **McCormick v. U.S., 500 U.S. 257 (1991)** – Government financial coercion constitutes extortion.

ii. **Scheidler v. NOW, 537 U.S. 393 (2003)** – Extortion includes coercing financial compliance through legal threats.

iii. **Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)** – RICO applies when a government entity engages in fraudulent financial practices.

iv. **Blessing v. Freestone, 520 U.S. 329 (1997)** – Title IV-D programs must comply with federal due process protections.

v. **Turner v. Rogers, 564 U.S. 431 (2011)** – Child support enforcement must follow procedural due process.

vi. **Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)** – Judicial bias due to financial incentives violates due process.

120

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

    vii.   **Doe v. Chao, 540 U.S. 614 (2004)** – Government financial coercion is a due process violation.

    viii.  **Bailey v. Alabama, 219 U.S. 219 (1911)** – Extortion through financial coercion violates federal anti-peonage protections.

    ix.   **Troxel v. Granville, 530 U.S. 57 (2000)** – Parental rights are fundamental liberty interests protected under the Due Process Clause.

## 2. DEFENDANTS

**Defendants Responsible:** *All defendants listed in Section II: Defendants.*

Plaintiff fully incorporates **Section II: Defendants** as if fully set forth herein, asserting that all named Defendants engaged in a **pattern of racketeering, extortion, and systemic due process violations** under **18 U.S.C. §§ 1961-1962 (RICO) and 18 U.S.C. § 1951 (Hobbs Act).** The specific acts of financial coercion, judicial collusion, and fraudulent enforcement tactics committed by each Defendant are outlined in **Section II: Defendants** and are **directly applicable to this claim.**

## 3. JURISDICTION

Jurisdiction for this claim is properly established under 28 U.S.C. § 1331 (Federal Question Jurisdiction), 18 U.S.C. §§ 1962 and 1964 (RICO Act), and related federal statutes, as set forth in Section III. Plaintiff incorporates by reference the complete jurisdictional analysis contained in Section III, which details this Court's authority over the claims asserted herein.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

## 4. FACTUAL BASIS & SUPPORTING AUTHORITY

**Fraud, Extortion, and Judicial Misconduct in Title IV-D Enforcement**

### A.  Fraudulent Title IV-D Enforcement & Financial Exploitation

**Date:** December 15, 2023

**Actors:** Florida Department of Revenue (DOR), Opposing Counsel, Florida Family Court

**Event:** Opposing Counsel and Mother initiated a Title IV-D enforcement action, triggering federal reimbursement incentives for Florida, despite failing to enforce federally mandated parenting rights. The state's refusal to ensure equal parental enforcement while collecting Title IV-D reimbursements constitutes fraud in reporting to the federal government. This systemic fraud is the foundation of the ongoing RICO enterprise.

**Financial Impact:** $5,000 – $12,000+ annually in child support.

**Legal Violations:**

- False Claims Act (31 U.S.C. § 3729) – Fraudulent reimbursement claims.
- RICO (18 U.S.C. § 1962(c)) – Use of state power to extract financial payments fraudulently.
- Due Process Violation (42 U.S.C. § 1983, 654(20)) – Denial of equal enforcement of parenting                                                                                      rights.

**Supporting Evidence:**

  i. *See **Exhibit P1-C** -Court filings where Defendant and counsel included false allegations to justify Title IV-D enforcement. Demonstrates fraudulent misrepresentation.*

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES

### B. Extortion: Conditioning Parental Rights on Financial Compliance

**Date:** February 14, 2024

**Actors:** Mother

**Event:** Mother scheduled a visitation, then stated, "Only meeting for a child support payment," explicitly tying Plaintiff's access to his child to a financial transaction. This demonstrates coercion by conditioning a fundamental parental right on financial compliance, constituting extortion under federal law.

**Financial Impact:** Irreparable and Severe Emotional Harm.

**Legal Violations:**

- Hobbs Act (18 U.S.C. § 1951) – Extortion through financial coercion.
- Due Process Violation (*Troxel v. Granville*, 530 U.S. 57 (2000)) – Parental rights cannot be arbitrarily withheld.

**Supporting Evidence:**

    i.    See **Exhibit P2-A** - Text messages where Defendant explicitly ties visitation to child support compliance, proving financial coercion.

### C. Process Server Ambush & Judicial Harassment

**Date:** February 23, 2024 (4:10 PM)

**Actors:** Process Server, Opposing Counsel, Florida Family Court

**Event:** Plaintiff was served with legal documents at the exact time of his scheduled visitation, disrupting his parenting time and triggering contempt proceedings. This is part of a larger scheme of judicial harassment aimed at increasing Plaintiff's financial and legal

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

burdens.

**Financial Impact:** $2500 – $5000 in legal fees.

**Legal Violations:**

- Judicial Harassment (*Pierson v. Ray*, 386 U.S. 547 (1967)) – Use of judicial power to intimidate individuals.
- RICO Predicate Act (18 U.S.C. § 1962) – Coordinated judicial misconduct.

**Supporting Evidence:**

    i.    See (**Exhibit P2-A_** - Text messages where Defendant explicitly ties visitation to child support compliance, proving financial coercion - Process server documentation and deceptive text messages showing Plaintiff was ambushed at visitation, proving due process violations and judicial harassment.

- Process server records, court filings.

**D. Judicial Corruption & Financial Conflicts of Interest**

**Date:** May 17, 2024

**Actors:** Florida Judicial System, Judge Pollack

**Event:** Judge Pollack received a Title IV-D enforcement award, reinforcing judicial bias in favor of maximizing state revenue through child support obligations. This constitutes a clear financial conflict of interest, violating due process.

**Financial Impact:** None (but influences financial rulings).

**Legal Violations:**

- Conflict of Interest (*In re Murchison*, 349 U.S. 133 (1955)) – Judges must be impartial.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- Judicial Bias (*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009)) – Financial conflicts violate due process.

  i.  **Supporting Evidence:** See (**Exhibit C2-C**)- Award system proving Judge Pollack's bias and financial incentives for aggressive Title IV-D enforcement, confirming systemic corruption.

**E.  Suppression of Exculpatory Evidence**

**Date:** October 1, 2024

**Actors:** Plaintiff, Opposing Counsel

**Event:** Plaintiff submitted proof of completing a court-mandated parenting course and emotional videos proving active parental involvement. Opposing Counsel suppressed this evidence, allowing continued financial enforcement while denying parenting time.

**Financial Impact:** $50 for parenting course.

**Legal Violations:**

- Suppression of Exculpatory Evidence (*Brady v. Maryland*, 373 U.S. 83 (1963)) – Due process violation.

  i.  **Supporting Evidence:** *See (Exhibit P2-D)* – Plaintiff's parenting course completion certificate was ignored and suppressed to justify continued parental alienation.

**F.  Financially Motivated GAL & Psychological Evaluation Requests**

**Date:** October 3, 2024

**Actors:** Opposing Counsel

**Event:** Opposing Counsel requested unnecessary GAL and psychological evaluations,

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

inflating litigation costs.

**Financial Impact:** $3,000 – $6,000+.

**Legal Violations:**

- Judicial Collusion (RICO Predicate Act – 18 U.S.C. § 1962).

  i. **Supporting Evidence:** *See (Exhibit P2-E2)* – Attorney response confirming Mother's legal strategy, which included GAL and psychological evaluations, proving a legal maneuver to increase costs and obstruct Plaintiff's rights.

### G. Fraudulent Paternity Rulings & Contradictory Judicial Orders

**Date:** November 22, 2024

**Actors:** Florida Family Court, Judge Pollack

**Event:** Judge Pollack denied Opposing Counsel's request for a Guardian ad Litem (GAL) and psychological evaluation but then declared, "You're not even the father." This statement directly contradicts previous rulings that enforced child support obligations against Plaintiff.

**Financial Impact:** Prior fees for GAL/Psych evaluations still incurred.

**Legal Violations:**

- Fraud on the Court (Florida Rule of Civil Procedure 1.540(b)) – Material misrepresentation by the court.

- Violation of Equal Protection (U.S. Const. Amend. XIV) – Imposing financial obligations without recognizing parental rights.

- Due Process Violation (*Turner v. Rogers*, 564 U.S. 431 (2011)) – Arbitrary enforcement of child support without fair adjudication.

  i. **Supporting Evidence:**

126

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

I.    See *(Exhibit C2-N)* – Court transcript where Judge Pollack ruled Plaintiff was "not the father" while enforcing child support, demonstrating judicial fraud and due process violations.

II.   **See (Exhibit C3-F)** – *Legal Strategies & Actions Against Title IV-D* Summarizes federal legal actions against **Title IV-D fraud** and **how courts have challenged unconstitutional enforcement practices**, directly supporting Plaintiff's claim of fraud upon the court.

**H. Extortion Attempt Through Adoption Threats & Financial Coercion**

**Date:** November 28, 2024 (Thanksgiving Day)

**Actors:** Stepfather

**Event:** Stepfather sent Plaintiff his fourth adoption request. When Plaintiff declined, Stepfather responded, "Looking forward to your financial disclosures." This statement demonstrates an attempt to coerce Plaintiff into surrendering parental rights through financial threats.

**Financial Impact:** None directly, but continued financial coercion.

**Legal Violations:**

- Extortion (Hobbs Act, 18 U.S.C. § 1951) – Coercion through financial threats.

- RICO Predicate Act (18 U.S.C. § 1962(c)) – Financial coercion as part of an ongoing enterprise.

- Intentional Infliction of Emotional Distress (IIED) – *Restatement (Second) of Torts § 46* – Extreme and outrageous conduct causing severe distress.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Supporting Evidence:**

    **i.** *See* *(Exhibit P3-B)* – Text exchange where Stepfather pressured Plaintiff for adoption and linked it to financial disclosure, demonstrating coercion and racketeering under the Hobbs Act.

- Fraudulent Income Imputation & Excessive Child Support Orders

    **ii.** **See (Exhibit C3-G)** – *Estimated Cost of a Full Legal Team for Federal Litigation*

Documents the **financial burden required** to take **legal action against Title IV-D fraud**, proving that **the system is designed to make legal challenges nearly impossible for affected parents**.

**Date:** January 14, 2025

**Actors:** Judge Pollack, Title IV-D System

**Event:**

Judge Pollack falsely imputed an income of $61,440 to Plaintiff without evidence, significantly inflating child support obligations. This fraudulent imputation ensured that Title IV-D enforcement continued, securing federal reimbursements for the state. Despite Plaintiff's financial disclosures, the court disregarded actual income records, violating due process.

**Financial Impact:** $5,000 – $12,000+ in excessive child support obligations.

**Legal Violations:**

- **Mail Fraud (18 U.S.C. § 1341) & Wire Fraud (18 U.S.C. § 1343)** – Use of fraudulent court orders for financial gain.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- **RICO (18 U.S.C. § 1962(c))** – Coordinated fraud by the court to maintain financial penalties.
- **Due Process Violation (*Turner v. Rogers*, 564 U.S. 431 (2011))** – Unlawful financial imputation.

**Supporting Evidence:**

    i.   *See (Exhibit P4-C)* – Court order falsely imputing an income of $61,440 to Plaintiff without evidence, inflating financial penalties and securing Title IV-D reimbursements.

    ii.   **See (Exhibit C3-H)** – *Title IV-D's Financially Driven Child Support Corruption* Exposes how **Title IV-D prioritizes financial incentives over child welfare**, proving that **states profit from keeping non-custodial parents in perpetual debt**.

**I.  Judicial Refusal to Enforce Parental Rights & Mediation Denial**

**Date:** February 3, 2025

**Actors:** Judge Pollack, Florida Family Court

**Event:**

Plaintiff filed a motion requesting time-sharing enforcement, mediation, and child support adjustments. Judge Pollack denied all requests, ensuring that financial penalties remained while continuing to block parenting rights. By refusing mediation and adjustments, the court obstructed Plaintiff's right to due process.

**Financial Impact:** $500 – $1,500 in legal fees.

**Legal Violations:**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- **Equal Protection Violation (42 U.S.C. § 1983, 654(20))** – Denial of parenting rights while enforcing financial obligations.
- **RICO Predicate Act (18 U.S.C. § 1962(c))** – Judicial misconduct to maintain financial penalties.

**Supporting Evidence:**

    i.    *See (**Exhibit P4-B**)* -- Emergency Motion for Time-Sharing was denied without justification, proving judicial bias and refusal to enforce parental rights.

## J.  Opposing Counsel Threatens Jail for Non-Payment

**Date:** February 13, 2025

**Actors:** Opposing Counsel, Florida Court

**Event:**

Opposing Counsel explicitly threatened Plaintiff with jail time for non-payment of child support, despite ongoing legal motions. The court's willingness to impose incarceration without a proper hearing constitutes extortion under color of law. This threat was intended to force compliance under duress, rather than through legitimate legal procedures.

**Financial Impact:** $500 -- $1,000 in potential contempt-related legal costs.

**Legal Violations:**

- **Extortion Under Color of Law (*Scheidler v. NOW*, 537 U.S. 393 (2003))** – Use of legal threats for financial gain.
- **Due Process Violation (*Turner v. Rogers*, 564 U.S. 431 (2011))** – Unlawful incarceration threats for civil child support.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Supporting Evidence:**

ii.     *See (Exhibit P4-D)* – Court order confirming the use of incarceration threats as a

coercion tactic to enforce child support without procedural safeguards.

**K. Pay-to-Parent Scheme – Mandatory Mediation Fees**

**Date:** February 27, 2025

**Actors:** Judge Pollack, Mediation Program

**Event:**

Judge Pollack ordered mandatory mediation, requiring Plaintiff to pay $120 with no

guarantee of parenting time enforcement. The imposition of fees for exercising parental

rights constitutes a pay-to-parent scheme, violating due process. Mediation fees financially

benefit the court-connected mediation program, creating a conflict of interest.

**Financial Impact:** $120.

**Legal Violations:**

A. **RICO (18 U.S.C. § 1962(c))** – Financial coercion as part of an ongoing enterprise.

B. **Hobbs Act (18 U.S.C. § 1951)** – Financial coercion through judicial orders.

**Supporting Evidence:**

i.     *See (Exhibit P3-E2)* – Court order requiring Plaintiff to pay for mediation while

enforcing Title IV-D penalties, proving financial coercion.

**L.  Court-Ordered Financial Disclosures & Legal Fees Imposed on Plaintiff**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND
DAMAGES**

**Date:** February 28, 2025

**Actors:** Judge Pollack, Opposing Counsel

**Event:**

Judge Pollack ordered Plaintiff to disclose his full financial records and simultaneously compelled him to pay Mother's legal fees. This ruling ensured continued financial exploitation while denying Plaintiff access to his child. Forcing Plaintiff to pay the opposing party's legal fees while denying his own rights constitutes judicial financial abuse.

**Financial Impact:** $1,000 – $3,000 in legal fees.

**Legal Violations:**

**A. Financial Exploitation (RICO Predicate Act – 18 U.S.C. § 1962(c)).**

**B. Due Process Violation (U.S. Const. Amend. XIV).**

**Supporting Evidence:**

    i.    *See (Exhibit P4-C)* – Order compelling financial disclosure and payment of the opposing party's legal fees, demonstrating judicial financial abuse.

    ii.   **See (*Exhibit C3-I*)** – *Title IV-D Manipulation Tactics & Psychological Impact* Examines the **psychological consequences** of Title IV-D enforcement on parents and children, proving that **enforcement tactics create undue emotional distress and financial despair**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**5. HARM AND DAMAGES**

(RICO, Extortion, Due Process Violations, and Systemic Title **IV-D Fraud – 18 U.S.C. §§ 1962, 1951; 42 U.S.C. §§ 1983, 654(20);** False Claims Act – **31 U.S.C. § 3729; U.S.** Const. amend. XIV)

The harm and damages inflicted upon Plaintiff are extensive, quantifiable, and legally actionable, arising from a coordinated scheme of racketeering, extortion, judicial bias, and systemic due process violations under **Florida's Title IV-D child support** enforcement system. The Defendants' misconduct—driven by financial incentives tied to federal Title IV-D reimbursements—caused severe financial, emotional, and reputational harm to Plaintiff while unlawfully depriving him of his constitutional parental rights.

**A. ECONOMIC DAMAGES**

Defendants' unlawful actions resulted in substantial financial harm, including:

    **i.**    **Fraudulent & Excessive Child Support Orders**

        I.    False income imputation ($61,440 per year) resulted in an inflated child support obligation exceeding $5,000 – $12,000 annually.

        II.    Judicial collusion to maintain erroneous financial obligations ensured continued Title IV-D reimbursements at Plaintiff's expense.

        III.    **Financial impact:** Estimated $40,000 – $60,000 in wrongful payments and garnishments.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**B.  Legal Costs & Procedural Harassment**

    i.    Attorney's fees, contempt hearings, and retaliatory legal motions generated substantial legal expenses.

    ii.   Process server ambush tactics and forced litigation caused Plaintiff to incur $7,500 – $15,000 in unnecessary legal costs.

    iii.  Court-imposed mediation fees ($120 per session), Guardian ad Litem fees ($3,000 – $6,000), and forced financial disclosures.

    iv.  **Financial impact:** Estimated $12,000 – $20,000 in direct legal costs.

**C.  Financial Exploitation Through Title IV-D-Linked Court Orders**

    i.    Court-imposed attorney's fees for the opposing party ($1,000 – $3,000).

    ii.   Mandatory supervised visitation costs ($50 – $150 per hour), creating a "pay-to-parent" scheme.

    iii.  Loss of employment opportunities due to wage garnishments and license suspensions.

    iv.  **Financial impact:** Estimated $15,000 – $30,000+ in coerced compliance costs.

**TOTAL ESTIMATED ECONOMIC DAMAGES:** $75,000 – $120,000+

**D.  EMOTIONAL & PSYCHOLOGICAL DAMAGES**

Defendants' misconduct caused significant emotional distress, including:

    i.    **Parental Alienation & Loss of Parent-Child Bond**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

I.  Plaintiff was deprived of meaningful time with his child due to financial coercion.

II.  Defendants conditioned parental access on financial payments, creating psychological harm.

III.  **Emotional impact:** Severe distress from prolonged separation from Plaintiff's child, violating fundamental parental rights under *Troxel v. Granville*, 530 U.S. 57 (2000).

### E.  Psychological Toll from Judicial & Legal Harassment

i.  Repeated legal threats, including contempt motions and jail threats (potential incarceration for non-payment).

ii.  Process server ambush tactics and financial intimidation created a climate of fear and coercion.

iii.  **Emotional impact:** Documented anxiety, stress, and depression resulting from judicial retaliation.

### F.  Emotional & Psychological Consequences of Systemic Fraud & Bias

i.  Loss of trust in the legal system due to institutionalized bias against Plaintiff.

ii.  Financial strain led to significant personal and professional hardship.

iii.  **Emotional impact:** Psychological trauma and loss of faith in due process protections.

### G.  REPUTATIONAL DAMAGES

Defendants' actions caused irreparable harm to Plaintiff's reputation, including:

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

### i.   Public Stigma from Erroneous Child Support & Custody Rulings

- Fraudulent court orders falsely portraying Plaintiff as a "deadbeat parent."
- Reputational harm due to false legal narratives and systemic financial exploitation.

### ii.   Career & Employment Damages

- License suspensions and wage garnishments created barriers to employment.
- Increased financial burden made professional advancement difficult.

### iii.   Social & Community Impact

- Loss of standing within personal and professional networks.
- Stigma associated with court-imposed financial penalties.

## H. PUNITIVE DAMAGES & TREBLE DAMAGES UNDER RICO

Given the intentional, systemic, and profit-driven nature of Defendants' misconduct, punitive damages are warranted. Under RICO (18 U.S.C. § 1964(c)), Plaintiff is entitled to treble damages, meaning the total financial impact of Defendants' violations should be multiplied by three.

### I.   RICO-Related Financial Harm

- **Economic damages:** $75,000 – $120,000+ (trebled under RICO = $225,000 – $360,000+).
- **Emotional distress damages:** Maximum allowable under legal precedent for parental alienation claims.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- **Reputational damages:** Maximum allowable to restore Plaintiff's standing and professional reputation.

- **Punitive damages to deter future misconduct:** Maximum allowable under applicable laws.

      i.     **See (*Exhibit C3-J*)** – *The Specific Tactics Used to Destroy Families* Details the **tactics used by attorneys, judges, and agencies** to manipulate custody outcomes **for financial gain**, proving that **Title IV-D is not about child welfare but revenue generation**.

**TOTAL DAMAGES SOUGHT:** Maximum allowable under law.

## 5. SUMMARY OF LEGAL CLAIMS

Defendants engaged in a deliberate scheme of financial exploitation, coercion, and judicial misconduct, violating:

- **RICO (18 U.S.C. § 1962(c))** – Racketeering enterprise engaged in fraud and extortion.

- **Hobbs Act (18 U.S.C. § 1951)** – Extortion through legal coercion.

- **False Claims Act (31 U.S.C. § 3729)** – Fraudulent claims for Title IV-D federal reimbursements.

- **42 U.S.C. § 1983** – Violation of due process and equal protection rights.

- **42 U.S.C. § 654(20)** – Title IV-D funding compliance violations.

- **U.S. Const. amend. XIV** – Deprivation of fundamental parental rights.

137

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

## A. SUMMARY OF HARM AND DAMAGES

Defendants engaged in an institutionalized scheme of racketeering, extortion, and fraudulent child support enforcement—not to serve the best interests of children, but to generate millions in federal reimbursements under Title IV-D.

Without immediate federal intervention, Plaintiff will continue to suffer irreparable harm, including permanent loss of parental rights, financial deprivation under fraudulent enforcement schemes, and systemic discrimination under an unconstitutional Title IV-D program. Monetary damages alone cannot restore lost parenting time or reverse the psychological effects of parental alienation. Federal oversight is required to prevent further due process violations.

The harm inflicted upon Plaintiff is not just financial—it is a deliberate attack on his fundamental parental rights, causing severe economic, emotional, and reputational damages. Under federal and state law, Defendants must be held accountable for their systematic abuse of judicial authority, financial coercion, and fraudulent enforcement practices.

> **i. See (Exhibit C3-K)** – *Psychological Manipulation & Parental Alienation as a Financial Tool* Establishes how **Title IV-D enforces parental alienation as a tactic** to increase compliance, proving that the system **deliberately uses psychological pressure to force financial payments**.

## 6. RELIEF SOUGHT

Plaintiff hereby incorporates by reference all facts, evidence, and exhibits cited in this Count as factual and supported by governing law. The violations set forth in this Count have caused irreparable harm, financial damages, and constitutional deprivations requiring immediate federal intervention.

138

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

Accordingly, Plaintiff respectfully requests that this Court grant the following relief:

**A. Declaratory Relief**

A declaration that the actions of Defendants, as described in this Count, constitute violations of Plaintiff's constitutional rights, including due process and equal protection under the Fifth and Fourteenth Amendments.

**B. Injunctive Relief**

Immediate suspension and correction of all unconstitutional enforcement actions against Plaintiff, including the cessation of any enforcement that violates 42 U.S.C. § 654(20) and Supreme Court precedent.

**C. Compensatory and Punitive Damages**

Full compensation for economic loss, wrongful garnishments, attorney's fees, and financial penalties imposed in violation of federal law, as further detailed in **Section VIII – Prayer for Relief**.

**D. Systemic Reform & Federal Oversight**

Mandated federal review of Florida's Title IV-D enforcement policies to ensure compliance with constitutional protections and equal enforcement mandates.

**E. Other Relief**

Any additional relief deemed just and proper by this Court to remedy the unconstitutional deprivations suffered by Plaintiff.

For all specific relief sought, Plaintiff refers to **Section VIII – Prayer for Relief**, which fully consolidates all remedies requested across all Counts.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

# 7. CONCLUSION

The facts, evidence, and legal violations outlined above establish an ongoing and coordinated pattern of fraud, extortion, judicial misconduct, and due process violations within Florida's Title IV-D child support enforcement system. The Defendants—comprising judicial officers, state agencies, opposing counsel, and other involved parties—have engaged in a structured enterprise designed to:

- **Maximize financial extraction** from Plaintiff through fraudulent income imputation and improper legal fee impositions, ensuring continued Title IV-D reimbursements.

- **Suppress Plaintiff's parental rights** by conditioning access to his child on financial compliance, in direct violation of due process protections.

- **Manipulate judicial rulings** to impose excessive financial burdens while simultaneously denying Plaintiff legal standing as a father.

- **Suppress exculpatory evidence** proving Plaintiff's compliance and good-faith efforts to maintain parental involvement.

- **Utilize legal threats and intimidation tactics**—including jail threats, contempt motions, and process server ambushes—to force compliance under duress.

- **Financially benefit private entities and court-connected programs** through unnecessary GAL appointments, supervised visitation fees, and mediation charges.

However, this lawsuit does not seek to punish the child's mother or stepfather. The true culpability lies with the system itself—the Title IV-D enforcement structure—which creates incentives for conflict, coercion, and unjust financial burdens.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

For over eight years, Plaintiff and the mother co-parented peacefully, prioritizing their children's well-being above all else. They worked together, shared responsibilities, and ensured their children were surrounded by love and stability. It was not until the Title IV-D system intervened that their cooperative relationship was undermined.

Rather than supporting shared parenting and compliance with federally mandated parenting time under **42 U.S.C. § 654(20)**, the Title IV-D framework manipulated the mother, incentivized division, and used financial enforcement as leverage to separate Plaintiff from his children. The mother and stepfather—like countless parents nationwide—became unwitting participants in a system designed to prioritize state revenue over family unity.

These acts are not isolated incidents but instead form a deliberate, calculated scheme that meets the continuity and enterprise elements required under **RICO (18 U.S.C. § 1962)**. The use of fraudulent court orders, financial misrepresentations, and coercive legal threats also satisfies predicate acts under federal law, including:

- **Mail Fraud (18 U.S.C. § 1341)** – Use of fraudulent court rulings to extract payments.

- **Wire Fraud (18 U.S.C. § 1343)** – Electronic transmission of false income imputation records.

- **Extortion (Hobbs Act, 18 U.S.C. § 1951)** – Conditioning parental rights on financial payments.

- **False Claims Act (31 U.S.C. § 3729)** – Fraudulent claims submitted to the federal government for Title IV-D reimbursements.

- **Deprivation of Rights Under Color of Law (42 U.S.C. § 1983)** – Systematic due process and equal protection violations.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

1    The Defendants' misconduct is not just legally actionable—it is part of an institutionalized **pay-to-**

2    **parent** scheme that prioritizes financial incentives over constitutional protections. This violates the

3    foundational principles of **due process, judicial neutrality, and parental rights** under both state

4    and federal law.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

# LEGAL CLAIMS
# COUNT 4

**COUNT 4: SYSTEMIC TITLE IV-D FRAUD, FINANCIAL BIAS & FEDERAL SUPREMACY CLAUSE VIOLATIONS**

*(42 U.S.C. § 654(20); 42 U.S.C. § 666(a); 42 U.S.C. §§ 1983, 1985; 31 U.S.C. § 3729 (False Claims Act); 18 U.S.C. § 1962 (RICO); 18 U.S.C. § 1951 (Hobbs Act); U.S. Const. art. VI, cl. 2 – Supremacy Clause; U.S. Const. amend. XIV – Due Process & Equal Protection Clause)*

**1. LEGAL CLAIM & STATUTORY BASIS**

Plaintiff asserts that Defendants engaged in **systemic fraud, judicial corruption, and constitutional violations** through Florida's **Title IV-D** enforcement system by:

    A. **Failing to enforce time-sharing orders** while aggressively enforcing financial obligations, in violation of **42 U.S.C. § 654(20)**, which mandates equal enforcement of child support and parenting rights.

    B. **Conditioning parental access on child support compliance**, in violation of **42 U.S.C. § 666(a)**.

    C. **Depriving Plaintiff of due process and equal protection rights**, in violation of **42 U.S.C. § 1983**.

    D. **Conspiring to suppress Plaintiff's parental rights** while maximizing **Title IV-D financial incentives**, in violation of **42 U.S.C. § 1985**.

    E. **Submitting fraudulent claims for federal reimbursement**, in violation of the **False Claims Act (31 U.S.C. § 3729)**, by misrepresenting **Title IV-D compliance** while failing to enforce parental rights.

    F. **Operating a revenue-driven judicial enterprise**, in violation of the **Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. § 1962)**, by financially benefit-

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

ing judges, **Title IV-D attorneys**, and the state while depriving **noncustodial parents** of their rights.

G. **Engaging in coercion and extortion** by conditioning **parental access on financial compliance**, in violation of the **Hobbs Act (18 U.S.C. § 1951)**.

H. **Implementing state policies that conflict with federal law**, in violation of the **Supremacy Clause (U.S. Const. art. VI, cl. 2)**.

I. **Denying Plaintiff equal access to the courts**, in violation of the **Due Process and Equal Protection Clauses (U.S. Const. amend. XIV)**.

## 2. APPLICABLE LAWS & SUPPORTING CASE LAW

**A.** The following federal laws and judicial precedents support Plaintiff's claims:

  i.   **42 U.S.C. § 654(20)** – Mandates equal enforcement of child support and parenting time orders.

  ii.  **42 U.S.C. § 666(a)** – Prohibits states from conditioning parental rights on financial compliance.

  iii. **42 U.S.C. §§ 1983, 1985** – Prohibit civil rights violations and conspiracies under color of law.

  iv.  **31 U.S.C. § 3729 (False Claims Act)** – Prohibits fraudulent claims for federal reimbursement.

  v.   **18 U.S.C. § 1962 (RICO)** – Prohibits financial fraud and racketeering activities within a judicial enterprise.

  vi.  **18 U.S.C. § 1951 (Hobbs Act)** – Prohibits extortion and financial coercion by state actors.

144

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

B. **Relevant Supreme Court Precedents:**

    i.   **Blessing v. Freestone, 520 U.S. 329 (1997)** – Title IV-D enforcement must comply with constitutional protections.

    ii.   **Turner v. Rogers, 564 U.S. 431 (2011)** – Due process protections apply in Title IV-D enforcement.

    iii.   **Troxel v. Granville, 530 U.S. 57 (2000)** – Parental rights are fundamental under the Due Process Clause.

    iv.   **M.L.B. v. S.L.J., 519 U.S. 102 (1996)** – Parental rights cannot be conditioned on financial compliance.

    v.   **McCulloch v. Maryland, 17 U.S. 316 (1819)** – State laws cannot override federal mandates under the Supremacy Clause.

    vi.   **Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639 (2008)** – RICO applies to fraudulent financial schemes in government-funded programs.

    vii.   **McCormick v. United States, 500 U.S. 257 (1991)** – Government officials may not condition benefits on financial compliance.

## 2. DEFENDANTS

**Defendants Responsible:** *All defendants listed in Section II: Defendants.*

Plaintiff restates and incorporates by reference **Section II: Defendants**, asserting that the actions of each Defendant constitute **systemic Title IV-D fraud, financial bias, and violations of the Federal Supremacy Clause (U.S. Const. Art. VI, Cl. 2).** The **misuse of federal funds, failure to enforce equal protection under 42 U.S.C. § 654(20), and financial misconduct** detailed in **Section II: Defendants** are fully applicable to this claim and form the basis of liability for all named Defendants.

145

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND
DAMAGES**

**3. JURISDICTION**

This Court has jurisdiction over this claim under 28 U.S.C. § 1331, the False Claims Act (31 U.S.C. § 3729 et seq.), and the Supremacy Clause (U.S. Const. art. VI, cl. 2), as outlined in Section III. Plaintiff incorporates by reference the jurisdictional discussion in Section III, which fully establishes this Court's authority over the Title IV-D fraud and financial bias claims asserted in this count.

**4. FACTUAL BASIS & SUPPORTING AUTHORITY**

Plaintiff asserts that Defendants have engaged in **systemic violations of federal law, financial fraud, and constitutional violations** through Florida's **Title IV-D enforcement system**. The enforcement practices prioritize **financial collections over parental rights**, violating **federal statutes, the U.S. Constitution, and Supreme Court precedents**.

These unlawful actions include:

    A. **Fraudulent misrepresentation of compliance** with federal mandates, in violation of the **False Claims Act (31 U.S.C. § 3729-3733)**.

    B. **Deprivation of due process and equal protection rights**, in violation of **42 U.S.C. § 1983** and the **Fourteenth Amendment**.

    C. **Operation of a revenue-driven child support enforcement system**, benefiting state agencies and courts, in violation of **RICO (18 U.S.C. § 1962)**.

    D. **Financial coercion and extortion** by conditioning **parental access on financial compliance**, in violation of the **Hobbs Act (18 U.S.C. § 1951)**.

    E. **Supremacy Clause violations**, by enforcing state policies that contradict **federal law**, in violation of **U.S. Const. art. VI, cl. 2**.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**5. SELECTIVE ENFORCEMENT: FINANCIAL OBLIGATIONS PRIORITIZED OVER PARENTAL RIGHTS**

Florida's **Title IV-D program and judiciary** operate with a clear **enforcement bias**, violating **42 U.S.C. § 654(20)** by aggressively enforcing **financial obligations** while ignoring **parenting time orders**.

**Child support obligations** are strictly enforced, while **time-sharing orders remain unenforced**. **Federal reimbursement incentives under 42 U.S.C. § 658a create a perverse motivation** to maximize **collections while disregarding parental rights. Judicial bias prioritizes state revenue collection over constitutional parental rights**.

    **A. Supporting Case Law**:

        i.   **Turner v. Rogers, 564 U.S. 431 (2011)** – Due process must apply equally to both **financial and custodial enforcement**.

        ii.   **Stanley v. Illinois, 405 U.S. 645 (1972)** – Parental rights cannot be treated as **secondary to financial obligations**.

        iii.   **Zablocki v. Redhail, 434 U.S. 374 (1978)** – Financial burdens imposed by the state cannot infringe upon **fundamental parental rights**.

The **Supreme Court** in **Stanley v. Illinois, 405 U.S. 645 (1972)** held that a **father's parental rights cannot be disregarded** based solely on financial status. Similarly, in **Zablocki v. Redhail, 434 U.S. 374 (1978)**, the Court ruled that **financial obligations cannot impose unconstitutional barriers** to fundamental parental rights. Yet, Florida's **Title IV-D system** enforces **child support obligations** while failing to ensure **equal enforcement of parental access**, thereby violating both rulings and **due process rights** under **Turner v. Rogers, 564 U.S. 431 (2011)**.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**B. Supporting Exhibits:**

- **Exhibit P4-C** (Feb. 3, 2025) – Court Order Compelling Financial Disclosure & Attorney's Fees.

- **Exhibit P4-D** (Feb. 13, 2025) – Opposing Counsel's Threat of Incarceration, Scheduled for Hearing by Judge Pollack.

## 6. TITLE IV-D FUNDS MISUSED FOR FINANCIAL ENFORCEMENT WHILE IGNORING PARENTING RIGHTS

**A.** Florida courts and the **Title IV-D program misuse federal funds** by:

   i. **Receiving over $800 million annually** in federal **Title IV-D reimbursements**, while allocating **$0 for parenting enforcement**.

   ii. **Enforcing financial penalties** against noncustodial parents **without due process safeguards**, violating **Turner v. Rogers, 564 U.S. 431 (2011)**.

   iii. **Misrepresenting compliance with federal mandates** under **Title IV-D** to continue receiving **federal funding**, violating the **False Claims Act (31 U.S.C. § 3729-3733)**.

**B. Supporting Case Law:**

   i. **Blessing v. Freestone, 520 U.S. 329 (1997)** – States receiving **Title IV-D funds** must comply with **federal mandates** and cannot misuse **federal reimbursements**.

   ii. **Goldberg v. Kelly, 397 U.S. 254 (1970)** – Government-administered **financial penalties require procedural fairness**.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**C. Supporting Exhibits:**

- **SEE EXHIBIT C4-A (Title IV-D Financial Incentives & Systemic Bias)** – Foundational evidence proving that Title IV-D funding creates financial bias, violating federal supremacy and parental rights.

- **SEE EXHIBIT C4-B (How Florida Profits from Child Support While Ignoring Parental Rights)** – Demonstrates how Florida prioritizes financial incentives over enforcing parental rights, creating systemic bias.

## 7. SUPREMACY CLAUSE VIOLATIONS: FLORIDA'S TITLE IV-D ENFORCEMENT CONFLICTS WITH FEDERAL LAW

A. Florida's failure to enforce **parenting time orders** directly contradicts **federal law** and violates the **Supremacy Clause (U.S. Const. art. VI, cl. 2)** by:

  i. **Denying equal protection** under **Title IV-D enforcement**, violating **42 U.S.C. § 654(20)**.

  ii. **Violating Turner v. Rogers (2011)** by imposing **financial penalties without procedural due process**.

  iii. **Violating M.L.B. v. S.L.J. (1996)**, which holds that **parental rights cannot be contingent on financial status**.

  iv. **Contravening McCulloch v. Maryland, 17 U.S. 316 (1819)**, which prohibits **states from overriding federal law**.

**B. Supporting Case Law:**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

i.  **McCulloch v. Maryland, 17 U.S. 316 (1819)** – State laws conflicting with **federal mandates** are unenforceable.

ii.  **Printz v. United States, 521 U.S. 898 (1997)** – States **cannot refuse compliance** with federally mandated **enforcement procedures**.

iii.  **Rosado v. Wyman, 397 U.S. 397 (1970)** – States must **comply with federal funding conditions** or risk preemption.

**C. Supporting Exhibits:**

- **SEE EXHIBIT C4-C (Office of Child Support Enforcement (OCSE) Reports – Title IV-D Funding & Performance)** – Federal data confirming that Title IV-D funding is tied to enforcement quotas rather than family integrity.

- **SEE EXHIBIT C4-D (Financial Breakdown of Title IV-D Child Support Collections vs. Time-Sharing Enforcement)** – Statistical comparison proving that states enforce financial obligations but ignore time-sharing orders, violating federal mandates.

**8. JUDICIAL & PROCEDURAL MISCONDUCT: FINANCIAL COERCION & SUPPRESSION OF DUE PROCESS**

**A. Judicial & administrative misconduct**

i.  Judge Frederick Pollack and Title IV-D officials unlawfully conditioned parental access on financial compliance, violating **Santosky v. Kramer**, 455 U.S. 745 (1982).

ii.  Guardian ad Litem (GAL) fees and supervised visitation costs were imposed as financial barriers to parental access.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

iii.    Opposing counsel engaged in procedural misconduct, suppressing due process motions challenging unconstitutional Title IV-D enforcement.

**B. Legal Precedents Supporting Plaintiff's Claims:**

i.    **Santosky v. Kramer**, 455 U.S. 745 (1982): Courts cannot strip parental rights without heightened due process protections.

ii.    **Mathews v. Eldridge**, 424 U.S. 319 (1976): Procedural due process requires courts to provide due process protections when imposing financial penalties.

iii.    **Lassiter v. Department of Social Services**, 452 U.S. 18 (1981): Due process requires fairness in cases affecting parental rights.

Under **Mathews v. Eldridge**, procedural due process mandates an individualized assessment before imposing government-mandated financial obligations. Florida's courts routinely enforce child support obligations without due process hearings on ability to pay or parental access rights, violating these federal standards. The Florida court's refusal to enforce parenting orders while imposing financial penalties—documented in **Exhibit #7**—violates this fundamental principle. Furthermore, **Lassiter** establishes that parents must be afforded a fair opportunity to challenge state actions affecting their custodial rights. Florida's Title IV-D enforcement scheme suppresses procedural fairness by allowing opposing counsel to block due process motions while courts prioritize revenue-driven child support collections.

**C. Supporting Exhibits:**

- **Exhibit P3-A** (Nov. 22, 2024) – Court Transcript Confirming Judicial Bias statement "You're Not Even The Father", Fraud, and False Claims by Opposing Counsel.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- **Exhibit P3-D** (Jan. 13, 2025) – Motion to Acknowledge Compliance Ignored by Court.
- **SEE EXHIBIT C4-E (Title IV-D's Financial Incentives for Parental Alienation)** – Directly links financial bias in child support enforcement to the systemic issue of parental alienation.

## 9. FEDERAL FUNDING FRAUD: FALSE CLAIMS ACT VIOLATIONS (31 U.S.C. § 3729-3733)

### A. Fraudulent certification of title iv-d compliance

    i.   Florida fraudulently claimed compliance with **42 U.S.C. § 654(20)** and Title IV-D mandates while failing to enforce parenting time.

    ii.   DOJ and Congressional audits confirm that Florida misrepresented its enforcement practices while continuing to receive federal reimbursements.

### B. Legal Precedents Supporting Plaintiff's Claims:

- **Escobar v. United States**, 579 U.S. 176 (2016): False Claims Act liability applies to misrepresentations affecting federal funding eligibility.
- **United States v. Neifert-White Co.**, 390 U.S. 228 (1968): The False Claims Act applies broadly to state programs receiving federal funds.
- **Allison Engine Co. v. United States**, 553 U.S. 662 (2008): Even indirect false claims— such as misrepresenting compliance with federal mandates—can trigger liability under the False Claims Act.

The Supreme Court in **Escobar v. United States** held that False Claims Act liability applies to any entity that knowingly misrepresents compliance with federal funding conditions.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

Florida's misrepresentation of Title IV-D enforcement—while continuing to receive federal reimbursements—directly violates this precedent. Additionally, in **United States v. Neifert-White Co.,** the Court ruled that False Claims Act liability extends to any fraudulent scheme affecting federal disbursements. Here, Florida's failure to enforce parenting time while fraudulently certifying Title IV-D compliance constitutes a textbook False Claims Act violation.

In **Allison Engine Co. v. United States**, the Supreme Court held that misrepresenting compliance with federal mandates to obtain government funding constitutes False Claims Act fraud. Florida's continued receipt of Title IV-D reimbursements, despite systemic noncompliance with federal mandates, meets this legal standard for False Claims Act liability.

**C. Supporting Exhibits:**

- **SEE EXHIBIT C4-F (The Psychological Case Against Title IV-D System and NOT the Mother)** – Clarifies that Title IV-D enforcement is the key issue—not the custodial parent—focusing accountability on the system itself.

- **SEE EXHIBIT C4-G (The Impact – Fatherlessness, Alienation, & Child Harm)** – Shows the long-term consequences of Title IV-D bias, including increased rates of fatherlessness and child trauma.

**10. RICO & HOBBS ACT VIOLATIONS: TITLE IV-D AS A PROFIT-DRIVEN ENTERPRISE**

**A. Systemic extortion and financial coercion**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

    i.    Conditioning parental access on financial compliance, constituting extortion under federal law.

    ii.    Judicial rulings prioritizing financial collections over constitutional parental rights.

    iii.    State courts profiting from increased child support collections, violating RICO (**18 U.S.C. § 1962**).

## B. Legal Precedents Supporting Plaintiff's Claims:

- **Bridge v. Phoenix Bond & Indemnity Co.**, 553 U.S. 639 (2008): Establishes that RICO violations apply to fraudulent government schemes affecting financial interests.

- **Sedima, S.P.R.L. v. Imrex Co.**, 473 U.S. 479 (1985): Affirms that government actors can be held liable under RICO for fraudulent financial schemes.

- **McCormick v. United States**, 500 U.S. 257 (1991): Strengthens the extortion argument by ruling that government officials cannot condition benefits on financial compliance.

In **Sedima, S.P.R.L. v. Imrex Co.**, the Supreme Court clarified that RICO violations apply to organizations engaging in systematic fraudulent financial activities. Florida's Title IV-D system operates as a de facto revenue-generating enterprise, prioritizing financial collections over parental rights, making it subject to RICO liability.

The Supreme Court in **Bridge v. Phoenix Bond & Indemnity Co.** ruled that RICO violations apply to fraudulent schemes involving government financial interests. Florida's Title IV-D system functions as an enterprise prioritizing financial collections over constitutional parental rights. Additionally, in **McCormick v. United States**, the Court ruled that government officials cannot condition benefits or access to rights on financial

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

compliance. Here, Florida's courts and enforcement agencies have engaged in financial coercion—conditioning parental access on compliance with child support orders—constituting extortion under the **Hobbs Act (18 U.S.C. § 1951).**

**C. Supporting Exhibits:**

- **SEE EXHIBIT C4-H (Psychological & Emotional Damage to Alienated Children)** – Scientific evidence proving that Title IV-D-induced parental alienation causes lifelong harm to children.
- **SEE EXHIBIT C4-I (How Title IV-D Causes Systemic Parental Alienation)** – Explains the mechanics of how Title IV-D funding encourages separation between non-custodial parents and children.
- **SEE EXHIBIT C4-J (Fatherlessness & Social Consequences)** – Documents the widespread societal damage linked to fatherlessness, exacerbated by Title IV-D policies.

## 11. HARM AND DAMAGES

### A. Constitutional violations

### Due Process & Equal Protection Violations (14th Amendment, 42 U.S.C. § 1983)

- Plaintiff was denied procedural due process when Florida courts enforced child support but refused to enforce parenting time orders, violating *Turner v. Rogers*, 564 U.S. 431 (2011).
- Florida's selective enforcement of child support over parenting time created a two-tier justice system where noncustodial parents were financially penalized but denied enforcement of their parental rights, violating *Blessing v. Freestone*, 520 U.S. 329 (1997).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- Plaintiff was coerced into financial compliance under threat of contempt and wage garnishment without fair hearings, violating *Mathews v. Eldridge*, 424 U.S. 319 (1976) (due process requires individualized assessments before financial penalties).

- **Supremacy Clause Violations (U.S. Const. art. VI, cl. 2)** – Florida's Title IV-D enforcement policies contradict federal mandates by failing to enforce parenting time orders equally with child support obligations, violating *McCulloch v. Maryland*, 17 U.S. 316 (1819).

**B. Supporting Exhibits:**

- **See Exhibit P4-C** (Feb. 3, 2025) – Court Order Compelling Financial Disclosure & Attorney's Fees.

- **See Exhibit P4-B** (Jan. 28, 2025) – Emergency Motion for Time-Sharing Denied Without Hearing.

- **SEE EXHIBIT C4-K (Financial & Legal Burden on Non-Custodial Parents)** – Provides concrete data proving that Title IV-D disproportionately harms non-custodial parents while financially benefiting the state.

**12. FINANCIAL HARM & EXPLOITATION**

**A. Wrongful Enforcement of Child Support Obligations**

- Plaintiff was subjected to unlawful wage garnishments, excessive child support obligations, and coerced payments, violating the False Claims Act, **31 U.S.C. § 3729-3733**.

- Guardian ad Litem (GAL) fees, supervised visitation costs, and excessive legal expenses were imposed as financial barriers to parental access, violating *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996) (parental rights cannot be contingent on financial status).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- **Fraudulent Title IV-D Enforcement** – Florida misrepresented compliance with federal mandates while prioritizing child support collections over parental rights, violating *Escobar v. United States*, 579 U.S. 176 (2016) (False Claims Act liability applies to misrepresentations affecting federal funding eligibility).

**B. Supporting Exhibits:**

- **SEE EXHIBIT C4-L (Title IV-D Financial Incentives & Their Impact on Parental Rights)** – Further analysis on how financial incentives actively undermine constitutional parental rights.

## 13. PARENTAL ALIENATION & EMOTIONAL DISTRESS

### A. Forced Separation from Child Due to Non-Enforcement of Time-Sharing Orders

- Plaintiff has suffered over 14 months of separation due to the intentional failure of Florida courts to enforce time-sharing orders, violating *Troxel v. Granville*, 530 U.S. 57 (2000) (parental rights are fundamental and constitutionally protected).

- **Severe Emotional Distress** – Plaintiff experienced psychological harm, depression, and anxiety due to the state's refusal to uphold his parental rights, violating *Santosky v. Kramer*, 455 U.S. 745 (1982) (state actions that interfere with parental rights require strict scrutiny).

- **Irreparable Harm to the Parent-Child Relationship** – The state's refusal to enforce parenting orders irreparably damaged the father-child bond, violating *Lassiter v. Department of Social Services*, 452 U.S. 18 (1981) (due process protections must apply in cases affecting parental relationships).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**B. Supporting Exhibits:**

- **SEE EXHIBIT C4 – M** – Text Message to Mother requesting to speak, see and drop off presents to son for 9th and 10th birthday on March 4th 2024 and 2025, no reply and or response, accumulating to 475 days without any contact whatsoever with children.

- See **Exhibit P2-B** (Feb. 23, 2024) – Process Server Documentation & Deceptive Text Messages.

- See **Exhibit P2-E1** (Oct. 1, 2024) – Texts Where Plaintiff Requests Visitation, Financial Assistance & Mother Refuses to Engage.

## 14. FRAUD & RICO VIOLATIONS (FINANCIAL ENTERPRISE & COERCION)

**A. Florida's Title IV-D System Operates as a Racketeering Enterprise (18 U.S.C. § 1962 – RICO)**

- **Judicial Corruption & Financial Incentives** – Florida's courts and Title IV-D officials prioritized financial penalties over enforcing parental rights to maximize federal reimbursements, violating *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008) (RICO applies to fraudulent financial schemes in government-funded programs).

- **Hobbs Act Extortion (18 U.S.C. § 1951)** – Plaintiff's parental access was unlawfully conditioned on financial compliance, violating *McCormick v. United States*, 500 U.S. 257 (1991) (government officials cannot condition rights on financial payments).

- **Fraudulent Claims for Federal Funds** – Florida's Title IV-D program misrepresented compliance with federal law while collecting federal reimbursements, violating *Allison Engine Co. v. United States*, 553 U.S. 662 (2008) (even indirect false claims trigger liability under the False Claims Act).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**B. Supporting Exhibits:**

- See **Exhibit P3-B** (Nov. 29, 2024) – Text Exchange with Stepfather Requesting Adoption & Threatening a request for Financial Disclosures.
- See **Exhibit P3-E2** (Jan. 28, 2025) – Court Order Requiring Plaintiff to Pay for Mediation While Continuing Title IV-D Enforcement.

**14. RELIEF SOUGHT**

Plaintiff hereby incorporates by reference all facts, evidence, and exhibits cited in this Count as factual and supported by governing law. The violations set forth in this Count have caused irreparable harm, financial damages, and constitutional deprivations requiring immediate federal intervention.

Accordingly, Plaintiff respectfully requests that this Court grant the following relief:

**A. Declaratory Relief**

A declaration that the actions of Defendants, as described in this Count, constitute violations of Plaintiff's constitutional rights, including due process and equal protection under the Fifth and Fourteenth Amendments.

**B.  Injunctive Relief**

Immediate suspension and correction of all unconstitutional enforcement actions against Plaintiff, including the cessation of any enforcement that violates 42 U.S.C. § 654(20) and Supreme Court precedent.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**C. Compensatory and Punitive Damages**

Full compensation for economic loss, wrongful garnishments, attorney's fees, and financial penalties imposed in violation of federal law, as further detailed in **Section VII – Prayer for Relief**.

**D. Systemic Reform & Federal Oversight**

Mandated federal review of Florida's Title IV-D enforcement policies to ensure compliance with constitutional protections and equal enforcement mandates.

**15. Other Relief**

Any additional relief deemed just and proper by this Court to remedy the unconstitutional deprivations suffered by Plaintiff.

For all specific relief sought, Plaintiff refers to **Section VII – Prayer for Relief**, which fully consolidates all remedies requested across all Counts.

160

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**16. CONCLUSION**

COMES NOW, Plaintiff, and submits the following conclusion regarding the systemic fraud, financial bias, and constitutional violations embedded within Florida's Title IV-D enforcement system, which have inflicted severe financial harm, parental alienation, and due process deprivations upon Plaintiff.

The undeniable financial exploitation, biased enforcement practices, and failure to comply with federal mandates have collectively created a state-sponsored scheme that prioritizes financial collections over parental rights—a scheme that is not only unconstitutional but also unlawful under federal statutes, Supreme Court precedent, and the Supremacy Clause of the U.S. Constitution. The facts, evidence, and legal violations presented in this claim demonstrate a systemic pattern of financial exploitation, constitutional violations, and judicial bias within Florida's Title IV-D enforcement program.

The fraudulent and unconstitutional policies that prioritize state revenue over fundamental parental rights must be struck down. The jury must determine the full extent of damages and the level of federal intervention required to rectify these injustices.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

# LEGAL CLAIMS
# COUNT 5

**COUNT 5: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) &
FEDERAL INJUNCTION AGAINST TITLE IV-D ENFORCEMENT**

(42 U.S.C. § 1983 – Civil Rights Violations; 42 U.S.C. § 671(a)(15); 42 U.S.C. § 654(20); 14th
Amendment – Due Process & Equal Protection; Florida IIED Tort Law; Restatement (Second) of
Torts § 46; Fla. R. Civ. P. 1.540(b); *Schutz v. Schutz*, 581 So.2d 1290 (Fla. 1991); *M.L.B. v. S.L.J.*,
519 U.S. 102 (1996); *Doe v. Chao*, 540 U.S. 614 (2004); *Troxel v. Granville*, 530 U.S. 57 (2000);
*Santosky v. Kramer*, 455 U.S. 745 (1982))

**1. LEGAL CLAIM & STATUTORY BASIS**

Plaintiff asserts that Defendants engaged in extreme and outrageous conduct, intentionally inflicting
severe emotional distress, violating constitutional parental rights, and facilitating parental alienation
through the following acts:

    A. **Unlawfully enforcing financial penalties while blocking Plaintiff's parental access**,
       violating due process rights under the 14th Amendment, which guarantees fundamental
       parental rights.

    B. **Conditioning Plaintiff's parenting time on child support compliance**, leveraging Ti-
       tle IV-D enforcement as a coercive tool to deny parenting time, in violation of *M.L.B. v.
       S.L.J.*, 519 U.S. 102 (1996), which prohibits conditioning parental rights on financial sta-
       tus.

    C. **Refusing to enforce court-ordered parenting time while aggressively enforcing fi-
       nancial penalties**, in direct violation of 42 U.S.C. § 654(20), which mandates equal en-
       forcement of child support and parenting orders.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND
DAMAGES**

D. **Suppressing exculpatory evidence favorable to Plaintiff to mislead the court**, constituting fraud on the court under Fla. R. Civ. P. 1.540(b), by knowingly concealing evidence of Plaintiff's compliance with court-ordered obligations.

E. **Misrepresenting Plaintiff's compliance with parenting and financial obligations to justify continued enforcement actions**, perpetuating unconstitutional penalties without due process and violating 42 U.S.C. § 1983.

F. **Engaging in fraudulent legal tactics—including false statements, misrepresentation of financial status, and improper procedural maneuvers**—to prevent Plaintiff's parental reunification, depriving Plaintiff of his fundamental right to raise his child under *Troxel v. Granville*, 530 U.S. 57 (2000).

G. **Coercing adoption attempts to sever Plaintiff's parental rights against his will**, violating *Santosky v. Kramer*, 455 U.S. 745 (1982), which holds that states must meet a high evidentiary standard before terminating parental rights.

H. **Imposing unconstitutional burdens on Plaintiff's parental rights by prioritizing Title IV-D enforcement over court-mandated reunification efforts**, contrary to 42 U.S.C. § 671(a)(15), which mandates that states prioritize family reunification and prevent wrongful separation of parents and children.

I. **Knowingly contributing to severe emotional distress and psychological harm to both Plaintiff and the child through intentional interference with the parent-child relationship**, in violation of *Schutz v. Schutz*, 581 So.2d 1290 (Fla. 1991), which mandates judicial intervention against parental alienation.

## 2. STATUTORY & CASE LAW SUPPORT

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

## A. Federal Laws

    i.    **42 U.S.C. § 1983** – Establishes civil liability for state actors violating constitutional rights, including due process and equal protection in family law enforcement.

    ii.   **42 U.S.C. § 671(a)(15)** – Requires that states prioritize family reunification and prevent wrongful separation of parents and children.

   iii.   **42 U.S.C. § 654(20)** – Mandates equal enforcement of parenting time and child support orders—Defendants failed to enforce Plaintiff's parenting rights while aggressively imposing financial penalties.

## B. Constitutional Law

    i.    **14th Amendment – Due Process & Equal Protection** – Denial of parenting time while enforcing financial penalties constitutes an unconstitutional burden on Plaintiff's parental rights, violating his fundamental liberty interests in raising his child.

## C. Florida Law & Torts

    i.    **Florida IIED Tort Law** – Recognizes intentional infliction of emotional distress as a legally compensable harm, with liability for outrageous conduct that intentionally or recklessly causes severe emotional distress.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

ii.   **Restatement (Second) of Torts § 46** – Defines IIED as conduct so extreme that it exceeds all bounds of decency and is utterly intolerable in a civilized community.

iii.  **Fla. R. Civ. P. 1.540(b) – Fraud on the Court** – Mandates vacating rulings obtained through misrepresentation, suppression of evidence, or other misconduct that corrupts the judicial process.

**D.  Key Federal & State Case Law**

i.    **Troxel v. Granville**, 530 U.S. 57 (2000) – Establishes parental rights as a fundamental constitutional liberty under the 14th Amendment and prohibits government interference absent a compelling state interest.

ii.   **M.L.B. v. S.L.J.**, 519 U.S. 102 (1996) – Prohibits conditioning parental rights on financial status, holding that fundamental parental rights cannot be tied to financial compliance.

iii.  **Santosky v. Kramer**, 455 U.S. 745 (1982) – Protects parental rights from arbitrary state interference, requiring clear and convincing evidence before parental rights can be restricted or terminated.

iv.   **Doe v. Chao**, 540 U.S. 614 (2004) – Recognizes emotional distress as a compensable harm under federal law, reinforcing Plaintiff's claim for damages due to intentional infliction of emotional distress.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

v.    **Schutz v. Schutz**, 581 So.2d 1290 (Fla. 1991) – Recognizes parental alienation as legally actionable and mandates court intervention to prevent harm to the child-parent relationship.

### E. Psychological Research & Parental Alienation Impact

i.    **APA Study on Parental Alienation Syndrome (PAS)** – Demonstrates the long-term psychological harm to children due to parental alienation, reinforcing that Defendants' actions directly caused severe emotional harm to Plaintiff and his child.

ii.    **Child Psychological Impact Studies** – Establish that children exposed to pro-longed parental alienation suffer from increased anxiety, depression, identity issues, and long-term attachment disorders, further proving that Defendants' actions created foreseeable and irreparable harm.

## 3. DEFENDANTS

**Defendants Responsible:** *All defendants listed in Section II: Defendants.*

Plaintiff incorporates by reference **Section II: Defendants** in full, asserting that all named Defendants engaged in **willful misconduct, abuse of authority, and systemic parental alienation**, directly causing **intentional infliction of emotional distress (IIED).** The facts, legal violations, and specific conduct of each Defendant, as outlined in **Section II: Defendants**, are fully applicable to this claim. Additionally, Plaintiff seeks **injunctive relief against the continued unconstitutional enforcement of Title IV-D policies**, as detailed in **Section II: Defendants** and throughout this Complaint.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

## 4. JURISDICTION

Jurisdiction over this claim is proper under 28 U.S.C. § 1331 (Federal Question Jurisdiction), 28 U.S.C. § 1367 (Supplemental Jurisdiction), and applicable civil rights and fraud statutes, as set forth in Section III. To streamline this filing, Plaintiff incorporates by reference the jurisdictional analysis in Section III, which fully establishes this Court's authority over the claims asserted herein.

## 5. FACTUAL BASIS & SUPPORTING AUTHORITY

Plaintiff presents irrefutable evidence of systemic parental alienation, judicial bias, financial coercion, psychological harm, and fraud on the court. Defendants engaged in intentional misconduct, violating constitutional due process, federal child welfare laws, and state judicial ethics rules.

### A. Parental Alienation & Denial of Visitation

    i.    **Plaintiff was denied all parental access for over 16 months, despite full compliance with legal obligations.**

        *(See Exhibit C5-A – Denial of all parental access for 16+ months, causing severe emotional harm.)*

    ii.    **Christmas, birthdays, and major holidays were denied, irreparably damaging the father-child bond.**

        *(See Exhibit C5-B – Systematic denial of holidays, birthdays, and major events, reinforcing alienation.)*

    iii.    **Opposing counsel actively encouraged the custodial parent to obstruct visitation, proving intentional alienation.**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

*(See Exhibit C5-C – Opposing counsel encouraged obstruction of visita-*
*tion, proving intentional alienation.)*

iv.  **Stepfather filed multiple adoption requests, despite Plaintiff actively assert-
ing his parental rights.**

*(See Exhibit C5-D – Stepfather repeatedly attempted adoption despite
Plaintiff asserting parental rights.)*

v.  **Plaintiff's emergency motions for time-sharing were denied without review,
reinforcing judicial bias.**

*(See Exhibit C5-E – Emergency time-sharing motions were denied without
proper review.)*

B. **Judicial Bias & Procedural Misconduct**

i.  **Judge Pollack refused to enforce parenting time while prioritizing financial
disclosures, coercing Plaintiff into compliance.**

*(See Exhibit P4-C – Because this court order compelled financial disclo-
sures and attorney's fees while failing to enforce parenting rights, demonstrat-
ing Title IV-D bias.)*

ii.  **Judge Pollack made coercive statements, stating: "I will have to make those
decisions for you," during Aug 9th hearing, implying judicial control over
Plaintiff's parental rights.**

*(See Exhibit P2-C – Because this court transcript confirms systemic bias
and that Plaintiff fully complied while parenting time was ignored.)*

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND
DAMAGES**

iii. **Parenting motions were deliberately delayed, exacerbating harm to Plaintiff and his child.**

*(See Exhibit P3-D – Because this motion to acknowledge compliance was ignored by the court, proving procedural due process violations.)*

iv. **Plaintiff's evidence submission was ignored by Opposing Counsel, violating his due process rights.**

*(See Exhibit P4-B – Because this emergency motion for time-sharing was denied without a hearing, reinforcing bias and procedural violations.)*

v. **Judge Pollack enforced financial penalties while denying reunification, demonstrating clear Title IV-D bias.**

*(See Exhibit P4-D – Because this hearing notice and court order confirm that child support enforcement was prioritized while parenting rights were ignored.)*

**C. Financial Coercion & Title IV-D Bias**

i. **Title IV-D officials prioritized financial enforcement over reunification, violating 42 U.S.C. § 671(a)(15) (Family Reunification Mandate).**

*(See Exhibit C5-F – Because federal audit reports confirm that Title IV-D prioritizes financial enforcement over reunification.)*

ii. **Title IV-D agencies enforced financial penalties but refused to enforce visitation orders, violating federal child welfare mandates.**

*(See Exhibit C5-H – Because financial misconduct and parental rights vio-*

169

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

*lations show how Title IV-D agencies enforce penalties but ignore visitation orders.)*

iii.  **Judge Pollack conditioned Plaintiff's parental rights on financial compliance, violating *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996).**

    *(See Exhibit P4-C – Because this court order compelled financial disclosure while failing to enforce parental rights.)*

iv.  **Mother's attorney admitted in court filings that Plaintiff was completely blocked from contact, proving intentional alienation.**

    *(See Exhibit P2-E2 – Because this attorney response confirms that legal strategies were used to obstruct Plaintiff's parental rights.)*

v.  **Mother explicitly admitted in text messages that child support took priority over reunification, proving financial coercion.**

    *(See Exhibit P2-A – Because text messages confirm that Defendant tied visitation to child support compliance.)*

vi.  **Opposing Counsel suppressed favorable evidence, birth certificates, communication, and parenting course completion, misleading the court to justify continued alienation**

    *(See Exhibit P3-A – Because this court transcript and correspondence confirm judicial bias and false claims by opposing counsel.)*

vii.  **Plaintiff incurred substantial legal expenses attempting to restore parental rights while being subjected to unjustified Title IV-D enforcement.**

170

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

*(See Exhibit C5-G – Because documentation of legal and financial burdens proves violations of due process and federal mandates.)*

**D. Fraud on the Court – Misrepresentation of Plaintiff's Compliance**

   i.   **Court falsely claimed Plaintiff failed to complete required parenting programs, leading to wrongful denial of time-sharing.**

      *(See Exhibit P2-D – Because this certificate proves compliance, yet Plaintiff's rights were still denied.)*

   ii.   **Opposing Counsel withheld evidence proving Plaintiff's compliance, misleading the court.**

      *(See Exhibit P3-A – Because this court transcript confirms opposing counsel withheld key evidence.)*

**E. Psychological Harm to Plaintiff & Child**

   i.   **Psychological reports confirm severe emotional harm to children due to prolonged separation and alienation.**

      *(See Exhibit P3-C – Because this timeline documents missed holidays, birthdays, and emotional distress due to alienation.)*

   ii.   **Therapist reports confirm child's mental health deterioration due to being kept away from Plaintiff.**

      *(See Exhibit C5-N – Because expert analysis confirms Parental Alienation Syndrome (PAS) and its impact on the child.)*

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

iii.   **Plaintiff suffered severe emotional distress, confirmed through professional counseling reports.**

   *(See Exhibit C5-L – Because counseling reports confirm the severe emotional distress caused by Title IV-D enforcement tactics.)*

## 6. HARM AND DAMAGES

Plaintiff, the mother, and the children have suffered severe, measurable, and ongoing harm due to systemic failures and unconstitutional enforcement practices under Title IV-D. The following damages represent the collective harm inflicted upon this family—not by individuals, but by a profit-driven system that incentivizes division and disregards constitutional rights.

**A. Severe Emotional & Psychological Distress (Plaintiff)**

   i.   **Forced Parental Separation & Emotional Trauma**

   I.    Plaintiff suffered severe psychological trauma due to prolonged and unjust separation from his children.

   II.   Professional evaluations confirm clinical anxiety, major depressive disorder, and chronic stress-related health conditions directly linked to parental alienation.

   III.  PTSD-like symptoms, sleep disturbances, emotional exhaustion, and social withdrawal are documented in Plaintiff's medical records.

   IV.   Plaintiff was subjected to coercive legal threats conditioning parental rights on financial compliance, causing mental anguish and extreme distress.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

### ii. Medical & Counseling Evidence

I. Licensed mental health professionals confirm that Plaintiff's ongoing therapy and medical intervention are directly tied to the trauma inflicted by systemic alienation.

II. Chronic stress-related health conditions, including hypertension, gastrointestinal distress, and weakened immune function, have been diagnosed as a direct result of undue emotional suffering.

### iii. Supporting Evidence: ✓ Exhibit # – Plaintiff's Counseling Reports (Diagnosis & Treatment Plans)

- **See Exhibit C5-L** – Because Plaintiff's counseling reports directly link Title IV-D enforcement to severe emotional distress and chronic stress-related health issues.

- **See Exhibit C5-I** – Because this exhibit details how Title IV-D enforcement contributed to Plaintiff's mental health decline, connecting psychological evaluations with systemic misconduct.

## B. Psychological & Emotional Harm to the Children

### i. Severe Psychological Trauma & Developmental Harm

I. The children have suffered irreversible emotional and psychological harm due to prolonged alienation.

II. Therapy reports confirm identity confusion, attachment issues, and long-term emotional distress.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

III.     Depression, anxiety, and behavioral regressions have been documented by mental health professionals, linking their distress to forced separation from Plaintiff.

IV.     Parental Alienation Syndrome (PAS) has been diagnosed, increasing the risk of personality disorders, emotional instability, and difficulty forming healthy relationships in adulthood.

**ii.  Confirmed Long-Term Psychological Impact**

I.     Clinical findings indicate that continued alienation puts the children at long-term risk for emotional and cognitive developmental issues.

II.     The children have exhibited withdrawal symptoms, school performance decline, and emotional dysregulation—all directly tied to Title IV-D's failure to enforce parental rights equally.

**iii. Supporting Evidence: ✓ Exhibit 6 – Psychological Evaluations (Child's Emotional & Mental Health Deterioration)**

- **See Exhibit C5-N** – Because this exhibit confirms **expert diagnoses of Parental Alienation Syndrome (PAS)** and its impact on the child's behavioral and emotional health.

- **See Exhibit C5-K** – Because this exhibit contains **expert witness reports** that align with legal challenges and testimony on the long-term psychological and developmental harm caused by parental alienation.

**C. Emotional & Psychological Harm to the Mother**

174

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

### i.  Coerced into an Adversarial System

I.  The mother, initially a cooperative co-parent, was manipulated by Title IV-D enforcement into a financially incentivized adversarial role, harming her mental and emotional well-being.

II. Title IV-D created artificial conflict between the parents, fostering mistrust and pressure to limit time-sharing to maximize financial benefits.

III. Psychological stress of navigating a system designed to reward separation has been documented by mental health professionals.

### ii.  Documented Stress & Emotional Burden

I.  The emotional toll of forced litigation, manipulated enforcement policies, and financial coercion has caused mental distress to the mother.

II. Stress-related health conditions have developed due to ongoing legal battles and the system's pressure to maintain an adversarial posture.

### iv.  Supporting Evidence: ✓ Exhibit # – Mother's Testimony on Title IV-D Pressure

- **See Exhibit C5-G** – Because this exhibit details **federal statutes violated by Title IV-D policies,** supporting claims that Title IV-D enforcement **coerced the mother into an adversarial role for financial gain.**

- **See Exhibit C5-L** – Because this exhibit documents **the psychological and emotional impact of Title IV-D manipulation,** which aligns with the **stress-related effects on the mother.**

175

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

### D. Financial Harm & Economic Burden (Unjustified Legal & Enforcement Costs)

#### i.   Excessive Legal Fees Due to Fraudulent Court Actions

I.   Plaintiff incurred substantial legal fees due to: ✓ Wrongful Title IV-D enforcement

- Litigation abuse by opposing counsel
- Repeated, unnecessary court hearings caused by systemic bias

II.  Opposing counsel engaged in litigation abuse, deliberately filing frivolous motions to prolong the case for financial gain.Deliberate court delays and failure to enforce reunification orders forced Plaintiff into continuous legal battles just to restore his parental rights.

#### ii.  Unlawful Title IV-D Enforcement & Financial Coercion

I.   Title IV-D wrongfully imposed financial penalties while refusing to enforce court-ordered parenting time, violating due process and equal protection rights.

II.  The system exploited federal reimbursement policies, prioritizing financial collections over family reunification.

III. Plaintiff was financially coerced, with court orders conditioning parental rights on child support compliance, in direct violation of *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996).

#### iii. Direct Economic Losses

176

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**I.**    Plaintiff lost wages and career opportunities due to excessive litigation demands and stress-related health issues.

**II.**    Additional financial burdens include: ✓ Attorney's fees for litigation, appeals, and Title IV-D defense

- Therapy costs for Plaintiff and child due to emotional harm
- Court filing fees & procedural expenses arising from fraudulent enforcement practices
- Medical expenses tied to stress-induced health complications
- Lost wages due to forced litigation and system-imposed burdens

iv. **Supporting Evidence: ✓ Exhibit # – Legal & Financial Burden Documentation (Breakdown of Legal Fees & Costs)**

- **See Exhibit C5-F** – Because this exhibit contains **federal audit reports confirming that Title IV-D enforcement prioritizes financial penalties over reunification.**
- **See Exhibit C5-H** – Because this exhibit details **financial misconduct and litigation abuse by opposing counsel, demonstrating systemic exploitation of Title IV-D policies.**

**E. Future Harm & Continued Damages**

i. **Irreparable Emotional & Financial Harm if Alienation Continues**

**I.**    Psychological experts confirm that prolonged alienation will cause irreversible developmental and emotional damage to the children.

177

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

II.    Plaintiff faces continued financial distress if Title IV-D enforcement is not halted and parenting rights are not equally enforced.

III.    Failure to remedy these violations will result in permanent psychological harm, continued financial losses, and further deprivation of fundamental constitutional rights.

**ii. Supporting Evidence:**

- **See Exhibit C5-K** – Because this exhibit contains **expert witness reports that align with legal challenges and testimony on long-term psychological harm caused by Title IV-D enforcement.**

- **See Exhibit C5-J** – Because this exhibit details **how judicial profiteering drives financial burdens, showing the long-term economic impact on Plaintiff.**

178

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

## 7. TIMELINE OF EVENTS

| Date | Event Description | Category | Supporting Evidence (Exhibits) |
|------|-------------------|----------|-------------------------------|
| Nov. 30, 2023 | Barron's birthday visitation denied – first documented parental alienation event. | ▨ Parental Alienation | **See Exhibit P1-B2** – Text messages where Defendant introduces false allegations. |
| Dec. 4, 2023 | First Christmas visitation denied despite Plaintiff's compliance. | ▨ Parental Alienation | **See Exhibit P1-B4** – Documented denial of Christmas visitation and gifts. |
| Feb. 14, 2024 | Mother admitted in text messages that child support took priority over reunification, proving financial coercion. | ▨ Financial Coercion & Title IV-D Bias | **See Exhibit P2-A** – Text messages where Defendant ties visitation to child support compliance. |
| Mar. 4, 2024 | Bryden's birthday visitation denied, further isolating Plaintiff. | ▨ Parental Alienation | **See Exhibit P1-B3** – Plaintiff's request for visitation and birthday gift drop-off. |
| May 17, 2024 | Judge Pollack enforced child support while ignoring Plaintiff's parental rights, violating due process. | ▨ Judicial Bias & Procedural Misconduct | **See Exhibit P4-C** – Court order enforcing financial disclosures while ignoring parental rights. |
| Aug. 9, 2024 | Judge Pollack made coercive statements implying control over Plaintiff's parental rights. | ▨ Judicial Bias & Procedural Misconduct | **See Exhibit P2-C** – Court transcript confirming Plaintiff's full compliance while time-sharing was denied. |
| Sept. 9, 2024 | Court falsely claimed Plaintiff failed parenting programs, despite proof of completion (Fraud on the Court). | ▨ Fraud on the Court – Misrepresentation of Compliance | **See Exhibit P2-D** – Parenting course completion certificate. |
| Oct. 1, 2024 | Plaintiff's evidence submission ignored in court, violating due process. | ▨ Judicial Bias & Procedural Misconduct | **See Exhibit P2-E2** – Attorney response confirming obstruction tactics used against Plaintiff. |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| | | | |
|---|---|---|---|
| Nov. 22, 2024 | Judge denied GAL/psych eval motion without review, reinforcing judicial bias. | ▨ Judicial Bias & Procedural Misconduct | **See Exhibit P3-D** – Motion to acknowledge compliance ignored by the court. |
| Nov. 25, 2024 | Plaintiff's co-parenting request ignored, worsening emotional distress. | ▨ Parental Alienation | **See Exhibit P3-C** – Documentation of prolonged denial of parenting time. |
| Nov. 28, 2024 | Stepfather filed a fourth adoption request, escalating parental alienation efforts. | ▨ Parental Alienation | **See Exhibit P3-B** – Text exchange where Stepfather requested adoption and threatened financial exposure. |
| Nov. 29, 2024 | Mother sent a mocking text regarding Plaintiff's parental rights, further emotionally distressing Plaintiff. | ▨ Parental Alienation | **See Exhibit P2-E1** – Text exchange where Plaintiff offers financial help and is dismissed. |
| Jan. 7, 2025 | Text messages confirm repeated denials of communication with Plaintiff's child. | ▨ Parental Alienation | **See Exhibit P3-C** – Timeline of missed holidays and alienation. |
| Jan. 14, 2025 | Judge Pollack fraudulently imputed income of $61,440 to Plaintiff without evidence, significantly inflating child support obligations. | ▨ Financial Coercion & Title IV-D Bias | **See Exhibit P4-C** – Court order compelling financial disclosures. |
| Feb. 3, 2025 | Judge Pollack enforced financial penalties while denying reunification, reinforcing judicial bias and financial coercion. | ▨ Judicial Bias & Procedural Misconduct / ▨ Financial Coercion | **See Exhibit P3-A** – Court transcript confirming judicial bias and fraud. |
| Feb. 13, 2025 | Opposing counsel explicitly threatened Plaintiff with jail time for non-payment of child support, despite ongoing legal motions. | ▨ Financial Coercion & Extortion | **See Exhibit P4 – D** – Opposing counsel's litigation abuse records, documenting financial and incarceration threats. |
| Feb. 27, 2025 | Judge Pollack ordered mandatory mediation requiring Plaintiff to pay fees without guaranteeing enforcement of parental rights. | ▨ Financial Coercion & Judicial Bias | **See Exhibit P3-E2** – Court order requiring Plaintiff to pay for mediation while Title IV-D enforcement continued. |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| Feb. 28, 2025 | Judge Pollack ordered Plaintiff to disclose financial records and pay Mother's legal fees, ensuring continued financial exploitation. | ▨ Financial Coercion & Judicial Bias | **See Exhibit P4-D** – Hearing notice and motion confirming court prioritizing financial enforcement over parental rights. |
| --- | --- | --- | --- |

## MASTER EVIDENCE & EXHIBITS TABLE

| Category | Exhibit Description | Exhibit Number |
| --- | --- | --- |
| ▨ **Parental Alienation** | Timeline showing missed holidays and blocked visitations. | **See Exhibit C5-I** – Title IV-D's Role in Parental Alienation & Judicial Profiteering |
| | Text messages proving parental alienation and emotional harm. **See Exhibit C5-N** – Psychological Consequences of Parental Alienation | 🗀 Exhibit #**See Exhibit C5-N** – Psychological Consequences of Parental Alienation |
| ▨ **Judicial Bias & Procedural Misconduct** | Court transcript (8/9/24) where Judge Pollack issued coercive statements about parental rights. | **See Exhibit P2-C** – Court transcript confirming Plaintiff's full compliance while time-sharing was denied |

181

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| | Court transcript (2/3/25) showing Judge Pollack enforcing financial penalties while denying reunification. | **See Exhibit P3-A** – Court transcript confirming judicial bias and fraud |
|---|---|---|
| ▨ **Financial Coercion & Title IV-D Bias** | Court orders prioritizing financial enforcement over parental rights. | **See Exhibit P4 - D** – Title IV-D Enforcement Records |
| | Legal & financial burden documentation (Plaintiff's excessive legal expenses due to wrongful enforcement). | **See Exhibit C5-G** – Legal & Financial Burden Documentation |
| ▨ **Fraud on the Court – Misrepresentation of Compliance** | Attorney correspondence confirming suppression of exculpatory evidence. | **See Exhibit C5-B** – Fraud on the Court |
| | Parenting course completion certificate (wrongfully ignored by the court). | **See Exhibit P2-D** – Parenting course completion certificate |
| ▨ **Psychological Harm** | Psychological reports documenting emotional harm to Plaintiff and child. | **See Exhibit C5-L** – The Psychological & Emotional Impact of Title IV-D Manipulation |

182

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| | Therapist report confirming child's mental health deterioration due to alienation. | **See Exhibit C5-N –** Psychological Consequences of Parental Alienation |
|---|---|---|

## 9. HARM AND DAMAGES

The Plaintiff, the children, and the mother have all suffered irreparable harm due to the unconstitutional, profit-driven enforcement of **Title IV-D**, which prioritizes financial collections over parental rights, family reunification, and the well-being of all involved parties. This case is not about blaming the mother or stepfather but rather holding the system accountable for the destruction it has caused. The evidence proves that Title IV-D has systematically engineered **parental alienation, facilitated judicial bias, imposed financial coercion, and inflicted psychological trauma** on the entire family.

### A. SYSTEMIC TITLE IV-D VIOLATIONS & CONSTITUTIONAL INFRINGEMENTS

**Title IV-D enforcement, as implemented, is unconstitutional and discriminatory.** The evidence in Tables 1-5 demonstrates the following:

    i.    **Federal & State Governments' Financial Incentives Encourage Parental Alienation**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

I.   **SEE EXHIBIT C1 - A** confirms that Title IV-D has generated over **$1 trillion in collected child support** while allocating **$0 toward shared parenting enforcement**.

II.   **SEE EXHIBIT C1 - B** shows that **99% of all Title IV-D funds go toward monetary enforcement, while parenting rights enforcement is completely unfunded**.

III.   **These actions directly violate 42 U.S.C. § 654(20),** which requires equal enforcement of both financial and parental access obligations.

## ii.   Judicial Misconduct & Systemic Bias Against Non-Custodial Parents

I.   **SEE EXHIBIT C3 - A** details how courts enforce **financial obligations aggressively** while systematically **denying due process to non-custodial parents**.

II.   **Judges refuse to enforce parenting time orders**, violating *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996), which **prohibits conditioning parental rights on financial compliance**.

III.   **Table 4** quantifies the financial burden imposed on Plaintiff, exposing the **legal and economic disparities** faced by non-custodial parents.

## iii.   Intentional Financial Coercion & Government Profit from Parental Conflict

I.   **COUNT 5** outlines the **psychological impact of Title IV-D**, showing how it **creates and exacerbates adversarial relationships between parents** by financially incentivizing one-sided enforcement.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

II.   **Title IV-D prioritizes financial penalties over parental reunification**, violating federal law (**42 U.S.C. § 671(a)(15)**).

III.   **Undistributed child support funds held by states generate millions in profit**, creating a clear financial motive to **keep non-custodial parents alienated**.

**B. DOCUMENTED HARM & DAMAGES TO THE PLAINTIFF, CHILDREN, AND MOTHER**

The harm suffered is not just theoretical—it is **real, measurable, and irreversible**:

i.   **Plaintiff's Emotional & Psychological Harm**

I.   **Severe mental health deterioration** documented in Plaintiff's **psychological evaluations, counseling reports, and medical records**.

II.   **PTSD-like symptoms, anxiety, depression, and stress-related health issues** directly linked to forced separation and legal coercion.

ii.   **Children's Emotional & Psychological Harm**

I.   **Clinical diagnosis of Parental Alienation Syndrome (PAS) in therapy reports**.

II.   **Long-term psychological damage** confirmed in **expert witness testimony, developmental impact reports, and child therapy evaluations**.

185

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

III.   **Emotional dysregulation, school performance decline, and attachment disorders** caused by the system's deliberate interference in their relationship with Plaintiff.

iii.   **Mother's Emotional & Psychological Harm**

I.   **Title IV-D pressured the mother into an adversarial role**, as documented in **psychological evaluations and expert testimony**.

II.   The system **incentivized legal conflict instead of cooperation**, imposing **undue stress, financial hardship, and emotional trauma** on the mother.

iv.   **Financial Harm & Economic Burden**

I.   **Fraudulent enforcement of child support obligations while denying parenting rights** has cost Plaintiff **tens of thousands in legal fees**.

II.   **Lost wages, business disruption, and out-of-pocket medical/therapy costs** are all **direct economic damages caused by unconstitutional enforcement practices**.

**10. RELIEF SOUGHT**

Plaintiff hereby incorporates by reference all facts, evidence, and exhibits cited in this Count as factual and supported by governing law. The violations set forth in this Count have caused irreparable harm, financial damages, and constitutional deprivations requiring immediate federal intervention.

Accordingly, Plaintiff respectfully requests that this Court grant the following relief:

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

### A. Declaratory Relief

A declaration that the actions of Defendants, as described in this Count, constitute violations of Plaintiff's constitutional rights, including due process and equal protection under the Fifth and Fourteenth Amendments.

### B. Injunctive Relief

Immediate suspension and correction of all unconstitutional enforcement actions against Plaintiff, including the cessation of any enforcement that violates 42 U.S.C. § 654(20) and Supreme Court precedent.

### C. Compensatory and Punitive Damages

Full compensation for economic loss, wrongful garnishments, attorney's fees, and financial penalties imposed in violation of federal law, as further detailed in **Section VII – Prayer for Relief**.

### D. Systemic Reform & Federal Oversight

Mandated federal review of Florida's Title IV-D enforcement policies to ensure compliance with constitutional protections and equal enforcement mandates.

## 5. Other Relief

Any additional relief deemed just and proper by this Court to remedy the unconstitutional deprivations suffered by Plaintiff.

For all specific relief sought, Plaintiff refers to **Section VII – Prayer for Relief**, which fully consolidates all remedies requested across all Counts.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

## 11. CONCLUSION

The Plaintiff **does not seek vengeance, but justice**—not just for himself, but for **his children, their mother, and thousands of other families trapped in the Title IV-D industrial complex**. This is not a family dispute but a **federal civil rights violation with far-reaching implications**.

**A. The court must intervene to:**

    i.  **Restore constitutional protections** for non-custodial parents.

    ii.  **Hold wrongdoers accountable** for systemic judicial misconduct and financial coercion.

    iii.  **Mandate equal enforcement of parental rights and financial obligations**, as required by **42 U.S.C. § 654(20)**.

    iv.  **End the unconstitutional Title IV-D enforcement practices** that have prioritized revenue generation over the well-being of families.

**B. Failure to intervene will perpetuate a broken system that destroys families, alienates children, and violates constitutional rights for financial gain.**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

# PRE EMPTION FOR
# DISMISSAL

**SECTION VI – PREEMPTION FOR DISMISSAL**

*A. PREEMPTION OF DISMISSAL UNDER RULE 12(B)(6)*

To **further preempt dismissal**, Plaintiff submits the following master table, which systematically refutes all potential **jurisdictional, procedural, and substantive** defenses that Defendants may raise. Given the trillion-dollar federally incentivized Title IV-D system and its impact, Plaintiff submits that a comprehensive factual record is indispensable to fair adjudication.

*TABLE 1: FEDERAL JURISDICTION & COURT AUTHORITY*

*(Countering Arguments That This Case Should Be Dismissed for Lack of Jurisdiction or the Domestic Relations Exception)*

| Defense Argument | Preemptive Counterargument | Legal Basis | Conclusion |
|---|---|---|---|
| "This case involves family law and belongs in state court." | Federal courts have jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges federal statutory violations, including constitutional violations, Title IV-D fraud, and racketeering. | - *Ankenbrandt v. Richards*, 504 U.S. 689 (1992) (The domestic relations exception does not apply to civil rights or fraud claims.)<br>- *Blessing v. Freestone*, 520 U.S. 329 (1997) (Federal courts can review systemic Title IV-D enforcement failures.) | ☑ Federal jurisdiction is proper under § 1331 and the Supremacy Clause. |
| "This case should be dismissed under the domestic relations exception." | This case involves systemic fraud, constitutional violations, and RICO claims—not custody or divorce matters. | - *Ankenbrandt v. Richards*, 504 U.S. 689 (1992) (The domestic relations exception does not apply to civil rights violations or fraud claims.) | ☑ Federal jurisdiction is proper because this case involves constitutional and fraud claims—not domestic relations. |

189

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| | | | |
|---|---|---|---|
| "Plaintiff has no standing to challenge Title IV-D." | Plaintiff has suffered direct harm from unconstitutional enforcement, including financial loss, wrongful wage garnishments, and denial of parental rights. | - *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) (**Standing requires injury-in-fact, causation, and redressability.**) <br> - *42 U.S.C. § 1983* (**Permits lawsuits against state officials for civil rights violations.**) | ☑ Plaintiff has standing under federal law. |
| "Plaintiff's case is moot because parental rights can be restored in state court." | Ongoing harm continues due to wrongful wage garnishments, litigation expenses, and financial losses, necessitating federal intervention. | - *Chafin v. Chafin*, 568 U.S. 165 (2013) (A case is not moot if ongoing harm exists despite partial relief.) | ☑ Federal oversight is necessary, and dismissal on mootness grounds is improper. |

## TABLE 2: PREEMPTION OF DISMISSAL UNDER RULE 12(B)(6)

*(Countering Arguments That Plaintiff Fails to State a Claim)*

| Defense Argument | Preemptive Counterargument | Legal Basis | Conclusion |
|---|---|---|---|
| "Plaintiff fails to allege a valid RICO enterprise." | Plaintiff alleges a structured enterprise involving courts, agencies, and judicial officers engaging in financial fraud and racketeering. The enterprise engaged in **ongoing financial coercion, fraudulent court orders, and suppression of parental rights** over multiple years. | - **United States v. Turkette, 452 U.S. 576 (1981)** (A RICO enterprise does not need to be a formal organization.) <br> - **18 U.S.C. § 1961(4)** (Defines an association-in-fact enterprise.) | ☑ Plaintiff sufficiently alleges a **structured RICO enterprise** with a **pattern of financial misconduct and coercion.** |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| | | | |
|---|---|---|---|
| "Plaintiff fails to allege a pattern of racketeering activity." | Defendants engaged in **systemic financial coercion, judicial misconduct, and suppression of parental rights** over multiple years, meeting the **continuity requirement** of RICO. | **- H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989)** (Continuity is established when fraudulent acts occur over an extended period and are not isolated incidents.) **- 18 U.S.C. § 1961(5)** (Defines "pattern of racketeering" as requiring at least two related predicate acts.) | ☑ Plaintiff demonstrates both **closed-ended** and **open-ended continuity**, satisfying RICO's requirements. |
| "Judicial immunity bars Plaintiff's claims against Judge Pollack." | **Judicial immunity does not protect unconstitutional or fraudulent acts,** and it does not apply to injunctive relief. Plaintiff sues **Judge Pollack in his individual capacity** for actions that exceeded judicial functions and involved **financial fraud, extortion, and systemic due process violations.** | **- Pulliam v. Allen, 466 U.S. 522 (1984)** (Judicial immunity does not bar injunctive relief.) **- Forrester v. White, 484 U.S. 219 (1988)** (Judges are not immune for administrative or enforcement actions.) **- Mireles v. Waco, 502 U.S. 9 (1991)** (Judges are not immune when acting outside their jurisdiction.) | ☑ **Judicial immunity does not protect fraudulent enforcement actions or constitutional violations.** |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| | | | |
|---|---|---|---|
| **"Plaintiff's False Claims Act allegations fail to meet the pleading standard."** | Plaintiff sufficiently alleges that Florida knowingly **submitted false certifications** to the federal government **to secure unlawful Title IV-D reimbursements**, violating the **False Claims Act (FCA)**. | **- United States ex rel. Hendow v. Univ. of Phoenix, 461 F.3d 1166 (9th Cir. 2006)** (False certifications for federal funds constitute actionable fraud.) **- 31 U.S.C. § 3729(a)(1)(A) and (B)** (False Claims Act liability for fraudulent claims.) | ☑ **Plaintiff's FCA claims meet federal pleading standards** by alleging fraudulent financial incentives and misrepresentations. |
| **"Plaintiff fails to allege extortion under the Hobbs Act."** | The **Hobbs Act (18 U.S.C. § 1951)** applies to **financial coercion**, not just physical threats. Plaintiff alleges that Defendants **conditioned parental rights on financial compliance**, coercing payments through **improper judicial rulings and Title IV-D enforcement.** | **- Scheidler v. NOW, 537 U.S. 393 (2003)** (Extortion includes wrongful economic coercion, not just physical threats.) | ☑ **The Hobbs Act applies to Defendants' financial coercion tactics, meeting extortion elements.** |
| **"Plaintiff's emotional distress claims are speculative."** | Plaintiff presents **medical records, psychological evaluations, and witness testimony** proving the severe **emotional distress, financial stress, loss of parental bond, and reputational harm** caused by Defendants' fraudulent and coercive actions. | **- Doe v. Chao, 540 U.S. 614 (2004)** (Government misconduct causing emotional harm supports damages claims.) **- Restatement (Second) of Torts § 46** (Establishes legal standard for Intentional Infliction of Emotional Distress (IIED).) | ☑ **Plaintiff's emotional distress claims are supported by concrete evidence.** |

192

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| "Plaintiff's due process claim is unfounded." | Defendants violated Plaintiff's **Fourteenth Amendment rights** by denying **parental access, enforcing fraudulent financial penalties, and failing to provide fair hearings**. | - **Turner v. Rogers, 564 U.S. 431 (2011)** (Civil contempt enforcement of child support orders must include procedural due process protections.)<br>- **Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)** (Judicial bias due to financial incentives violates due process.) | ☑ Plaintiff **sufficiently alleges due process violations** under the **Fourteenth Amendment**. |

### TABLE 3: FINANCIAL RESTITUTION & PROTECTION FROM STATE SEIZURE

*(Preventing Florida from Controlling or Seizing Restitution Funds)*

| Defense Argument | Preemptive Counterargument | Legal Basis | Conclusion |
|---|---|---|---|
| "Restitution is child support, and Florida has authority over it." | **Restitution is financial compensation for wrongful enforcement, not child support.** | - *False Claims Act, 31 U.S.C. § 3729* (**Holds states accountable for fraudulent reimbursement claims.**) | ☑ **Florida has no legal authority over restitution funds.** |
| "Restitution can be used to offset child support obligations." | **Wrongfully collected child support must be refunded, and restitution cannot be classified as income.** | - *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996) (**Parental rights cannot be conditioned on financial compliance.**)<br>- *Hobbs Act, 18 U.S.C. § 1951* (**Prohibits extortion under color of law.**) | ☑ **Florida cannot reallocate restitution funds as child support.** |

### TABLE 4: DUE PROCESS & CONSTITUTIONAL VIOLATIONS

*(Ensuring Plaintiff's Claims on Constitutional Grounds Are Airtight)*

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| Defense Argument | Preemptive Counterargument | Legal Basis | Conclusion |
|---|---|---|---|
| "Title IV-D is necessary for child welfare." | Title IV-D does not override parental rights, and selective enforcement is unconstitutional. | - 42 U.S.C. § 654(20) (Mandates equal enforcement of financial and parental obligations.) | ☑ Title IV-D enforcement must be balanced with parental rights. |
| "Plaintiff's due process claim is unfounded." | Plaintiff was denied procedural due process, including fair hearings and enforcement of parental rights. | - *Turner v. Rogers*, 564 U.S. 431 (2011) (Civil contempt enforcement must include due process protections.) | ☑ Plaintiff sufficiently alleges due process violations. |

### B. FINAL CONCLUSION

Plaintiff **respectfully submits this complaint** with the goal of providing the Court with the **fullest possible record necessary** for fair and complete adjudication. Should the Court determine that **a shorter version would better serve judicial review**, Plaintiff respectfully requests leave to amend and file a **streamlined complaint rather than face dismissal for length alone.**

Additionally, Plaintiff has demonstrated that **all jurisdictional, procedural, and substantive challenges raised by Defendants are without merit,** as outlined in the **Master Table of Preemption for Dismissal.**

    i.    **Federal jurisdiction is proper.**

    ii.    **Judicial immunity does not apply.**

    iii.    **Title IV-D enforcement violates federal mandates.**

    iv.    **Fraud and racketeering claims are legally sound.**

    v.    **Plaintiff's damages are justified.**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

     **vi.**    **Dismissal is improper.**

**WHEREFORE, Plaintiff respectfully requests the Court to:**

    I.    **Allow this complaint to proceed** as submitted; or

    II.    **Grant Plaintiff the opportunity to file a more concise version** should the Court find it necessary.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

# PRAYER FOR RELIEF

**SECTION VII: PRAYER FOR RELIEF**

**COMES NOW**, Plaintiff, appearing *pro se*, and respectfully petitions this Honorable Court for immediate and comprehensive relief to remedy the systemic constitutional violations, **financial coercion, and judicial misconduct inflicted** upon Plaintiff, **mother and the minor children**. The relief sought herein is legally justified under controlling **federal law, Supreme Court precedent, and binding constitutional protections**, as outlined in the following eight sections:

    i.    **Emergency Injunctive Relief & Court Orders** – Immediate federal intervention to **halt unconstitutional Title IV-D enforcement and restore parental rights**.

    ii.    **Declaratory Judgment & Systemic Reform** – **A federal ruling declaring Florida's Title IV-D** system unconstitutional due to financial coercion and due process violations.

    iii.    **Financial Restitution, Damages & Government Accountability** – Full financial restitution for **wrongful enforcement, economic harm, and legal fees.**

    iv.    **Punitive Damages & Government Accountability** – Maximum punitive damages against Florida, HHS, and Title IV-D agencies for **fraud, extortion, and systemic misconduct.**

    v.    **Federal Oversight, DOJ Investigation & Systemic Reform** – **DOJ, FBI, and congressional action to investigate and dismantle Title IV-D** corruption.

    vi.    **Legal Strategy & Case Strengthening** – Federal jurisdiction secured, judicial immunity bypassed, and jury trial demanded to **ensure impartial adjudication.**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**vii.    Federally Protected Court-Supervised Trust Fund for Children** – All awarded damages placed in a secure, **neutral fund to benefit the children exclusively**.

**viii.    Maximum Damages for Psychological & Emotional Harm** – Full restitution for Plaintiff and Children due to **severe emotional distress, wrongful alienation, and Title IV-D financial coercion**.

Each section is grounded in federal **statutory law, constitutional protections, and judicial precedent,** ensuring that the relief requested is not only warranted but imperative to prevent further irreparable harm and enforce federal compliance.

## A. EMERGENCY INJUNCTIVE RELIEF & SYSTEMIC REFORM

**Emergency Injunction Federal Action Requests & Justifications**

| Relief Requested | Legal Justification | Expected Outcome |
|---|---|---|
| **Immediate Emergency Injunction Halting Title IV-D Child Support Enforcement** | **42 U.S.C. § 654(20)** – Mandates equal enforcement of financial and parental obligations. **42 U.S.C. § 1983** – Civil rights violations due to unconstitutional enforcement. **FRCP Rule 65** – Emergency injunction to prevent irreparable harm. | **Suspends all Title IV-D child support enforcement until equal time-sharing is enforced and parental rights are restored.** |
| **Restoration of Parental Rights, Time-Sharing & Unrestricted Communication** | **M.L.B. v. S.L.J., 519 U.S. 102 (1996)** – Parental rights cannot be conditioned on financial compliance. **Troxel v. Granville, 530 U.S. 57 (2000)** – Parental rights are fundamental and constitutionally protected. | **Court-mandated make-up visitation for lost parenting time, unrestricted phone and video communication, and permanent prohibition on parental alienation.** |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| Judicial Oversight & Accountability for Misconduct | 28 U.S.C. § 455 – Judicial disqualification for bias. Pulliam v. Allen, 466 U.S. 522 (1984) – Judges can be sued for civil rights violations. | Immediate referral of Judge Pollack for judicial misconduct review, fair hearing under an unbiased judge, and court-imposed penalties for wrongful rulings. |
|---|---|---|
| Prohibition on Financial Coercion & Title IV-D Misuse | Bearden v. Georgia, 461 U.S. 660 (1983) – Government cannot impose financial penalties that cause irreparable harm. Hobbs Act, 18 U.S.C. § 1951 – Prohibits extortion under color of law. | Blocks Florida from enforcing child support unless equal parenting time is granted. Prevents future financial coercion that conditions parental access on financial payments. |
| DOJ & Congressional Investigation into Title IV-D Fraud & Financial Incentives | False Claims Act, 31 U.S.C. § 3729 – Fraudulent reimbursement claims by Florida to maximize federal Title IV-D funding. RICO, 18 U.S.C. § 1962 – Financial fraud and extortion via unlawful enforcement. | Federal oversight, funding freeze on non-compliant state programs, and systemic reform eliminating financial incentives in child support enforcement. |

## B. HARM JUSTIFYING FEDERAL INTERVENTION & EMERGENCY RELIEF

i.   Irreparable psychological, developmental, and emotional harm has resulted from over 475 days of wrongful parental alienation, violating due process and equal protection rights.

ii.  Financial coercion is being weaponized against Plaintiff, conditioning parental access on financial compliance in direct violation of federal law.

iii. Florida aggressively enforces financial obligations while refusing to enforce parenting orders, violating 42 U.S.C. § 654(20) (Equal Enforcement Mandate).

198

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

iv.    Judicial bias, misconduct, and systemic financial corruption under Title IV-D have deprived Plaintiff of due process, necessitating judicial oversight and removal of biased officials.

v.    State agencies profit from wrongful enforcement, creating a systemic bias against non-custodial parents while courts ignore constitutional rights.

vi.    Without federal intervention, Title IV-D corruption will continue unchecked, further harming the children and Plaintiff of parental access, violating civil rights, and incentivizing unconstitutional enforcement.

## C. DECLARATORY JUDGMENT & SYSTEMIC REFORM

**Systemic Title IV-D Reform & Judicial Accountability**

**Table 1 – Declaratory Judgment & Legal Justification**

| Declaratory Judgment Sought | Legal Justification | Expected Outcome |
|---|---|---|
| **Declare Florida's Title IV-D child support enforcement system unconstitutional** | **Title IV-D** prioritizes **financial collections** over **parental rights**, violating **federal law**. **Courts condition parental access on financial compliance**, which is unconstitutional. | **Federal ruling** invalidates **Title IV-D enforcement** unless **parental rights are equally enforced**. |
| **Declare that Title IV-D's failure to enforce time-sharing equally with child support is unconstitutional** | **Florida's refusal to enforce parenting time violates 42 U.S.C. § 654(20)** (Federal Equal Enforcement Mandate). | **Florida must enforce parenting time equally** or lose **federal Title IV-D funding**. |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| | | |
|---|---|---|
| **Declare that conditioning parental rights on financial payments violates the Due Process & Equal Protection Clauses** | **Turner v. Rogers, 564 U.S. 431 (2011)** – Due process violations in **child support enforcement**. **Bearden v. Georgia, 461 U.S. 660 (1983)** – Financial penalties without **due process** are unconstitutional. | **Prohibits Florida** from using **child support enforcement** as leverage to **deny parental rights**. |
| **Declare that Florida's Title IV-D enforcement constitutes systemic bias and financial coercion** | **State courts financially benefit** from aggressive **child support enforcement** while **denying equal parental enforcement**. | **Triggers a federal audit** and mandates **legislative reform** of **Title IV-D incentives**. |
| **Declare Judge Pollack's rulings unconstitutional for conditioning Plaintiff's parental rights on financial compliance** | **Judicial bias violated fundamental due process and equal protection rights.** | **Judicial review, sanctions, and reversal of unconstitutional rulings.** |

## D. LEGAL BASIS FOR DECLARATORY JUDGMENT

i.  **42 U.S.C. § 654(20)** – **Equal Enforcement Mandate** (Requires states to enforce **parental rights equally** with **financial obligations**).

ii. **42 U.S.C. § 1983** – **Civil Rights Violations** (**State action** depriving Plaintiff of **constitutional rights**).

iii. **28 U.S.C. § 2201** – **Declaratory Judgment Act** (**Federal courts** can declare **Title IV-D enforcement unconstitutional**).

iv. **Troxel v. Granville, 530 U.S. 57 (2000)** – **Parental rights must be protected** from **arbitrary state interference**.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

v.   **Turner v. Rogers, 564 U.S. 431 (2011) – Due process violations** in **child support enforcement**.

vi.  **Bearden v. Georgia, 461 U.S. 660 (1983) – Financial penalties** without **due process** are unconstitutional.

## E. HARM JUSTIFYING RELIEF

i.   The **U.S. Supreme Court** has held in **Troxel v. Granville, 530 U.S. 57 (2000)**, that **parental rights are fundamental. Florida's Title IV-D system** unlawfully **conditions those rights on financial compliance**, in **direct violation** of this precedent.

ii.  Plaintiff has **suffered systematic parental alienation** due to **Title IV-D enforcement bias**.

iii. **Florida courts refuse to enforce parenting time** while **aggressively enforcing financial obligations**.

iv.  **Title IV-D creates a system where non-custodial parents must "pay to play"** for access to their children.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Table 2 – Judicial Accountability & Title IV-D Reform**

| Judicial Accountability & Reform Measure | Legal Justification | Expected Outcome |
|---|---|---|
| **Independent federal review of Florida's Title IV-D program** | Title IV-D's enforcement model financially benefits states while harming families. | Triggers a **Department of Justice (DOJ) investigation** into **unconstitutional practices**. |
| **Judicial review and removal of Judge Pollack due to bias, misconduct, and financial conflicts of interest** | Judge Pollack ignored **Plaintiff's legal compliance** while **enforcing financial penalties**. | Immediate **removal and referral** for **judicial misconduct review**. |
| **Prohibit further judicial rulings that condition parental rights on financial compliance** | Judicial bias **prioritizes financial enforcement** over **children's well-being**. | **Federal oversight** ensures **judicial neutrality** in **family court rulings**. |
| **Congressional review of Title IV-D funding misuse** | Title IV-D **incentivizes separation** of parents and children rather than **reunification**. | **Forces legislative reform** to eliminate **profit-driven child support enforcement**. |

## F. LEGAL BASIS FOR REFORM

i.   **42 U.S.C. § 654(20) – Federal Equal Enforcement Mandate** (Requires equal enforcement of child support and parenting time).

ii.  **San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1 (1973) – Wealth-based discrimination** in state enforcement is **unconstitutional**.

iii. **False Claims Act (31 U.S.C. § 3729) –** Fraudulent federal reimbursements submitted by **Florida** under **Title IV-D**.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**G. HARM JUSTIFYING RELIEF**

i.   The **federal government** must establish an **independent judicial oversight body** specifically tasked with **monitoring and reviewing** Title IV-D **enforcement rulings nationwide**. Judges who **engage in financial conflicts of interest, deny due process, or condition parental rights on financial compliance** must face **mandatory sanctions**, including **disqualification, suspension, and financial penalties**.

ii.  Judges and agencies **financially benefit from aggressive child support enforcement** but fail to enforce **parental rights**.

iii. **Title IV-D's funding model incentivizes removing non-custodial parents from children's lives**, rather than promoting **shared parental responsibility**.

**Table 3 – Federal Oversight & Congressional Reform Plan**

| Federal Oversight & Legislative Action | Legal Justification | Expected Outcome |
|---|---|---|
| **Formal DOJ Civil Rights Investigation into Title IV-D Corruption** | **The DOJ has ignored systemic discrimination against non-custodial parents.** | **Federal oversight and potential funding freeze on non-compliant state programs.** |
| **Congressional Hearing on Title IV-D Fraud & Financial Incentives** | **Title IV-D prioritizes state financial gain over parental rights.** | **Legislative reform eliminating profit incentives in child support** |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| | | enforcement. |
|---|---|---|
| **Public Exposure of Title IV-D Fraud via National Media & Advocacy Groups** | **Public awareness is crucial to pressuring policymakers for reform.** | **National demand for systemic reform and DOJ intervention.** |
| **Propose the Family Rights Protection Act** | **Florida's courts profit by separating fathers from their children.** | **Federal legislation preventing financial incentives for Title IV-D enforcement.** |

## H. LEGAL BASIS FOR FEDERAL INTERVENTION

 i.  **42 U.S.C. § 654(20)** – Requires states to enforce parenting time equally with child support obligations.

 ii.  **Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. § 1962)** – Financial fraud and extortion via Title IV-D enforcement.

 iii.  **False Claims Act (31 U.S.C. § 3729)** – Fraudulent reimbursement claims submitted by Florida under Title IV-D.

## I. HARM JUSTIFYING RELIEF

 i.  State agencies profit from **wrongful enforcement, creating systemic bias against non-custodial parents.**

 ii.  **The DOJ and federal courts** must issue an **immediate injunction freezing all Title IV-D reimbursements to** Florida until it complies with federal equal enforcement mandates. Additionally, **a retroactive audit of past reimbursements**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

should be conducted to determine whether Florida fraudulently obtained federal funds by enforcing financial obligations while refusing to enforce parental rights.

iii.    **Plaintiff has suffered irreparable financial and emotional harm** due to unconstitutional enforcement.

iv.    **Title IV-D corruption remains unchecked** without federal intervention.

## J. KEY TAKEAWAYS & FEDERAL ACTION REQUIRED

i.    **Florida's Title IV-D** system must be declared unconstitutional.

ii.    **Judicial corruption** must be addressed through federal oversight and removal of biased judges.

iii.    **Congress must reform Title IV-D** to eliminate financial incentives driving unconstitutional enforcement.

iv.    **Federal courts** must order **immediate relief, including refunds of unlawfully collected child support.**

v.    **While Florida may argue that Title IV-D** enforcement is necessary to ensure child welfare, its failure to enforce time-sharing equally **under 42 U.S.C. § 654(20) demonstrates that its enforcement scheme prioritizes financial incentives** over the child's actual well-being.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

## K. FINANCIAL RESTITUTION, DAMAGES & GOVERNMENT ACCOUNTABILITY

**Table 1 – Financial Restitution & Government Accountability**

**The Government Must Pay for Its Violations – Legally, Constitutionally, and Financially**

| Expense Category | Why the Government Must Pay | Requested Remedy |
| --- | --- | --- |
| **All Past & Future Financial Obligations** | Florida enforced financial obligations while denying shared parenting, violating federal equal enforcement laws. | Full financial restitution for lost income, child support, damages, and legal expenses. |
| **Housing & Utility Costs (Primary Residence)** | The court's refusal to enforce shared parenting forced the mother into financial strain, harming the entire household. | State-funded housing assistance, covering rent/mortgage and utilities. |
| **Medical & Therapy Costs** | The court's decisions inflicted severe emotional and psychological trauma on the children and Plaintiff. | Government-funded long-term counseling, therapy, and healthcare for children and Plaintiff. |
| **Child's Education (College & Development Costs)** | The state deprived Plaintiff of financial planning opportunities by blocking shared parenting and equal enforcement. | Full tuition, school expenses, and development programs for the children. |
| **Mental & Emotional Damages** | The prolonged alienation caused lasting psychological harm to both children and Plaintiff. | Compensatory damages for emotional distress, suffering, and mental anguish. |
| **Punitive Damages Against Title IV-D & HHS** | Financial coercion and judicial misconduct were intentional, systemic, and profit-driven. | Full restitution, federal sanctions, and legal accountability for those responsible. |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**L.  LEGAL BASIS FOR FINANCIAL RESTITUTION & GOVERNMENT LIABILITY**

    i.    **42 U.S.C. § 1983** – Civil Rights Damages for unconstitutional enforcement.

    ii.    **False Claims Act (31 U.S.C. § 3729)** – Fraudulent federal reimbursements by Florida under Title IV-D.

    iii.    **Hobbs Act (18 U.S.C. § 1951)** – Extortion Under Color of Law.

    iv.    **Bearden v. Georgia, 461 U.S. 660 (1983)** – Unconstitutional financial coercion.

    v.    **42 U.S.C. § 654(20)** – Federal Equal Enforcement Mandate (Requires states to enforce parental rights equally with financial obligations).

**M. HARM JUSTIFYING RELIEF**

    i.    Florida's actions created severe financial instability for both parents and inflicted financial hardship on children.

    ii.    The government financially profited from wrongful **Title IV-D enforcement,** making it liable under federal anti-fraud statutes.

    iii.    Failure to enforce parenting time created unnecessary financial strain, violating Plaintiff's **constitutional rights.**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**Table 2 – Maximum Compensatory, Treble & Punitive Damages**

| Type of Damages | Legal Justification | Expected Outcome |
|---|---|---|
| Full Compensatory Damages for Financial Losses | 42 U.S.C. § 1983 – Civil Rights Damages. | Reimbursement for wrongful garnishments, legal fees, lost wages, and excessive legal expenses. |
| Compensation for Emotional Distress & Parental Alienation | Bearden v. Georgia, 461 U.S. 660 (1983) – Unconstitutional financial coercion. | Monetary relief for severe emotional distress, pain, and suffering for Plaintiff and children. |
| Future Financial Damages (Litigation Costs & Lost Parental Rights) | Hobbs Act, 18 U.S.C. § 1951 – Prohibiting extortion under color of law. | Damages for ongoing financial hardship and future legal expenses caused by enforcement misconduct. |
| Treble Damages Under RICO | RICO, 18 U.S.C. § 1962(c) – Racketeering violations. | Tripling of damages due to systemic fraud and extortion under Title IV-D. |
| Expanded Compensatory & Punitive Damages (Maximum by Court) | False Claims Act, 31 U.S.C. § 3729 – Fraudulent Title IV-D federal reimbursements. | Full restitution for unlawfully collected child support plus additional punitive damages. |

**N. HARM JUSTIFYING RELIEF**

    i.    Unlawful child support enforcement caused catastrophic and irreparable harm.

    ii.    **RICO violations** allow for tripling of damages, with estimated financial harm ranging from $225,000 – $360,000+ .

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

iii.   **Plaintiff suffered irreparable emotional and severe distress** due to this financial enforcement and parental alienation.

**Table 3 – State-Funded Direct Support for Plaintiff, Mother & Children**

| Direct Government Support Required | Justification | Expected Outcome |
|---|---|---|
| **State Pays Housing & Living Expenses Until Children Turn 18** | **Florida's unconstitutional enforcement deprived Plaintiff of financial stability.** | **State covers full rent/mortgage, utilities, and household expenses.** |
| **State Pays Full College Tuition for Both Children** | **Title IV-D corruption prevented Plaintiff from planning for children's future educational needs.** | **Government-funded tuition, school supplies, and extracurricular activities.** |
| **State Pays All Medical, Therapy & Mental Health Costs** | **Children suffered emotional trauma due to wrongful alienation from their parent.** | **Lifetime medical insurance, mental health support, and therapy.** |
| **Full Restitution of All Child-Related Expenses** | **Florida financially benefited from Title IV-D enforcement while violating parental rights.** | **State covers all child-related expenses, including daycare, school costs, and developmental programs.** |

## O. LEGAL BASIS FOR STATE-FUNDED SUPPORT

i.   **Bearden v. Georgia, 461 U.S. 660 (1983)** – Financial coercion is unconstitutional.

ii.   **42 U.S.C. § 1983** – Government must compensate for constitutional rights violations.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

iii.     **RICO, 18 U.S.C. § 1962(c)** – Fraud and extortion justify tripling of damages.

**P. HARM JUSTIFYING RELIEF**

- **Children were denied access to financial planning due to the state's unconstitutional enforcement practices.**
- **Plaintiff incurred unjust financial burdens, necessitating full government-funded restitution.**
- **State intervention is required to prevent future financial hardship caused by wrongful enforcement actions.**

---

Key Takeaways & Federal Action Required

i.     Florida's unconstitutional enforcement under **Title IV-D** requires full government-funded financial restitution.

ii.     **Maximum punitive and compensatory damages** are justified based on financial coercion and fraudulent enforcement.

iii.     **RICO and False Claims Act** violations support treble damages and **federal sanctions against Title IV-D corruption.**

iv.     **DOJ and congressional** intervention are necessary to enforce accountability and eliminate future financial abuse.

**Q. PUNITIVE DAMAGES & GOVERNMENT ACCOUNTABILITY**

**Table 1 – Maximum Punitive Damages Against Defendants**

Defendants Must Be Held Fully Accountable for Systemic Fraud, Financial Coercion, and Due Process Violations

| Defendant & Misconduct | Legal Justification | Expected Outcome |
|---|---|---|

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| | | |
|---|---|---|
| **Judge Pollack (Judicial bias, financial conflicts, and systemic due process violations)** | **Smith v. Wade, 461 U.S. 30 (1983) – Punitive damages for reckless disregard of constitutional rights. Santosky v. Kramer, 455 U.S. 745 (1982) – Strict scrutiny for parental rights violations.** | **Maximum court-ordered punitive damages and permanent removal with referral for federal misconduct review.** |
| **Florida's Title IV-D Agencies (Financial coercion and unconstitutional enforcement)** | **RICO, 18 U.S.C. § 1962(c) – Racketeering violations. False Claims Act, 31 U.S.C. § 3729 – Fraudulent Title IV-D federal reimbursement claims.** | **Title IV-D agencies held financially liable for fraud and systemic misconduct. Full financial restitution for all victims.** |
| **Florida Attorney General & Family Court System (Systemic fraud and deprivation of due process)** | **42 U.S.C. § 1983 – Punitive damages for bad-faith government conduct. Hobbs Act, 18 U.S.C. § 1951 – Extortion under color of law.** | **Maximum financial penalties for enabling fraudulent child support enforcement and court-ordered systemic reforms.** |
| **HHS & Federal Title IV-D Oversight (Complicity in fraudulent enforcement)** | **RICO, 18 U.S.C. § 1962(c) – Racketeering violations. 42 U.S.C. § 1983 – Government liability for reckless enforcement.** | **Federal corrective action, funding freeze, and systemic reform. HHS held financially liable for funding unconstitutional enforcement.** |

## R. LEGAL ANALYSIS & COUNTERARGUMENTS

### i. Judicial Immunity Does Not Apply to Unlawful Conduct

**Counterargument: "Florida courts have judicial immunity from liability."**

- **Legal Analysis:** Judicial immunity does not protect a judge from liability for actions taken outside judicial capacity, including financial conflicts of interest and due process violations **(Pulliam v. Allen, 466 U.S. 522, 1984).**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**ii. Florida's Title IV-D Enforcement Violates Federal Law**

**Counterargument: "Title IV-D enforcement is a federal requirement, and Florida is merely following federal law."**

- **Legal Analysis:** 42 U.S.C. § 654(20) mandates equal enforcement of child support and parenting time. Florida violated federal law by enforcing only financial obligations while refusing to enforce parental rights.

**Table 2 – Treble Damages Under RICO & Expanded Compensatory Damages**

**Title IV-D's Fraudulent Enforcement Justifies Treble Damages Under RICO and Full Compensatory Relief**

| Type of Damages | Legal Justification | Expected Outcome |
|---|---|---|
| Treble Damages Against Title IV-D & Florida | RICO, 18 U.S.C. § 1962(c) – Racketeering violations. False Claims Act, 31 U.S.C. § 3729 – Fraudulent federal reimbursement claims. | Trebling of damages to ensure full financial restitution. |
| Expanded Compensatory & Punitive Damages | Bearden v. Georgia, 461 U.S. 660 (1983) – Unconstitutional financial coercion. 42 U.S.C. § 1983 – Government liability for civil rights violations. | Maximum punitive damages for emotional distress, financial harm, and constitutional violations. |
| Financial Restitution for Fraudulent Enforcement Actions | Hobbs Act, 18 U.S.C. § 1951 – Extortion under color of law. False Claims Act, 31 U.S.C. § 3729 – Fraudulent Title IV-D enforcement. | Full reimbursement of unlawfully collected child support payments and court-ordered refunds of wrongful garnishments. |

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES

## S. LEGAL ANALYSIS & COUNTERARGUMENTS

### i. Unconstitutional Coercion Renders Child Support Agreements Unenforceable

**Counterargument:** "The Plaintiff voluntarily agreed to child support payments."

- **Legal Analysis:** Agreements based on unconstitutional coercion are unenforceable (Bearden v. Georgia, 461 U.S. 660, 1983).

### ii. Treble Damages Are Justified Under Federal Precedent

**Counterargument:** "Punitive damages are excessive."

- **Legal Analysis:** Courts routinely impose treble damages for RICO violations and constitutional rights violations (Cooper Industries v. Leatherman Tool Group, 532 U.S. 424, 2001).

### Table 3 – Court-Ordered Injunctions & Federal Oversight Demands

**Punitive Damages Must Be Accompanied by Systemic Reform**

| Reform Required | Justification | Expected Outcome |
|---|---|---|
| **Federal Injunction Freezing Title IV-D Reimbursements** | **Title IV-D has been used to generate fraudulent federal reimbursements.** | **Immediate funding freeze until Florida complies with federal law.** |
| **DOJ Investigation & Congressional Hearing into Title IV-D Fraud** | **Government agencies have engaged in systemic violations of due process.** | **Congressional action to eliminate financial incentives in child support enforcement.** |

213

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

## T. KEY TAKEAWAYS & FEDERAL ACTION REQUIRED

**Title IV-D Fraud Justifies Maximum Punitive Damages, Federal Intervention, and Systemic Reform**

   i.   **Judicial Immunity Does Not Protect Corrupt Judges**

   I.   **Pulliam v. Allen,** 466 U.S. 522 (1984), established that judicial immunity does not shield judges from liability for injunctive relief or attorney's fees when constitutional rights are violated.

   II.  **Judge Pollack engaged in unconstitutional conduct,** including financial conflicts of interest and systemic due process violations, making him personally accountable.

   ii.  **Florida's Title IV-D System Committed Systemic Fraud**

   I.   **The False Claims Act (31 U.S.C. § 3729)** holds states accountable for knowingly submitting fraudulent reimbursement claims to the federal government.

   II.  Florida's enforcement of financial obligations while refusing to enforce parental rights violated federal equal enforcement mandates **(42 U.S.C. § 654(20)).**

   iii. **Treble Damages Are Standard Under RICO & False Claims Act**

   I.   **Courts routinely apply treble damages in cases of financial fraud and extortion** (Cooper Industries v. Leatherman Tool Group, 532 U.S. 424 (2001)).

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

**II.** Florida's wrongful enforcement under **Title IV-D is a financial racket designed to maximize revenue, justifying maximum damages under RICO (18 U.S.C. § 1962).**

iv.   **Federal Courts Have Jurisdiction Over Civil Rights Violations in Family Law Cases**

    **I.** State courts do not have the final say when civil rights are violated—federal courts can intervene under **42 U.S.C. § 1983 and Ex parte Young, 209 U.S. 123 (1908).**

    **II.** Florida's systemic Title **IV-D corruption constitutes federal fraud and constitutional rights violations,** demanding DOJ and congressional oversight.

**v. Federal Oversight & Legislative Reform Required**

    **I.** Judicial corruption must be addressed through federal oversight and the removal of biased judges.

    **II.** **Congress must reform Title IV-D** to eliminate financial incentives driving unconstitutional enforcement.

**U. FEDERAL OVERSIGHT, DOJ INVESTIGATION & SYSTEMIC REFORM**

**Table 1 – Federal Oversight & DOJ Investigation**

**DOJ & FBI Must Investigate Florida's Systemic Fraud, Unconstitutional Enforcement, and Financial Misconduct**

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Federal Action Requested | Legal Justification | Expected Outcome |
|---|---|---|
| DOJ Civil Rights Division Investigation into Florida's misuse of Title IV-D funds and systemic violations of due process and equal protection | 42 U.S.C. § 654(20) – Requires equal enforcement of financial and parental obligations. 42 U.S.C. § 1983 – Civil rights violations due to unconstitutional enforcement. | DOJ initiates a full-scale federal investigation into Florida's unlawful Title IV-D practices. Immediate federal action to halt ongoing constitutional violations. |
| Freeze Florida's Title IV-D reimbursements until compliance with federal equal enforcement mandates is enforced | False Claims Act (31 U.S.C. § 3729) – Florida fraudulently obtained federal funds. Hobbs Act (18 U.S.C. § 1951) – Extortion under color of law. | Title IV-D funding to Florida is suspended pending a forensic audit. Eliminates financial incentives for wrongful enforcement. |
| Congressional hearings on Title IV-D corruption to expose how federal incentives encourage wrongful enforcement | M.L.B. v. S.L.J., 519 U.S. 102 (1996) – Parental rights must be equally protected. 14th Amendment – Due Process & Equal Protection Violations. | Congressional review forces policy changes to eliminate Title IV-D financial abuse. Legislative reform eliminates financial incentives for wrongful enforcement. |
| HHS Inspector General Audit of Florida's Title IV-D system to identify fraudulent financial practices | False Claims Act (31 U.S.C. § 3729) – Federal audit required for fraudulent reimbursements. | Forensic audit exposes Title IV-D financial fraud and state misconduct. |
| Judicial Qualifications Commission (JQC) Review of Judge Pollack | Pulliam v. Allen, 466 U.S. 522 (1984) – Judicial immunity does not protect judges from | Judge Pollack is permanently removed from the bench and subject |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| for bias, financial misconduct, and constitutional violations | injunctive relief and civil rights violations. | to federal misconduct review. |
|---|---|---|
| Federal Lawsuit in U.S. District Court naming HHS, DOJ, Florida DOR, and Judge Pollack as Defendants | Ex parte Young, 209 U.S. 123 (1908) – Federal courts can intervene against state officials violating federal law. Turner v. Rogers, 564 U.S. 431 (2011) – Due process must be followed in child support enforcement. | Sets a national precedent for Title IV-D abuse cases. Forces federal intervention in unconstitutional child support enforcement practices. |

## V. HARM JUSTIFYING FEDERAL OVERSIGHT & DOJ ACTION

i.    Florida systematically violated federal law for financial gain, using Title IV-D as a financial weapon rather than a fair enforcement mechanism.

ii.    Judges, child support enforcement agencies, and state officials financially benefited from parental alienation and wrongful enforcement.

iii.    Title IV-D's funding incentives actively harm families, forcing adversarial legal battles rather than family reunification.

**Table 2 – Federal Injunction, Title IV-D Reform & Congressional Action**

**Systemic Reform and Federal Intervention Are Mandatory to Eliminate Financial Abuse, Corruption, and Unconstitutional Enforcement**

| Reform Required | Legal Justification | Expected Outcome |
|---|---|---|
| Permanent Federal Injunction Against Florida's Title IV-D Practices | 42 U.S.C. § 654(20) – Requires equal enforcement of parental and financial obligations. | Blocks Florida from enforcing child support unless equal parenting time is enforced. |

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES

| DOJ Civil Rights Division Investigation into Systemic Title IV-D Corruption | 42 U.S.C. § 1983 – Civil rights violations warrant DOJ oversight. | Triggers federal oversight of Florida's family courts. |
|---|---|---|
| Congressional Hearings on Financial Misuse of Title IV-D Funds | False Claims Act (31 U.S.C. § 3729) – Fraudulent federal reimbursement claims. | Forces legislative action to eliminate financial incentives in child support enforcement. |
| Judicial Review & Permanent Removal of Biased Family Court Judges | Pulliam v. Allen, 466 U.S. 522 (1984) – Judges can be sued for civil rights violations. | Ensures fair judicial rulings free from financial conflicts of interest. |
| Creation of a National Title IV-D Task Force to Oversee State Compliance with Federal Law | Ex parte Young, 209 U.S. 123 (1908) – Federal intervention is justified when states violate federal law. | Establishes permanent federal oversight to prevent future corruption. |

## W. HARM JUSTIFYING FEDERAL INJUNCTION & LEGISLATIVE REFORM

    **i.**    Florida used Title IV-D funding to maximize profit rather than enforce fair family law policies.

    **ii.**    State courts refused to enforce parental rights while aggressively enforcing financial orders.

    **iii.**    The federal government has a duty to intervene when state courts systematically violate due process and equal protection rights.

**Table 3 – National Escalation Plan: Media, Public Pressure & Federal Legal Action**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

Public Awareness and National Pressure Will Force Federal Intervention, Legislative Reform, and Systemic Accountability

| Action | Justification | Expected Outcome / Target Entity |
|---|---|---|
| Expose Title IV-D Corruption in National Media & Advocacy Networks | Public awareness increases pressure on Congress and DOJ to intervene. | Public outrage drives systemic reform and DOJ action. |
| Launch Nationwide Legal Challenge to Title IV-D Funding Model | Title IV-D creates financial incentives for wrongful enforcement, harming families. | Eliminates profit-driven enforcement practices and prevents future financial abuse. |
| Submit Federal Complaint to DOJ Civil Rights Division | DOJ must investigate Florida's misuse of Title IV-D funds and civil rights violations. | DOJ Civil Rights Division initiates formal investigation and federal oversight. |
| Demand Congressional Hearing on Title IV-D Fraud | Exposes how Title IV-D incentives financially harm families and lead to parental alienation. | Congressional Judiciary Committee schedules hearings and legislative oversight. |
| Propose the Family Rights Protection Act | Ensures financial coercion in child support enforcement ends by eliminating federal incentives. | Congressional Judiciary Committee drafts and passes legislation to protect non-custodial parents. |

## X. KEY TAKEAWAYS & FEDERAL ACTION REQUIRED

    i.   Media exposure and public pressure will drive federal intervention into Florida's Title IV-D corruption.

219

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES

ii.   Congressional action will eliminate financial incentives that fuel wrongful enforcement.

iii.  National legal challenges will set binding precedents to prevent future Title IV-D financial exploitation.

iv.   This strategy ensures lasting systemic reform, judicial accountability, and protection of parental rights.

## Y. FEDERALLY PROTECTED COURT-SUPERVISED TRUST FUND FOR CHILDREN

**Table 1 – Federally Protected Court-Supervised Trust Fund**

**Establishing a Federally Protected Trust Fund**

**Preventing Government Misuse & Ensuring Direct Child Support**

| Legal Action Required | Legal Justification | Expected Outcome |
|---|---|---|
| Create a federally protected, court-supervised trust fund for the children | 42 U.S.C. § 654(20) – Mandates equal treatment in child support enforcement. Stanley v. Illinois, 405 U.S. 645 (1972) – Protects parental rights against state interference. | Ensures all awarded damages are used exclusively for the children's well-being. Permanently blocks Florida, HHS, or Title IV-D from controlling, diverting, or profiting from the funds. |
| Mandate that all awarded funds be deposited into a legally protected | M.L.B. v. S.L.J., 519 U.S. 102 (1996) – Parental rights cannot be conditioned on financial compliance. | Prevents Florida from misusing settlement funds or enforcing future financial coercion. Ensures full transparency |

COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES

| account | | through independent oversight. |
| --- | --- | --- |
| Require an independent third party to manage the trust to prevent fraud | False Claims Act, 31 U.S.C. § 3729 – Prevents government fraud & financial misuse. | Eliminates Title IV-D's ability to exploit federal reimbursements for financial gain. Guarantees neutral administration of funds with federal oversight. |
| Legally restrict the use of trust funds to education, medical care, housing, and therapy | Federal oversight & funding accountability laws. | Ensures 100% of awarded damages are allocated exclusively for the children's needs. Protects funds from state mismanagement or diversion. |
| Prohibit Florida from using future child support enforcement as leverage | Bearden v. Georgia, 461 U.S. 660 (1983) – Financial coercion is unconstitutional. | Permanently blocks any future financial coercion, wrongful garnishments, or enforcement abuses. |
| Legally prevent Title IV-D from profiting off awarded funds | Hobbs Act, 18 U.S.C. § 1951 – Prohibits extortion under color of law. | Eliminates the state's ability to wrongfully seize, repurpose, or profit from child support payments. |

### Z. HARM JUSTIFYING RELIEF

i.   Florida & Title IV-D have a well-documented history of mismanaging child support enforcement funds for financial gain.

ii.  Government agencies have wrongfully used child support enforcement as a revenue-generating system instead of prioritizing children's well-being.

iii. Without independent oversight, the awarded funds risk being wrongfully diverted, manipulated, or misused.

221

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

iv.  A federally protected trust is the only way to ensure the children's financial security, free from state interference.

v.  Title IV-D's financial incentives have led to systemic abuse and wrongful enforcement.

vi.  Government agencies have historically prioritized revenue collection over children's actual needs.

vii.  A legally protected trust fund is necessary to ensure permanent financial security and well-being for the children.

viii.  Restitution must be completely shielded from any government access to prevent continued financial coercion and exploitation.

## AA. Final Key Takeaways & Federal Action Required

i.  **All awarded damages must be placed into a federally protected, court-supervised trust fund.**

ii.  **Florida, HHS, and Title IV-D must be legally prohibited from controlling, diverting, or profiting from the funds.**

iii.  **An independent third-party administrator must oversee the trust to ensure full transparency and accountability.**

iv.  **All restitution must be allocated solely for the children's education, healthcare, and housing—never for state or federal profit.**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

v.  Strict legal protections must be enforced to prevent future financial coercion or wrongful child support enforcement practices.

vi.  The court must mandate ongoing federal audits to guarantee compliance with all legal protections.

## AB. PSYCHOLOGICAL & EMOTIONAL DAMAGES

**Table 1 – Maximum Damages for Psychological & Emotional Harm**

Severe Psychological Harm & Government Accountability

| Category | Legal Justification | Maximum Relief Requested |
|---|---|---|
| Severe Emotional Distress & PTSD-Like Trauma | Intentional Infliction of Emotional Distress (IIED) Brady v. Maryland – Suppression of exculpatory evidence led to wrongful enforcement | Maximum amount determined by the court |
| Wrongful Parental Alienation | M.L.B. v. S.L.J., 519 U.S. 102 (1996) – Parental rights cannot be conditioned on financial compliance | Maximum amount determined by the court |
| Financial Coercion & Economic Damages | Bearden v. Georgia, 461 U.S. 660 (1983) – Government cannot impose financial penalties that cause irreparable harm | Maximum amount determined by the court |
| Therapy & Reunification Costs for Plaintiff & Children | 42 U.S.C. § 1983 – Civil Rights Violations Federal Child Welfare Protections | Maximum amount determined by the court |
| Judicial Misconduct (False Statements, Biased Rulings, Denial of Rights) | False Claims Act, 31 U.S.C. § 3729 – Holds states accountable for fraudulent financial claims | Maximum amount determined by the court |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| Title IV-D Financial Coercion | Hobbs Act, 18 U.S.C. § 1951 – Prohibits extortion under color of law | Maximum amount determined by the court |
|---|---|---|

### AC. HARM JUSTIFYING RELIEF

i.   Plaintiff, Mother, and Children have suffered severe emotional distress, PTSD-like symptoms, and economic harm due to wrongful enforcement.

ii.  Children have documented psychological trauma caused by forced parental alienation, requiring immediate medical intervention and state-funded treatment.

iii. Judicial misconduct, Title IV-D corruption, and financial coercion inflicted long-term harm, necessitating court intervention, federal oversight, and maximum restitution.

**Table 2 – State-Funded Therapy & Psychological Treatment for Plaintiff, Mother & Children**

**Court-Ordered Mental Health Recovery & Restoration of Parental Bonds**

| Legal Action Required | Legal Justification | Expected Outcome |
|---|---|---|
| State-funded reunification therapy for Plaintiff & Children | Turner v. Rogers, 564 U.S. 431 (2011) – Due process violations in family law Bearden v. Georgia – Government cannot impose financial penalties that cause irreparable harm | Therapy fully funded by the state Title IV-D permanently barred from interfering with reunification |
| Immediate restoration of unrestricted | M.L.B. v. S.L.J. – Parental rights cannot be conditioned | Daily contact reinstated to repair father-child bond |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| communication (phone, video, in-person) between Plaintiff and Children | on financial compliance | Emergency relief granted to prevent further alienation |
|---|---|---|
| Court-ordered psychological evaluations of Children to document trauma caused by wrongful parental alienation | Federal Child Welfare Laws 14th Amendment – Due Process Violations | Medical evidence establishes long-term harm caused by wrongful enforcement Federal intervention required to protect child welfare |

### AD. HARM JUSTIFYING RELIEF

i. Children have suffered extreme psychological harm, requiring long-term professional treatment at the state's expense.

ii. Plaintiff and Mother endured severe emotional distress, warranting court-ordered therapy and financial restitution.

iii. Title IV-D's unconstitutional actions have fractured the parent-child bond, necessitating federal oversight and legally mandated reunification efforts.

**Table 3 – Emotional Distress & Parental Alienation Damages**

**Maximum Compensation for Psychological Harm & Forced Separation**

| Legal Action Required | Legal Justification | Maximum Relief Requested |
|---|---|---|
| Compensation for wrongful parental alienation & emotional distress | Intentional Infliction of Emotional Distress (IIED) M.L.B. v. S.L.J. – Parental rights cannot be conditioned on financial compliance | Maximum amount determined by the court |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| Prohibit Florida from using Title IV-D enforcement as leverage to separate parents and children | 42 U.S.C. § 1983 – Civil Rights Violations Bearden v. Georgia | Ensures this unconstitutional practice never happens again Court-imposed penalties on Florida for wrongful enforcement |
|---|---|---|
| Full financial restitution for therapy, psychiatric treatment, and emotional suffering | False Claims Act, 31 U.S.C. § 3729 – Holds states accountable for fraudulent financial claims Hobbs Act, 18 U.S.C. § 1951 – Prohibits extortion under color of law | All therapy and treatment fully covered by the state No financial burden placed on Plaintiff for state-inflicted damages |

**AE. Harm Justifying Relief**

    i.   Title IV-D's wrongful enforcement inflicted severe emotional distress on Plaintiff, Mother, and Children.

    ii.   Children's long-term psychological well-being has been jeopardized, necessitating immediate court intervention.

    iii.   Florida's systemic constitutional violations require maximum financial accountability to prevent future government-inflicted harm.

**AF. FINAL KEY TAKEAWAYS & FEDERAL ACTION REQUIRED**

    i.   Immediate maximum compensation for **emotional distress and psychological trauma suffered by Plaintiff,** Mother, and Children.

    ii.   Full financial restitution for therapy, mental health treatment, and reunification therapy—funded entirely by **Florida and Title IV-D** due to wrongful enforcement.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

iii.   Court-mandated make-up parenting time and unrestricted communication between Plaintiff and Children, ensuring **full restoration of parental bonds.**

iv.   Permanent legal restrictions prohibiting **Florida and Title IV-D** from using financial enforcement as a tool of parental alienation.

v.   Federal oversight enforced to guarantee compliance, prevent future psychological coercion, and ensure full emotional recovery for Plaintiff, Mother, and Children.

## AG. CONCLUSION TO PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant all relief outlined in Sections 1 through 7, including but not limited to:

i.   Immediate **emergency injunctive relief** halting unconstitutional Title IV-D enforcement and restoring parental rights.

ii.   **Declaratory judgment** declaring Florida's Title IV-D enforcement unconstitutional.

iii.   **Full financial restitution**, including compensatory, punitive, and treble damages.

iv.   **Permanent federal oversight**, DOJ and congressional investigations, and legislative reforms.

v.   **Federal court jurisdiction secured**, ensuring that constitutional violations are remedied.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

vi.    **A federally protected trust fund** ensuring all awarded damages are exclusively allocated for the children.

vii.    **Court-mandated reunification therapy**, unrestricted parental communication, and psychological recovery for Plaintiff and Children.

The requested relief is not only legally justified but necessary to restore constitutional rights, prevent further judicial abuse, and hold **Florida and Title IV-D** agencies fully accountable for their unlawful actions. Failure to grant the requested relief will perpetuate irreparable harm, violate fundamental due process protections, and embolden ongoing systemic misconduct.

Plaintiff prays for such other and further relief as this Court deems just and proper, including all costs, fees, and any other relief within the Court's authority to remedy these constitutional violations.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

# CONCLUSION

∘ **SECTION VIII: CONCLUSION**

▪ **A. The Fight for Justice, Parental Rights, and Systemic Reform**

• **1. Overview of the Constitutional Emergency**

- For **475 days**—over **16 months**—Plaintiff has been forcibly and unjustly separated from his children despite full compliance with court orders, completion of mandated parenting programs, and exhaustive legal efforts to restore his fundamental rights. In that time:

- a. The judge has denied every attempt to restore time-sharing while relentlessly pursuing financial disclosures.

- b. Four separate adoption attempts have been made, attempting to sever Plaintiff's parental rights permanently.

- c. Process server ambushes, financial coercion, and legal intimidation tactics have been used to pressure Plaintiff into submission.

- d. Plaintiff has provided hundreds of government-backed sources, financial reports, and legal exhibits—all proving that Title IV-D is a rigged, profit-driven scheme designed to separate families.

- e. Despite absolute compliance, no assistance has been provided by the court—only continued rejection, threats, and indifference.

- The Plaintiff's children have been **weaponized by the system**—treated as financial commodities rather than human beings with an inalienable right to love, protection, and guidance from both parents.

• **2. The Fundamental Question Before This Court**

- **How many more parents must be bankrupted, alienated, and emotionally destroyed before the judicial system recognizes that Title IV-D is nothing more than government-sanctioned financial exploitation?**

▪ **B. A System Designed to Profit from Parental Separation**

• **1. Title IV-D as a Financially Motivated System**

- Since **1975**, over **$1 trillion** has flowed into the Title IV-D system—yet exactly **$0 has been allocated for enforcing time-sharing or parental rights**.

- **Title IV-D is not about child welfare—it is about state revenue.** The funding breakdown is irrefutable:

- a. Over **99% of Title IV-D funding** is used to enforce child support collection.

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- b. **Less than 1%** is used to enforce parenting time orders, despite federal law (**42 U.S.C. § 654(20)**) requiring equal treatment.

- **2. Key Legal Violations**

- a. **42 U.S.C. § 1983** – Deprivation of constitutional rights under color of law.

- b. **Fourteenth Amendment – Due Process & Equal Protection Clause Violations.**

- c. **RICO (18 U.S.C. § 1962)** – Government extortion, wire fraud, and financial coercion.

---

- **C. Judicial Collusion and Constitutional Violations**

- **1. Judicial Misconduct and Bias in Plaintiff's Case**

- a. The judge has **consistently denied all motions for time-sharing restoration** despite Plaintiff's full compliance.

- b. The court has **demanded financial disclosures before allowing Plaintiff to see his children,** in violation of **Turner v. Rogers, 564 U.S. 431 (2011)**, which prohibits wealth-based incarceration for child support non-payment.

- c. The court has used **threats of incarceration** to force compliance, a clear due process violation.

- **2. Evidence of a Broken System**

- a. **Guardian ad Litem (GAL) and psychological evaluations were weaponized against Plaintiff** to justify further alienation—only to later be denied, proving they were a tool of intimidation rather than necessity.

- b. **The mother has been manipulated by the system** and incentivized to alienate Plaintiff —just as thousands of parents are coerced into weaponizing child support for legal leverage.

- **3. Key Legal Violations**

- a. **Troxel v. Granville, 530 U.S. 57 (2000)** – Parental rights are a fundamental liberty interest.

- b. **Blessing v. Freestone, 520 U.S. 329 (1997)** – Title IV-D cannot override constitutional protections.

---

- **D. Proving Title IV-D as a Racketeering Enterprise**

- **1. Direct Evidence of Financial Corruption**

| Category | Amount ($) | Legal Relevance |
|---|---|---|
| **Total Title IV-D** | **$1+** | **Proves that child support enforcement** |

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

| • Category | • Amount ($) Trillion | • Legal Relevance |
|---|---|---|
| Collections Since 1975 | | is a major government revenue source. |
| • Title IV-D Collections in 2023 | • $32+ Billion | • Confirms that courts prioritize financial penalties over parental rights. |
| • Florida's Annual Title IV-D Reimbursement | • $800+ Million | • Judges have a financial incentive to deny time-sharing. |
| • Federal Incentives for Enforcing Parenting Time | • $0 | • No financial benefit exists for courts to uphold parental rights. |

- ### 2. RICO Predicate Acts Committed by the Defendants
- a. **Mail Fraud (18 U.S.C. § 1341)** – Fraudulent court rulings used to extract payments.
- b. **Wire Fraud (18 U.S.C. § 1343)** – False financial imputation records transmitted electronically.
- c. **Extortion (Hobbs Act, 18 U.S.C. § 1951)** – Conditioning parental rights on financial compliance.
- d. **False Claims Act (31 U.S.C. § 3729)** – Fraudulent claims submitted for Title IV-D federal reimbursements.
- e. **Deprivation of Rights Under Color of Law (42 U.S.C. § 1983)** – Systematic due process and equal protection violations.

- ### 3. Why This Matters
- a. The **financial bias embedded in Title IV-D enforcement is irrefutable**.
- b. **Judges are incentivized to enforce child support aggressively while ignoring time-sharing.**
- c. **This system is designed not to serve families but to generate profit.**

.

---

- ### E. Final Demand: Federal Intervention Is Required Immediately
- Plaintiff respectfully **demands** that this Court:
- **Halt all Title IV-D financial enforcement against Plaintiff until time-sharing is restored.**
- **Grant compensatory and punitive damages** for financial harm, emotional distress, and constitutional violations.
- **Order a federal investigation** into Florida's misuse of Title IV-D funds.

222

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

- **Issue a declaratory judgment** that Title IV-D enforcement violates constitutional rights by prioritizing financial collection over parental access.

._____

### ▪ F. The Court's Critical Role in Upholding Justice

- If this Court **fails to intervene**, it is not merely allowing injustice—it is **endorsing** a government-backed system that **systematically destroys families for profit**.

- However, if this Court **chooses to act**, it will:

- a. **Restore constitutional protections for all custodial and non-custodial parents** to prevent further financial exploitation.

- b. **Hold government officials accountable** for systemic judicial misconduct and financial coercion.

- c. **Mandate equal enforcement of parental rights and financial obligations**, as required by **42 U.S.C. § 654(20)**.

- This case is **not just about one father, the mother and the children**—it is about the fate of **millions of parents being financially and emotionally decimated** by a system that **no longer serves justice, only its own financial interests**.

DATED: March 13, 2025

**Respectfully submitted,**
SHANE BROWN

2305 W TEXAS AVE

APT 6

TAMPA, FL 33629

SB@VIZIONPROTOCOL.IO

SHANE BROWN

**Pro Se Plaintiff**

**COMPLAINT FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES**

# SWORN STATEMENT

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

**SWORN DECLARATION OF PLAINTIFF**

**STATE OF FLORIDA
COUNTY OF HILLSBOROUGH**

COMES NOW, Plaintiff, **SHANE CHRISTOPHER BROWN**, appearing pro se, and after being duly sworn, states under penalty of perjury under the laws of the United States and the State of Florida that the following is true and correct to the best of his knowledge, understanding, and belief:

# I. PURPOSE OF THIS DECLARATION

This sworn declaration is submitted in support of the Complaint and all accompanying filings in this matter, including but not limited to all factual allegations, legal claims, exhibits, evidentiary materials, and requests for relief.

Plaintiff affirms and certifies that all factual statements contained in this Complaint, as well as all referenced exhibits, evidence, and legal arguments, are presented in good faith, based on personal knowledge, documented records, official reports, and verified sources.

Plaintiff further certifies that this Complaint was drafted, structured, and prepared in full compliance with federal and state laws, procedural rules, and ethical obligations, ensuring judicial clarity and factual accuracy.

# II. ACCURACY, RESEARCH, & DUE DILIGENCE

Plaintiff affirms that all statements made herein are truthful and supported by evidence, sworn testimony, legal precedent, and statutory authority.

Plaintiff has conducted extensive legal research and factual investigations in the preparation of this Complaint, including:

☑ Review of applicable federal and state statutes, regulations, and case law related to Title IV-D enforcement, civil rights, RICO violations, and due process claims.
☑ Collection and organization of documentary evidence, court transcripts, financial records, official reports, and expert analyses supporting all factual assertions.
☑ Ensuring that all allegations meet pleading standards required under Federal Rules of Civil Procedure, particularly heightened standards for fraud (Rule 9(b)) and RICO violations.

## III. LEGAL AND FACTUAL CERTIFICATION

Plaintiff certifies that:

☑ Each factual statement contained in this Complaint is true and correct to the best of Plaintiff's knowledge.

☑ All exhibits and supporting materials referenced in this Complaint are authentic, unaltered, and accurately presented.

☑ This filing is submitted in good faith and not for the purpose of harassment, delay, or improper litigation advantage.

## IV. COMPLIANCE WITH FEDERAL LAW & COURT PROCEDURE

Plaintiff acknowledges the Court's discretion in reviewing this filing and respectfully requests that the Court consider the full scope of evidence and legal claims prior to any procedural determination regarding length or complexity.

Plaintiff affirms that this Complaint was structured, formatted, and submitted in full compliance with:

☑ Federal Rules of Civil Procedure (FRCP), including Rule 8 (General Rules of Pleading) and Rule 12(b)(6) (Preemption of Dismissal).

☑ Local Rules of the Middle District of Florida, ensuring procedural compliance for case acceptance.

☑ Applicable statutory and constitutional provisions, including 42 U.S.C. § 1983, 18 U.S.C. § 1962 (RICO), the Supremacy Clause, and the Due Process & Equal Protection Clauses.

## V. FINAL REQUEST FOR JUSTICE & FAIR CONSIDERATION

Plaintiff submits this case not merely as an individual seeking relief but as a parent, a citizen, and an advocate for constitutional justice against systemic financial and judicial misconduct.

Plaintiff respectfully requests that the Court adjudicate this matter based on its legal and constitutional merits, rather than procedural technicalities, ensuring that justice is served.

## VI. SWORN DECLARATION UNDER PENALTY OF PERJURY

I, **SHANE CHRISTOPHER BROWN**, affirm under penalty of perjury under the laws of the United States and the State of Florida that the foregoing statements are true and correct.

**Executed on this 11TH day of MARCH, 2025.**

**SHANE CHRISTOPHER BROWN**
 **Pro Se Plaintiff**

**SUBSCRIBED AND SWORN TO** before me on this 11TH day of MARCH, 2025, by **SHANE CHRISTOPHER BROWN,** who is personally known to me or has presented **A STATE DRIVER'S LICENSE** as identification.

*SHANE BROWN 3/11/25*

**Notary Public**
 My Commission Expires: *10/23/26*

```
STEVEN FURROW
Notary Public - State of Florida
Commission # HH 282858
My Comm. Expires Oct 23, 2026
Bonded through National Notary Assn.
```